UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
NATIONAL RAILROAD PASSENGER
CORPORATION,

                       Plaintiff,

        v.

ARCH SPECIALTY INSURANCE COMPANY;
ASPEN SPECIALTY INSURANCE COMPANY;
COMMONWEALTH INSURANCE COMPANY;
FEDERAL INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; LIBERTY MUTUAL FIRE
INSURANCE COMPANY; CERTAIN
UNDERWRITERS AT LLOYD'S OF LONDON and
CERTAIN LONDON MARKET COMPANIES
Subscribing to Policy Nos. 507/N1JNA08240,
507/N11NA08241, 507/N11NA08242,
507/N11NA08244, 507/N11NA08244,
507/N11NA08245 and QEP 2944; MAIDEN
SPECIALTY INSURANCE COMPANY; MAXUM
INDEMNITY COMPANY; NAVIGATORS
INSURANCE COMPANY; PARTNER
REINSURANCE EUROPE plc; RSUI INDEMNITY
COMPANY; SCOR GLOBAL P&C SE; STEADFAST
INSURANCE COMPANY; TORUS SPECIALTY
INSURANCE COMPANY; and WESTPORT
INSURANCE CORPORATION,

                       Defendants.
---------------------------------------------------------------x

14 Civ. 7510 (JSR)

PROTECTIVE ORDER

       The parties having agreed to the following terms, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby

       ORDERED that any person subject to this Order -- including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties

47179393_1

providing discovery in this action, and all other interested persons with actual or constructive notice of this Order -- shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Any person receiving Confidential Discovery Material shall use it solely for purposes of litigating this action and not for any other purposes, except as provided hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

   (a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

   (b) previously nondisclosed material relating to ownership or control of any non-public company;

   (c) previously nondisclosed business plans, product development information, marketing plans or materials within an insurers' underwriting file disclosing an insurer's process for analyzing risks;

   (d) any information of a personal or intimate nature regarding any individual;

   (e) any information that a party deems sensitive regarding national security issues or safety issues; or

   (f) any other category of information hereinafter given confidential status by the Court.

3.	Any designation, agreement or treatment of documents or materials exchanged between the parties or any of their representatives or agents regarding the National Railroad Passenger Corporation's ("Amtrak") losses and claims for insurance coverage at issue in this case shall not be binding on the parties and is superseded by this Order; provided, however, that nothing shall prevent Amtrak from designating any such previously provided document or material as "Confidential" under this Order.

4.	With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5.	If at any time prior to the trial of this action, a producing person realizes that some portion[s] of Discovery Material that that person previously produced without limitation should be designated as Confidential, he may so designate by so apprising all parties in writing, and such designated portion[s] of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

6.	No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

47179393.1

3

      (a)    the parties to this action and, as may be necessary, their auditors, regulators and/or reinsurers;

      (b)    counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

      (c)    as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      (d)    any non-party witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action;

      (e)    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action;

      (f)    stenographers engaged to transcribe depositions conducted in this action; and

      (g)    the Court and its support personnel.

7.    The parties are free to use as non-Confidential any document or material obtained outside of the discovery process in this case, regardless of whether or not a copy of that document or material also has been produced in discovery in this case and marked as Confidential Discovery Material, except that the materials identified in paragraph 3 above, if subsequently designated by a party as Confidential, shall be treated as Confidential Discovery Material under this Order.

8.    Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, stating that that person has read this Order and agrees to be bound by its terms.

4

47179393_1

Said counsel shall retain each signed Non-Disclosure Agreement, and, upon request for good cause, produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, except that non-testifying experts and other witnesses not called at trial or for deposition need not be disclosed.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal with the Clerk of the Court and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" treatment in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will convene a joint telephone call with the Court to obtain a ruling.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether or not to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in

connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. The parties' stipulation regarding Privilege Logging and Non-Waiver is set forth in Rider A hereto. Entry of this Protective Order shall constitute an order of non-waiver pursuant to Federal Rule of Evidence 502(d).

14. This Protective Order shall survive the termination of the litigation. To the extent reasonably practicable, within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential," and all copies thereof (including excerpts and summaries thereof), except as included or annexed to documents submitted to the Court in this action, shall be promptly returned to the producing person, deleted or destroyed. Reasonably practicable steps to accomplish this will not be deemed to extend to the search, destruction and/or alteration of unallocated space on computer media (recognizing that when material is "deleted" from computer media it may still be forensically recoverable until overwritten) or to the search, deletion or alteration of backup media retained by any party for disaster recovery purposes; provided, however, that counsel for the parties may retain in their own files only such pleadings, court filings, transcripts, exhibits, notes and memoranda and work product embodying Confidential Discovery Materials as is necessary to comply with their professional and ethical responsibilities. However, any such retained pleadings, court filings, transcripts, exhibits, notes and memoranda and work product retained shall remain confidential subject to the restrictions contained in this Protective Order.

15.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated:  New York, New York
        November ___, 2014

ANDERSON KILL, L.L.P.

By: /s/ Rhonda D. Orin

Rhonda D. Orin (rorin@andersonkill.com)
Daniel J. Healy (dhealy@andersonkill.com)
Marshall Gilinsky (mgilinsky@andersonkill.com)
1717 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Telephone: (202) 416-6500

Finley T. Harckham (fharckham@andersonkill.com)
1251 Avenue of the Americas
New York, NY 10020
Telephone: (212) 278-1000

*Attorneys for Plaintiff.*

ROPES & GRAY LLP

By: /s/ Catherine C. Mondell

Catherine A. Mondell
(catherine.mondell@ropesgray.com)
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

Evan P. Lestelle (evan.lestelle@ropesgray.com)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000

*Attorneys for Defendants Partner Reinsurance Europe plc, Torus Specialty Insurance Company, Westport Insurance Corporation, and Certain Underwriters at*

7

*Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. GEP 2944, 507/N11NA08242, 507/N11NA08244, and 507/N11NA08244.*

**MOUND COTTON WOLLAN & GREENGRASS**

By: /s/ Costantino P. Suriano
Costantino P. Suriano (csuriano@moundcotton.com)
Bruce R. Kaliner (bkaliner@moundcotton.com)
One New York Plaza
New York, New York 10004
Telephone: (212) 804-4200

*Attorney for Defendants Commonwealth Insurance Company, Lexington Insurance Company, Maiden Specialty Insurance Company, SCOR GLOBAL P&C SE, Steadfast Insurance Company, and International Insurance Company of Hannover SE.*

**FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC**

By /s/ Christopher S. Finazzo
Christopher S. Finazzo
(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033

*Attorney for Defendant Liberty Mutual Fire Insurance Company.*

BRUCKMAN & VICTORY, L.L.P

By: _____
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170
Tel: (212) 850-8500

*Attorney for Defendants Arch Specialty Insurance
Company, Aspen Specialty Insurance Company, Federal
Insurance Company, Certain Underwriters at Lloyd's of
London and Certain London Market Insurance
Companies subscribing to Policy Nos. 507/N11NA08240
and 507/N11NA08241, Maxum Indemnity Company,
Navigators Insurance Company, and RSUI Indemnity
Company.*

SO ORDERED:

By: _____
JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

Dated: 11/29/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
NATIONAL RAILROAD PASSENGER
CORPORATION,

                      Plaintiff,

            v.                                   14 Civ. 7510 (JSR)

ARCH SPECIALTY INSURANCE COMPANY;
ASPEN SPECIALTY INSURANCE COMPANY;    **NON-DISCLOSURE**
COMMONWEALTH INSURANCE COMPANY;    **AGREEMENT**
FEDERAL INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; LIBERTY MUTUAL FIRE
INSURANCE COMPANY; CERTAIN
UNDERWRITERS AT LLOYD'S OF LONDON and
CERTAIN LONDON MARKET COMPANIES
Subscribing to Policy Nos. 507/N11NA08240,
507/N11NA08241, 507/N11NA08242,
507/N11NA08244, 507/N11NA08244,
507/N11NA08245 and GEP 2944; MAIDEN
SPECIALTY INSURANCE COMPANY; MAXUM
INDEMNITY COMPANY; NAVIGATORS
INSURANCE COMPANY; PARTNER
REINSURANCE EUROPE plc; RSUI INDEMNITY
COMPANY; SCOR GLOBAL P&C SE; STEADFAST
INSURANCE COMPANY; TORUS SPECIALTY
INSURANCE COMPANY; and WESTPORT
INSURANCE CORPORATION,

                      Defendants.
----------------------------------------------------------------x

        I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will delete all discovery information or return it to the party or attorney from whom I received it. By acknowledging these obligations under the Protective

Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____

11

47179393_1

### RIDER A – PRIVILEGE LOGGING AND NON-WAIVER

I. <u>Privilege Logging</u>

1. The below Privilege Logging and Non-Waiver Provisions are intended to promote the "just, speedy, and inexpensive determination" of this action, pursuant to Federal Rule of Civil Procedure 1.

2. Asserting Privilege or Protection: The parties have agreed that, in this case, it will not be necessary to review or log documents prepared by or sent to or from their outside legal counsel or their in-house legal department attorneys with regard to this matter and its underlying insurance claims. The parties agree further that there is no need to provide a log or list of documents produced in redacted form, so long as the redactions are clearly marked on the documents as redactions (except that redactions of "bcc"s to legal counsel need not be marked where the documents are otherwise produced).

3. Except as provided in paragraph 2 herein, a party that fully withholds any other ESI or documents on the grounds of attorney-client privilege, work product protection, and/or any other applicable privilege or protection shall provide a listing of each document or document family in a native Excel (.xls) spreadsheet format providing the information extracted from the following objective metadata fields: document control number range, document date, author(s), recipient(s) (including all addressees, ccs, and bccs), and file type. For email chains, parties need only provide identifying information with respect to the top-most email in the chain. Parties shall also indicate for each entry on the list, the nature of the privilege and/or protection being asserted (*i.e.* attorney-client privilege or work product protection). For purposes of this paragraph, "objective metadata" does not include substantive content from, or a subjective description of, the document or ESI being withheld.

4.      Requests for Additional Information: Each side in the litigation (counting the insurers, collectively, as one side) can select up to 5% of the listings identified on the opposing sides' privilege spreadsheets and request that the withholding party provide additional information about those listings  The additional information is limited to the following: subject matter metadata field (to the extent it exists) of those documents (which shall be limited to avoid revealing any privileged information); a more detailed breakdown of the document structure covered by a group listing (whether a chain of emails, a document with attachments, or another categorization of documents covered by a single privilege log entry); the identity and affiliation of any persons sending, receiving or otherwise seeing the documents or ESI; whether a person identified in the entry is an attorney and for whom; and any other information necessary to support the withholding party's claim of privilege or other protection.

5.      Challenging Asserted Privilege or Protection Over Withheld ESI or Documents: In the event that a dispute over privilege list issues or the assertion of privilege or protection over withheld or redacted ESI or documents arises that cannot be resolved amicably by the parties meeting and conferring in good faith, any party may seek the assistance of the Court to resolve the issues.

II.     Privilege Non-Waiver Pursuant to FRE 502(d)

6.      Non-Waiver By Production: Production of all documents and ESI in this case shall be without prejudice to and shall not waive, for purposes of this case or otherwise, any attorney-client privilege or work product protection that otherwise would apply. This non-waiver provision should be interpreted to provide the broadest privilege protection allowable under Federal Rule of Evidence 502(d) and any applicable case law, subject to Paragraph 19 below. Nothing contained herein is intended to, or shall serve, to limit any party's right to

conduct a review of documents, ESI or other information, for relevance, responsiveness and/or identification of privileged documents, before production of such documents, ESI or other information to any requesting party.

7. **Time For Asserting Privilege And Protection.** A producing party may assert privilege or protection over produced documents and ESI at any time by notifying the receiving part(y)(ies) in writing of the assertion of privilege or protection, except that:

(a) Notwithstanding the protections of Paragraph 18 above, affirmative use of ESI or a document by the producing party in the case waives privilege and protection with respect to it, and of the subject matter to the extent provided by Federal Rule of Evidence 502(a); and

(b) If any recipient of the document attempts to use or does use the document in the case (*e.g.* as a deposition exhibit, exhibit to a filing, or trial exhibit) the producing party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

8. **Disputing Claims of Privilege/Protection Over Produced Documents.** Upon receipt of notice of the assertion of privilege or protection over produced documents or ESI, the receiving party shall:

(a) to whatever extent it contests the assertion of privilege or protection, promptly so notify the producing party, and segregate and refrain from using or accessing the document(s) in any way pending resolution of the dispute by the Court; and

(b) to whatever extent the receiving party does not contest the assertion of privilege or protection, promptly certify in writing to the producing party that it has returned or destroyed the applicable document(s) and/or ESI, and has made reasonably diligent

efforts to identify and destroy each copy thereof and all information derived therefrom (normally reasonable diligence will not include disaster recovery media).

15

47179393_1