UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
NATIONAL RAILROAD PASSENGER                  :
CORPORATION,                                 :
                                             :
                    Plaintiff,               :
                                             :
        v.                                   :
                                             :
ARCH SPECIALTY INSURANCE COMPANY;            :  14 Civ. 7510 (JSR)
ASPEN SPECIALTY INSURANCE COMPANY;           :
COMMONWEALTH INSURANCE COMPANY;              :
FEDERAL INSURANCE COMPANY; LEXINGTON         :
INSURANCE COMPANY; LIBERTY MUTUAL FIRE       :
INSURANCE COMPANY; CERTAIN                   :
UNDERWRITERS AT LLOYD'S OF LONDON and        :
CERTAIN LONDON MARKET COMPANIES              :
Subscribing to Policy Nos.  507/N11NA08240,  :
507/N11NA08241, 507/N11NA08242,              :
507/N11NA08244, 507/N11NA08244,              :
507/N11NA08245 and GEP 2944; MAIDEN          :
SPECIALTY INSURANCE COMPANY; MAXUM           :
INDEMNITY COMPANY; NAVIGATORS                :
INSURANCE COMPANY; PARTNER                   :
REINSURANCE EUROPE plc; RSUI INDEMNITY       :
COMPANY; SCOR GLOBAL P&C SE; STEADFAST       :
INSURANCE COMPANY; TORUS SPECIALTY           :
INSURANCE COMPANY; and WESTPORT              :
INSURANCE CORPORATION,                       :
                                             :
                    Defendants.              :
                                             :
------------------------------------------------------------------------x


**<u>DEFENDANTS-INSURERS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS
(CONSEQUENTIAL DAMAGES)</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT ............................................................................................................................ 4

I.     AMTRAK'S DEMAND FOR CONSEQUENTIAL DAMAGES SHOULD BE DISMISSED ................................................................................................................. 4

    A.     Motion to Dismiss Standard ............................................................................. 4

    B.     Amtrak Has Not Alleged Facts to Support Its Demand for Consequential Damages ........................................................................................................... 5

    C.     The Time Is Ripe to Address Amtrak's Deficient Allegations ....................... 8

II.     AT A MINIMUM, THE COURT SHOULD REQUIRE AMTRAK TO PLEAD A MORE DEFINITE STATEMENT IN SUPPORT OF ITS DEMAND FOR CONSEQUENTIAL DAMAGES ............................................................................... 9

CONCLUSION ....................................................................................................................... 10

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*433 Main St. Realty, LLC v. Darwin Nat. Ins. Co.*,
    No. 14-CV-587 (NGG), 2014 WL 1622103, at *2 (E.D.N.Y. Apr. 17, 2014) ......................... 5

*Ashcroft v. Iqbal*,
    556 U.S. 662, 678 (2009) ................................................................................................ 3, 4, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 558 (2007) ........................................................................................................ 4

*Bi-Economy Market v. Harleysville Ins. Co.*,
    10 N.Y.3d 187, 191, 193-94 (2008) ............................................................................ 2, 5, 6, 9

*Continental Info. Sys. Corp. v. Federal Ins. Co.*,
    No. 02-CV-4168 (NRB), 2003 WL 145561, at *3 (S.D.N.Y. Jan. 17, 2003) ........................... 5

*Cooney v. Rossiter*,
    583 F.3d 967, 971 (7th Cir. 2009) .......................................................................................... 8

*Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*,
    No. 05-CV-183 (WHP), 2005 WL 1676704, at *3 (S.D.N.Y. July 19, 2005) ......................... 5

*Forrest v. Unifund Fin. Grp, Inc.*,
    No. 04 Civ. 5151 (LTS), 2005 WL 1087490, at *5-6 (S.D.N.Y. May 6, 2005) ....................... 4

*Goldmark, Inc. v. Catlin Syndicate Ltd.*,
    No. 09-cv-3876 (RRM), 2011 WL 743568, at *3 (E.D.N.Y. 2011) ................................. 6, 8, 9

*Harris v. Mills*,
    572 F.3d 66, 72 (2d Cir. 2009) ................................................................................................ 4

*Interpham, Inc. v. Wells Fargo Bank, Nat'l Assoc.*,
    655 F.3d 136, 141-42 (2d Cir. 2011) ...................................................................................... 4

*Lazard Freres & Co. v. Protective Life Ins. Co.*,
    108 F.3d 1531, 1539 (2d Cir. 1997) ........................................................................................ 2

*Mastafa v. Chevron Corp.*,
    No. 10-5258-cv, -- F.3d --, 2014 WL 5368853, at *4 (2d Cir. Oct. 23, 2014) ......................... 4

*Orient Overseas Assocs. v. XL Ins. Am., Inc.*,
    2014 N.Y. Slip. Op. 30488(U), 2014 WL 840416, at *4
    (Sup. Ct., N.Y. Cty., Feb. 26, 2014) ........................................................................................ 6

*Panasia Estates, Inc. v. Hudson Ins. Co.*,
    10 N.Y.3d 200, 203 (2008) ................................................................................................5, 6

*Sikarevich Family, L.P. v. Nationwide Mut. Ins. Co.*,
    -- F. Supp. 2d --, No. 13-cv-05564 (NG), 2014 WL 3127729, at *3
    (E.D.N.Y. Jul. 3, 2014) ........................................................................................................5

*Simon v. Unum Grp*,
    No. 07 Civ. 11426 (SAS), 2009 WL 2596618, at *8 (S.D.N.Y. Aug. 21, 2009) .................6, 8

*Swierkiewicz v. Sorema*,
    534 U.S. 506, 514 (2002) ......................................................................................................9

**RULES**

Fed. R. Civ. Pr. 12(b)(6) ...............................................................................................1, 3, 4, 7, 10

Fed. R. Civ. Pr. 12(e) ..........................................................................................................1, 3, 9, 10

Defendants-Insurers (the "Insurers") respectfully submit this memorandum of law in support of their motion to dismiss the Complaint of Plaintiff National Railroad Passenger Corporation ("Amtrak") insofar as it seeks consequential damages and attorneys' fees and costs, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; or, in the alternative, for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.[1]

## PRELIMINARY STATEMENT

As relevant here, this case involves claims by Amtrak for declaratory judgment and breach of contract in connection with its insurance claim to first-party property insurance policies for losses sustained by Amtrak during "Superstorm Sandy." Although insurers have paid Amtrak tens of millions of dollars in covered losses for property damage and business interruption sustained during the storm, the parties dispute the application of the insurance contracts to the remainder of Amtrak's insurance claim, including Amtrak's assertion in materials provided the day *after* it filed suit that its claim should be treated as three separate loss occurrences totaling more than one billion dollars, and showing that the majority of the amounts claimed (more than $900 million) are for a complete replacement (and upgrade) of the track, ballast and concrete "bench wall" or "bench duct" through the full length of certain tunnel

---

[1] The Defendants-Insurers that are joining this motion are Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Commonwealth Insurance Company, Federal Insurance Company, Lexington Insurance Company, Liberty Mutual Fire Insurance Company, Certain Underwriters at Lloyd's of London, and Certain London Market Companies Subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241, 507/N11NA08242, 507/N11NA08244, 507/N11NA08244, 507/N11NA08245 and GEP 2944, Maiden Specialty Insurance Company, Maxum Indemnity Company, Navigators Insurance Company, Partner Reinsurance Europe plc ("Partner Re"), RSUI Indemnity Company, Steadfast Insurance Company, Torus Specialty Company, and Westport Insurance Corporation. Defendant Partner Re not only joins this motion, but is also separately moving to dismiss all claims against it under Rules 12(b)(7) and 19 on the basis that Amtrak is not a party to the contract of reinsurance issued by Partner Re.

tubes.[2]  Amtrak alleges that non-payment of the disputed components is a breach of contract by the Insurers, and seeks from the Insurers payment of the full disputed amount.

In addition to seeking payment of the full amount of the disputed insurance claim components, Amtrak asserts that it is entitled to damages for unspecified "consequential" losses flowing from the non-payment.  In order to prevail on a claim for consequential damages for wrongful denial of an insurance claim under New York law,[3] an insured must prove that such damages were (i) "foreseeable and probable" at the time of contracting, (ii) "quantifiable," and (iii) "proximately caused by the breach."  *Bi-Economy Market v. Harleysville Ins. Co.,* 10 N.Y.3d 187, 193-94 (2008); *infra*, pp. 5-6.  In addition, courts in this Circuit have interpreted New York law as requiring that a plaintiff allege "bad faith" on the part of the Insurers to state a claim for consequential damages for denial of insurance coverage.  *Infra*, p. 6.  Under these standards, Amtrak has not pleaded sufficient facts to state a plausible demand for consequential damages.

Amtrak's allegations regarding its demand for consequential damages appear in only its Prayer for Relief and in three other paragraphs of its Complaint.  Each of those paragraphs

---

[2] Insurers have addressed with Amtrak the reasons why those amounts are not covered under the policies, including the lack of evidence that water from Sandy caused any damage to the tunnel track, ballast or bench duct; a $125 million insurance-program-wide sublimit for flood damage in all of the policies; an exclusion for flood damage in certain of the excess policies; and an exclusion in all of the policies for ordinary wear and tear, or gradual deterioration.

[3] It is plain that New York law applies here because Amtrak chose to file suit in New York; Amtrak operates out of Penn Station in New York City; the headquarters of its broker, Marsh, who negotiated and placed Amtrak's insurance program, are in New York; and New York is where the majority of the damaged property, including tunnels, comprising the disputed claim components are located.  *E.g.*, Compl. ¶¶ 3, 4, 5 and 41 ("a substantial part of the events or omissions giving rise to the claims herein asserted occurred in this District, a substantial part of property that is the subject of the action is situated in this District").  *Lazard Freres & Co. v. Protective Life Ins. Co.*, 108 F.3d 1531, 1539 (2d Cir. 1997) ("New York courts now apply a 'center of gravity' or 'grouping of contracts' approach," in which Courts consider, among other factors, "the place of contracting, the places of negotiation and performance, the location of the subject matter, and the domicile or place of business of the contracting parties.").

merely repeats, in conclusory fashion, that Amtrak has suffered unspecified "consequential loss" and that the Insurers are liable for such loss. Compl. ¶¶ 66, 86, 126, and 127(f). Amtrak: (i) has not described the consequential loss that it has allegedly suffered with *any* detail or specificity; (ii) has not pleaded sufficient factual allegations showing that its consequential damages were "foreseeable and probable," "quantifiable," and "proximately caused" by the Insurers' alleged breach of the insurance policies; and (iii) has not pleaded bad faith on the part of the Insurers. Amtrak's bare conclusory allegations regarding its consequential losses are insufficient to satisfy the pleading standards that a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" and that "mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). Amtrak's demand for consequential damages should therefore be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

In the alternative, at a minimum, Amtrak should be required to amend its Complaint and provide a more definite statement in support of its demand for consequential damages, pursuant to Rule 12(e). In short, the Insurers should be apprised of what specific claims they are defending against, and Amtrak should be required to reveal whether it in fact has any plausible claim against the Insurers for consequential damages based on factual allegations that detail with specificity the purported acts of the Insurers, the resulting actual consequential losses it has suffered, and why it believes it is entitled to recovery of such damages.

**ARGUMENT**

I.  **AMTRAK'S DEMAND FOR CONSEQUENTIAL DAMAGES SHOULD BE DISMISSED**

   A.  **Motion to Dismiss Standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Mastafa v. Chevron Corp.*, No. 10-5258-cv, -- F.3d --, 2014 WL 5368853, at *4 (2d Cir. Oct. 23, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The complaint must "contain enough factual content to allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Interpham, Inc. v. Wells Fargo Bank, Nat'l Assoc.*, 655 F.3d 136, 141-42 (2d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678 and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) (internal quotation marks omitted).[4]

"[A]lthough a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Mastafa*, 2014 WL 5368853, at *4 (quoting *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009)). "Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Harris*, 572 F.3d at 72).

Moreover, pleading deficiencies are to "be exposed at the point of minimum expenditure of time and money by the parties and the court," *Twombly*, 550 U.S. at 558 (citation and internal quotation marks omitted).

---

[4] A demand for damages and attorney's fees may be dismissed on a motion to dismiss under Rule 12(b)(6). *See, e.g., Forrest v. Unifund Fin. Grp., Inc.*, No. 04 Civ. 5151 (LTS), 2005 WL 1087490, at *5-6 (S.D.N.Y. May 6, 2005) (dismissing demands for punitive damages, special damages, and attorney's fees for failure to state a cause of action).

4

## B. Amtrak Has Not Alleged Facts to Support Its Demand for Consequential Damages

In its Complaint, Amtrak has not alleged that it is entitled to recovery on a tort theory of a bad faith denial of insurance coverage – appropriately so, as New York law does not recognize such a claim (whether pled under a tort or contract theory). *E.g.*, *Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, No. 05-CV-183 (WHP), 2005 WL 1676704, at *3 (S.D.N.Y. July 19, 2005) (holding that "New York does not recognize the tort of bad faith denial of insurance coverage" and rejecting various attempts to end-run that restriction) (citing *Continental Info. Sys. Corp. v. Federal Ins. Co.*, No. 02-CV-4168 (NRB), 2003 WL 145561, at *3 (S.D.N.Y. Jan. 17, 2003)).[5]

Instead, in what appears to be the type of effort to end-run that restriction that New York courts regularly reject, Amtrak alleges unspecified "consequential" losses. As discussed in more detail below, Amtrak has failed to plead *any* factual allegations supporting such a demand, and its demand for consequential damages should therefore be dismissed.

In the companion cases of *Bi-Economy Market v. Harleysville Ins. Co.,* 10 N.Y.3d 187 (2008) and *Panasia Estates, Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200 (2008), the New York Court of Appeals held that under New York law, an insurance policyholder may recover consequential damages from an insurer in connection with a breach of contract claim, but only in certain limited circumstances. The Court of Appeals stated that such damages would only be available

---

[5] *See also 433 Main St. Realty, LLC v. Darwin Nat. Ins. Co.*, No. 14-CV-587 (NGG), 2014 WL 1622103, at *2 (E.D.N.Y. Apr. 17, 2014) ("New York law ... does not recognize a separate cause of action for breach of implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled ... Plaintiffs' Complaint alleges no more than a dispute over a breach of contract.") (internal quotations and citations omitted); *Sikarevich Family, L.P. v. Nationwide Mut. Ins. Co.*, -- F. Supp. 2d --, No. 13-cv-05564 (NG), 2014 WL 3127729, at *3 (E.D.N.Y. Jul. 3, 2014) (holding that plaintiff's allegations of "delay and lack of investigation address the same ultimate grievance of failure to comply with the agreement") (citations omitted).

where they were "foreseeable and probable" at the time the contract was entered into, "quantifiable," and "proximately caused by the breach."  *Bi-Economy*, 10 N.Y.3d at 193.  Moreover, "proof of consequential damages cannot be speculative or conjectural."  *Id.*; *see also Orient Overseas Assocs. v. XL Ins. Am., Inc.*, 2014 N.Y. Slip. Op. 30488(U), 2014 WL 840416, at *4 (Sup. Ct., N.Y. Cty., Feb. 26, 2014) (Schweitzer, J.) (dismissing claim for consequential damages that were "not quantified nor identified").

Additionally, *Panasia Estates* and *Bi-Economy* involved allegations that the insurers acted in bad faith in the handling of the claims process – unlike here, where Amtrak has not alleged bad faith on the part of the Insurers in this commercial breach of contract case.  10 N.Y.3d at 203; 10 N.Y.3d at 191.  "Cases have virtually uniformly held that, after *Panasia Estates* and *Bi-Economy*, a plaintiff simply 'cannot sustain a claim for consequential damages without showing that defendants lacked good faith in processing [plaintiff's] claim.'"  *Goldmark, Inc. v. Catlin Syndicate Ltd.*, No. 09-cv-3876, 2011 WL 743568, at *3 (E.D.N.Y. 2011) (Mauskopf, J.) (quoting *Simon v. Unum Grp*, No. 07 Civ. 11426, 2009 WL 2596618, at *8 (S.D.N.Y. Aug. 21, 2009) (Scheindlin, J.)).

Here, Amtrak's demand for consequential damages, referenced in passing in its Complaint, is not supported by any factual allegations showing that its unidentified consequential losses – whatever they might be – were foreseeable, probable, quantifiable, or proximately caused by the Insurers' alleged breach.  Instead, the few paragraphs of the Complaint mentioning Amtrak's alleged consequential losses merely repeat, in conclusory fashion, that Amtrak has "suffered, is continuing to suffer and/or expects to suffer a variety of consequential, ensuing and other losses."  Compl. ¶ 86; *see also id.* ¶ 66 (alleging, in conclusory fashion, that the policies obligate the Insurers to provide coverage for various items of

"consequential loss" and that "Amtrak has suffered some or all of these losses on or after the storm" and "expects to continue to suffer some or all of these losses in the future."); ¶ 126 (alleging, in conclusory fashion, that "Amtrak is suffering consequential damages" due to the Insurers' failure to pay Amtrak's claims for coverage and Insurers' requests for information regarding Amtrak's claim); ¶ 127 (recitation in Prayer for Relief).  Such allegations are insufficient to state a claim for relief and should be dismissed pursuant to Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678 ("[C]omplaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and "mere conclusory statements, do not suffice.").[6]

Nor has Amtrak alleged bad faith by the Insurers in denying its insurance claims.  As a review of Amtrak's Complaint makes plain, the alleged wrong-doing is the non-payment of the disputed amounts.  *E.g.*, Compl. ¶ 126. ("failure to make partial/interim payments, failure to process and pay Amtrak's submissions in a timely fashion, improper treatment of Amtrak's claims for coverage . . . .")   That is not "bad faith" – that is a contract dispute. Amtrak's only allegation beyond this is that Insurers imposed "unwarranted and unduly burdensome requests for information" in connection with Amtrak's $1.1 billion claim.  *Id.* ¶ 126.  Amtrak, however, fails to allege what those requests were, nor does it allege facts showing that the requests were unjustified or had a negative impact on Amtrak.  Because New York law, as applied by courts in this Circuit, requires a policyholder to demonstrate bad faith to recover on a consequential damages theory, Amtrak's failure to allege facts that would (if proved) make a showing of bad

---

[6] As noted above, one of the Defendants joining this motion – Partner Re – did not insure Amtrak.  Instead, it is a reinsurer of Passenger Railroad Insurance Limited ("PRIL"), a captive insurance company owned by Amtrak, and Amtrak is not in contractual privity with it.  Accordingly, any demand by Amtrak of "consequential" damages against Partner Re faces additional hurdles that Amtrak's deficient pleading has not begun to address.

7

faith is an independent ground upon which its demand for consequential damages must be dismissed. *See, e.g., Goldmark, Inc.*, 2011 WL 743568, at *3; *Simon*, 2009 WL 2596618, at 8.[7]

### C.   The Time is Ripe to Address Amtrak's Deficient Allegations

Based solely on its vague assertion of "consequential" damages, Amtrak has propounded discovery requests on Defendants that seek documents and information regarding a wide range of topics, including "[a]ll claims that have been asserted against [the Insurers] since 2008 for consequential damages" (not limited to claims by Amtrak, but by *any* holder of a policy issued by the Insurers), "[a]ll documents identifying and/or concerning any damages that are and/or were foreseeable consequences of your failure to cover and/or delay in covering Amtrak's alleged losses, damages or claims," "[a]ll claims manuals applicable any time after January 2011," and "[d]ocumentation of claims concerning damage or loss that stems from events at or around the time of Superstorm Sandy that involve any dispute over sublimits for flood, sublimits for storm surge, sublimits for named storm, or the number of occurrences." *See, e.g.*, Amtrak's Requests for Production Nos. 13, 14, 26, and 28.  Amtrak's failure to plead its own alleged consequential damages with any specificity suggests that its discovery requests on these topics are for the improper purposes of imposing undue burden on the Insurers, putting this case in the category of litigation where there would be a "burden of discovery imposed on a defendant by implausible allegations perhaps intended merely to extort a settlement that would spare the defendant that burden." *Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009).  Amtrak should not be allowed to pursue discovery on topics that it has not supported with well-pled allegations stating a plausible basis for relief.

---

[7] Amtrak also adds a request in the last clause of its Prayer for Relief, for unspecified "attorneys' fees and costs," a request that is not mentioned anywhere else in the Complaint.  Amtrak does not say whether it is seeking these under a theory that they are "consequential" damages or some other theory.  Either way, Amtrak has failed to meet minimum pleading standards regarding this request for relief, which should therefore be dismissed.

8

## II. AT A MINIMUM, THE COURT SHOULD REQUIRE AMTRAK TO PLEAD A MORE DEFINITE STATEMENT IN SUPPORT OF ITS DEMAND FOR CONSEQUENTIAL DAMAGES

Under Rule 12(e), "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." As the Supreme Court explained in *Swierkiewicz v. Sorema*, 534 U.S. 506, 514 (2002), a motion under Rule 12(e) is supported where "a pleading fails to specify the allegations in a manner that provides sufficient notice."

Here, for the reasons discussed above, Amtrak has failed to provide sufficient notice to the Insurers of its demand for consequential damages by failing to plead it with any specificity. Accordingly, if the Court determines that dismissal is not warranted, it should, at a minimum, require that Amtrak amend its Complaint to plead a more definite statement in support of its demand for consequential damages – to the extent Amtrak maintains that it has a good faith basis to do so. If the demand for consequential damages is to survive, the amended pleading should contain sufficient factual allegations supporting it, including factual allegations setting forth the purported acts of the Insurers and the resulting consequential damages sustained, and addressing the requirements under New York law that such damages be "foreseeable" and "probable" at the time the parties entered into the insurance policies, "quantifiable," and "proximately caused by the breach," *Bi-Economy Market v. Harleysville Ins. Co.,* 10 N.Y.3d 187, 193-94 (2008). Further, Amtrak must plead its theory that Insurers acted in "bad faith" in denying coverage. *See, e.g.*, *Goldmark, Inc.*, 2011 WL 743568, at *3.

If Amtrak is unable to allege factual support for its consequential damages demand following an opportunity to amend its pleading, that demand must be dismissed, with prejudice.

9

**CONCLUSION**

For the reasons set forth above, the Insurers respectfully request that the Court dismiss Amtrak's demand for "consequential" damages and for attorneys' fees and costs pursuant to Rule 12(b)(6), or, strictly in the alternative, require a more definite statement in support of Amtrak's demand pursuant to Rule 12(e).

Dated: New York, New York
       December 5, 2014

ROPES & GRAY LLP

By:   /s/ Catherine A. Mondell
Catherine A. Mondell
(catherine.mondell@ropesgray.com)
800 Boylston Street
Boston, MA  02199
Telephone: (617) 951-7000

Evan P. Lestelle
(evan.lestelle@ropesgray.com)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000

*Attorneys for Defendants Partner Reinsurance Europe plc, Torus Specialty Insurance Company, Westport Insurance Corporation, and Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. GEP 2944, 507/N11NA08242, 507/N11NA08244, and 507/N11NA08244.*

All other signatories listed, and on whose behalf this filing is submitted, consent to its filing.

MOUND COTTON WOLLAN & GREENGRASS

By:   /s/ Costantino P. Suriano
Costantino P. Suriano
(csuriano@moundcotton.com)
Bruce R. Kaliner
(bkaliner@moundcotton.com)
One New York Plaza

10

New York, New York 10004
Telephone: (212) 804-4200

*Attorneys for Defendants Commonwealth Insurance Company, Lexington Insurance Company, Maiden Specialty Insurance Company, SCOR GLOBAL P&C SE, Steadfast Insurance Company, and International Insurance Company of Hannover SE.*

BRUCKMANN & VICTORY, L.L.P

By: /s/ Arjang Victory
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170
Tel: (212) 850-8500

*Attorneys for Defendants Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Federal Insurance Company, Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/Nl1NA08240 and 507/N11NA08241, Maxum Indemnity Company, Navigators Insurance Company, and RSUI Indemnity Company.*

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC

By: /s/ Christopher S. Finazzo
Christopher S. Finazzo
(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033

*Attorneys for Defendant Liberty Mutual Fire Insurance Company.*