**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------------x
NATIONAL RAILROAD PASSENGER            :
CORPORATION,                                        :
                                              :
                         Plaintiff,            :
                v.                            :
                                              :
ARCH SPECIALTY INSURANCE COMPANY;   :
ASPEN SPECIALTY INSURANCE COMPANY;   :   14 Civ. 7510 (JSR)
COMMONWEALTH INSURANCE COMPANY;     :
FEDERAL INSURANCE COMPANY; LEXINGTON   :
INSURANCE COMPANY; LIBERTY MUTUAL FIRE   :
INSURANCE COMPANY; CERTAIN               :
UNDERWRITERS AT LLOYD'S OF LONDON and   :
CERTAIN LONDON MARKET COMPANIES      :
Subscribing to Policy Nos. 507/N11NA08240,    :
507/N11NA08241, 507/N11NA08242,          :
507/N11NA08244, 507/N11NA08244,          :
507/N11NA08245 and GEP 2944; MAIDEN      :
SPECIALTY INSURANCE COMPANY; MAXUM    :
INDEMNITY COMPANY; NAVIGATORS         :
INSURANCE COMPANY; PARTNER            :
REINSURANCE EUROPE plc; RSUI INDEMNITY   :
COMPANY; STEADFAST INSURANCE COMPANY;   :
TORUS SPECIALTY INSURANCE COMPANY; and   :
WESTPORT INSURANCE CORPORATION,       :
                                              :
                         Defendants.       :
                                              :
                                              :
-------------------------------------------------------------------------x


**<u>DEFENDANT PARTNER RE'S MEMORANDUM OF LAW IN SUPPORT OF ITS</u>**
**<u>MOTION FOR JOINDER AND/OR TO DISMISS PURSUANT TO</u>**
**<u>FED. R. CIV. P. 12(B)(7) & 19</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ...................................................................................................1

PARTNER RE'S CONTRACT OF FACULTATIVE REINSURANCE ....................................3

ARGUMENT.................................................................................................................................5

I.     PRIL IS A NECESSARY PARTY TO CLAIMS AGAINST PARTNER RE ...................5

II.    RULE 19 REQUIRES JOINDER OF PRIL, OR, IF JOINDER IS NOT FEASIBLE,
       DISMISSAL OF THE CLAIMS AGAINST PARTNER RE.............................................7

       A.    PRIL is Indispensable to the Claims as Pled ...............................................................7

       B.    Partner Re is Entitled to Relief ....................................................................................8

CONCLUSION..............................................................................................................................9

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Chase Manhattan Bank, N.A. v. Celotex Corp.*,
    56 F.3d 343, 345-45 (2d Cir. 1995) ...................................................................................6

*China Union Lines, Ltd. v. Am. Marine Underwriters, Inc.*,
    755 F.2d 26, 30 (2d Cir. 1985) ...........................................................................................6

*Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC*,
    742 F. Supp. 2d 446, 455-56 (S.D.N.Y. 2010) ................................................................5

*Jota v. Texaco Inc.*,
    157 F.3d 153, 162 (2d Cir. 1998) .......................................................................................9

*Jurupa Valley Spectrum, LLC v. National Indem. Co.*,
    555 F.3d 87, 89 (2d Cir. 2009) .......................................................................................1, 6

*London Assurance Corp. v. Thompson*,
    170 N.Y. 94, 99 (N.Y. 1902) ...........................................................................................2, 7

*Polargrid LLC v. Videsh Sanchar Nigam Ltd.*,
    No. 04 CV 9578 (TPG), 2006 U.S. Dist. LEXIS 54434 at *28 (S.D.N.Y. Aug. 7,
    2006) ....................................................................................................................................6

*Rahman v. Shiv Darshan, Inc.*,
    No. 12 Civ. 3457 (ILG)(CLP), 2013 WL 654189 at *5 (E.D.N.Y. Feb. 22, 2013)..................4

*Ware v. City of Buffalo*,
    No. 98 Civ. 0147(CM), 2001 WL 1806851 at *4 (W.D.N.Y. June 26, 2001) .........................8

OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(7)......................................................................................................1, 8, 9

Fed. R. Civ. P. 19............................................................................................................ passim

Steven Plitt, et al., Couch on Insurance 3d, § 39:2 (2014) .........................................................2

"Captive Insurance Companies," National Association of Insurance Commissioners,
    http://www.naic.org/cipr_topics/topic_captives.htm ..............................................................2

"Consolidated Financial Statements, National Railroad Passenger Corporation and
    Subsidiaries (Amtra), Years Ended Sept. 30, 2012 and 2011," Ernst & Young LLP,
    *available at* http://www.amtrak.com/ccurl/137/692/Audited-Consolidated-Financial-
    Statements-2012.pdf ............................................................................................................1

## PRELIMINARY STATEMENT

Defendant Partner Reinsurance Europe plc ("Partner Re") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 19 for joinder of Passenger Railroad Insurance, Limited ("PRIL") to the instant action as a necessary party to any claims against Partner Re, on the basis that Partner Re did not insure Plaintiff National Railroad Passenger Corporation ("Amtrak"), but instead reinsured PRIL.   Under New York law, an insured (such as Amtrak) does not have a direct right of action against a reinsurer (such as Partner Re) unless the contract of reinsurance contains a so-called "cut-through" provision that, "apparent on its face," grants policyholders a direct right of action against the reinsurer.  *Jurupa Valley Spectrum, LLC v. National Indem. Co.*, 555 F.3d 87, 89 (2d Cir. 2009).  The contract of reinsurance here contains no such provision.  If joinder of PRIL is not feasible, Partner Re respectfully moves the Court pursuant to Fed. R. Civ. P. 12(b)(7) and 19 to order Amtrak to re-plead to dismiss any claims against reinsurer Partner Re, obviating the need to join non-party PRIL.

Amtrak's Amended Complaint names as defendants more than a dozen insurers who underwrote property insurance policies for Amtrak, making claims against those insurers for breach of contract and declaratory judgment in connection with Amtrak's "Superstorm Sandy" insurance claim.   Unlike other insurer-defendants, defendant Partner Re did not underwrite insurance for Amtrak, but instead entered into a contract of reinsurance with PRIL, a so-called captive insurance company owned by Amtrak.[1]

---

[1] *See, e.g.*, "Consolidated Financial Statements, National Railroad Passenger Corporation and Subsidiaries (Amtrak), Years Ended Sept. 30, 2012 and 2011," Ernst & Young LLP, *available at* http://www.amtrak.com/ccurl/137/692/Audited-Consolidated-Financial-Statements-2012.pdf (referring to PRIL as a "wholly owned subsidiary" incorporated "to provide excess liability and property insurance coverage to Amtrak").

Amtrak uses PRIL, its captive insurance company, to structure an insurance program that

meets Amtrak's risk management needs.[2]   During the 2011-12 policy period at issue, Amtrak

insured a portion of its risk with PRIL, and PRIL issued a contract of insurance to Amtrak.  In

turn, PRIL entered into a separate contract of facultative reinsurance with Partner Re.[3]   There is

no "cut-through" provision in the contract of facultative reinsurance that would provide for

Amtrak to maintain a direct right of action against Partner Re.  Though Amtrak (i) availed itself

of PRIL in placing its property insurance program, (ii) caused PRIL to enter into a separate

contract of facultative reinsurance with Partner Re, and (iii) did not request or require a cut-

through provision in the contract of facultative reinsurance to provide for Amtrak to maintain a

direct right of action against Partner Re, Amtrak now asks this Court and the parties to this suit

to proceed as if PRIL does not exist, making no mention whatsoever of PRIL (or PRIL's

contracts) in the pleadings.  That is not a tenable position for Partner Re, whose contractual

obligations are to PRIL, not Amtrak.

Partner Re sought to address this issue with Amtrak without resort to motion practice in

the context of Amtrak's Original Complaint (Declaration of Catherine Mondell, Ex. 1 (Orig.

Compl., ECF No. 1)), by proposing that Amtrak join PRIL to the instant action as a plaintiff or,

in the alternative, dismiss its claims against Partner Re subject to a tolling agreement, as Amtrak

---

[2] Captive insurance companies can, among other things, offer elements of coverage such as TRIEA (terrorism risk insurance) that cannot be offered by certain commercial insurers or cannot be offered by those insurers at competitive rates.  *See generally* Steven Plitt, *et al.*, Couch on Insurance 3d, § 39:2 (2014) (captive insurer can "insure risks that are otherwise difficult to insure on the traditional insurance market").  *See also* "Captive Insurance Companies," National Association of Insurance Commissioners, http://www.naic.org/cipr_topics/topic_captives.htm (captives are "typically established to meet the risk-management needs of the owners . . .").

[3] "While a contract of reinsurance implies the same subject matter of insurance as the original policy, and runs against perils of the same kind, it need not be for the identical hazard insured against in the first policy . . . ." *London Assurance Corp. v. Thompson*, 170 N.Y. 94, 99 (N.Y. 1902).

has done with other insurers who cannot be properly named in this suit.  *See* Mondell Decl., Ex. 3 at ¶ 58 (Am. Compl., ECF No. 65) (noting certain of Amtrak's policies are "not at issue in this Action because they are subject to arbitration").  Amtrak declined both options and, instead, filed an Amended Complaint in which it did nothing to address the defect in its pleading. Accordingly, Partner Re brings this motion.[4]

## PARTNER RE'S CONTRACT OF FACULTATIVE REINSURANCE

Amtrak's claims against all insurer-defendants other than Partner Re are based on contracts of insurance between Amtrak and each of those other insurers.  Mondell Decl., Ex. 3 at ¶¶ 41-50, 52-55 (alleging each other insurer "sold an insurance policy to Amtrak").  In contrast, Amtrak alleges as follows as respects Partner Re:

> Partner Re sold an insurance policy, policy number NRPC-N11NA08246 (the "Partner Re Policy"), with a policy period of December 1, 2011 to December 1, 2012, to protect against all risk of physical loss or damage to Amtrak's interest in all real and personal property and that identified Amtrak as the "Named Insured" and provided that "Loss, if any, shall be adjusted with and payable to National Railroad Passenger Corporation."  A true copy of the Partner Re Policy is attached hereto as Exhibit 19.

Mondell Decl., Ex. 3 at ¶ 51, Ex. 4 (Exhibit 19 to Am. Compl.); *see also* Ex. 1 at ¶ 54, Ex. 2 (Exhibit 21 to Orig. Compl.).  Notably, Amtrak does not allege that Partner Re sold an insurance policy "to Amtrak," as it alleges with respect to *each of the other insurer-defendants*.  Mondell Decl., Ex. 3 at ¶¶ 42-50, 52-55.  That omission with respect to Partner Re is intentional – Amtrak cannot and does not plead contractual privity between Amtrak and Partner Re.

Moreover, the document Amtrak attaches to its pleadings as the purported "Partner Re Policy" is **_not_** a copy of the contract Partner Re entered into; instead, it is a copy of the policy

---

[4] Though Amtrak's Amended Complaint was filed December 5, 2014, after the Court approved a briefing schedule on the instant motion in response to Amtrak's Original Complaint, because Amtrak's Amended Complaint does not cure the failure in the Original Complaint to join PRIL or dismiss Partner Re, Partner Re's motion seeks relief as respects the operative Amended Complaint.

wording prepared as the basis for the insurance policy eventually issued by PRIL to Amtrak (the

"PRIL Policy Wording").  This is evident on the face of the document, which states on the first

Declarations page: "INSURER: Passenger Railroad Insurance Limited" and provides a blank for

the "Authorized Signature" of "PASSENGER RAILROAD INSURANCE LIMITED", and

references again at the conclusion of the policy wording on page 35: "Attached to and forming

part of Passenger Railroad Insurance, Limited Policy No NRPC-N11NA08246".  Mondell Decl.,

Ex. 4; *see also* Declaration of Daniel Bollier (Partner Re underwriter stating that the document

attached by Amtrak to its Complaint is **_not_** a true and correct copy of the Partner Re Facultative

Reinsurance Contract).[5]

The copy of the PRIL Policy Wording attached to Amtrak's Amended Complaint bears

the stamp "Noted and Agreed" by Partner Re, which appears to be the sole basis for Amtrak's

incorrect allegation that this document is a Partner Re policy.  However, that stamp is nothing

more than an acknowledgment that Partner Re was provided a copy of the PRIL Policy Wording

to review in connection with its reinsurance of PRIL.  Bollier Decl., ¶ 8, Ex. E (e-mail exchange

re: the PRIL Policy Wording in which Mr. Bollier states: "attached PRIL policy noted and

agreed" and encloses the stamped copy of the PRIL Policy Wording which Amtrak

misrepresents in its Amended Complaint as a Partner Re policy).

The actual contract Partner Re entered into is a facultative reinsurance contract, which

governs the rights and obligations between Partner Re (as reinsurer) and PRIL (as reinsured).

Bollier Decl., ¶ 3, Ex. A.  As specified therein, "This document details the Contract Terms

---

[5] The Court may properly consider the Bollier Declaration and exhibits on this motion: "District courts have broad discretion in applying Rule 19 because of the fact-based analysis of the effects of non joinder, and matters outside the pleadings may be considered." *Rahman v. Shiv Darshan, Inc.*, No. 12 Civ. 3457 (ILG)(CLP), 2013 WL 654189 at *5 (E.D.N.Y. Feb. 22, 2013) (internal quotation and citation omitted).

entered into by the Insurer(s) and constitutes the Contract Documentation." *Id*. at PAR000004.[6]

That facultative reinsurance contract between Partner Re and PRIL was subsequently amended

by a series of endorsements.   Bollier Decl., ¶¶ 4-7, Exs. B, C and D.     In those contract

documents, there is no cut-through provision that would provide for Amtrak to maintain a direct

right of action against Partner Re.  Bollier Decl., Exs. A-D.

Remarkably, Amtrak's Amended Complaint nowhere mentions PRIL, the insurance

policy PRIL issued to Amtrak, or the separate facultative reinsurance contract to which Partner

Re is a party.  Nor does Amtrak plead facts that would establish any basis for Amtrak to assert a

direct right of action against Partner Re under the facultative reinsurance contract.

## ARGUMENT

### I.      PRIL IS A NECESSARY PARTY TO CLAIMS AGAINST PARTNER RE

Rule 19(a) provides that an absent party is necessary to the litigation if:

> (A) the court cannot accord complete relief among existing parties, or (B) the absent party claims an interest relating to the subject of the action and is so situated that disposing of the action in that party's absence may either (i) as a practical matter impair or impede the absent party's ability to protect the interest or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

*Greenwich Life Settlements, Inc. v. ViaSource Funding Grp., LLC*, 742 F. Supp. 2d 446, 455-56

(S.D.N.Y. 2010) (citing Fed. R. Civ. P. 19(a)(1); *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 188

(2d Cir.1999)) (internal quotations omitted).  PRIL is a necessary party to the extent this suit

seeks any relief from Partner Re, as any claim against Partner Re is based on the facultative

---

[6] *See also id.* at PAR000002 ("TYPE: FACULTATIVE REINSURANCE COVERING ALL RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE EXCLUDING FLOOD . . ."). The facultative reinsurance contact was assigned a Unique Market Reference ("UMR") – B0507N11NA08246.  Bollier Decl., ¶ 3, Ex. A.  The UMR for the facultative reinsurance contract is similar to, but has a different prefix than, the policy number for the original insurance policy issued by PRIL to Amtrak, NRPC-N11NA08246.  Bollier Decl., Ex. E at PAR0000115.

reinsurance contract between Partner Re and PRIL and, in turn, the original insurance policy issued by PRIL to Amtrak.

It is PRIL that has direct contractual privity with Amtrak (on the one hand, through the contract of insurance it issued to Amtrak) and Partner Re (on the other hand, through the Facultative Reinsurance Contract). In the absence of PRIL, there is no direct link between Partner Re and Amtrak, and the parties' contractual rights cannot be fully addressed. It is for this reason that, "[a]s a general rule, reinsurance contracts are contracts of indemnity, which give the original assured no right of action against the reinsurer." *China Union Lines, Ltd. v. Am. Marine Underwriters, Inc.*, 755 F.2d 26, 30 (2d Cir. 1985). The only applicable exception to this general rule is where it is apparent on the face of the reinsurance contract that the agreement expressly provides for a direct right of action by the original insured against the reinsurer. *Jurupa Valley Spectrum, LLC v. Nat'l Indem. Co.*, 555 F.3d 87, 89 (2d Cir. 2009).[7] There is no such cut-through provision here, nor has Amtrak pled one.

Moreover, PRIL's presence is particularly necessary in this case given the difference between (i) the scope of the Contract of Facultative Reinsurance between PRIL and Partner Re, which expressly excludes flood, *see supra*, n.6, and (ii) the scope of the original insurance as described in the PRIL Policy Wording, which contains no such express flood exclusion (although

---

[7] Though not applicable here, case law also recognizes a narrow exception to the necessary party framework, where one party alleges sufficient facts to provide "virtual representation" for a missing entity under Rule 19. *See, e.g., Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345-46 (2d Cir. 1995). The relevant inquiry is whether the party involved in the litigation has such an "identity of incentives" or "identity of interests" that it can adequately represent the interests of the non-party. *Chase*, 56 F.3d at 346; *Polargrid LLC v. Videsh Sanchar Nigam Ltd.*, No. 04 CV 9578 (TPG), 2006 U.S. Dist. LEXIS 54434, at *28 (S.D.N.Y. Aug. 7, 2006). Amtrak's Complaint fails to meet that burden, since it does not mention PRIL at all, much less allege any set of facts meeting the requirements for virtual representation or showing that Amtrak and PRIL have "formal arrangement[s] for representation" that would affirm that PRIL consents to be bound by this litigation. *See Chase*, 56 F.3d at 345.

flood is subject to a sublimit).  A contract of reinsurance cannot be broader than the original insurance without violating principles of what constitutes an insurable interest, but reinsurance may be narrower in scope than the original insurance.  *E.g.*, *London Assurance Corp. v. Thompson*, 170 N.Y. 94, 99 (N.Y. 1902).  Under such circumstances, the principles underlying the general rule that there is no direct right of action by an original insured against a reinsurer have particular force.

PRIL is thus a necessary party to this litigation which, as plead, would impact its rights and obligations under (i) the contract of insurance PRIL issued to Amtrak and (ii) the facultative reinsurance contract between PRIL and Partner Re.

## II.    RULE 19 REQUIRES JOINDER OF PRIL, OR, IF JOINDER IS NOT FEASIBLE, DISMISSAL OF THE CLAIMS AGAINST PARTNER RE

Fed. R. Civ. P. 19(a)(2) provides: "If a person has not been joined as required, the court must order that the person be made a party.  A person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff."[8]  When joinder is not feasible, "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed."  Fed. R. Civ. P. 19(b).

### A.    PRIL is Indispensable to the Claims as Pled

Under Fed. R. Civ. P. 19(b), a necessary party is indispensable based on the following factors:

---

[8] Partner Re submits that unless PRIL seeks to align itself with the insurer-defendants in the position that Amtrak's insurance claim to the excess policies is not covered, it would be most appropriate to join PRIL as a Plaintiff to this suit alongside its owner, Amtrak.

(1)     the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2)     the extent to which any prejudice could be lessened or avoided by:

  (A)  protective provisions in the judgment;

  (B)  shaping the relief; or

  (C)  other measures;

(3)     whether a judgment rendered in the person's absence would be adequate; and

(4)     whether the plaintiff would have an adequate remedy if the action were dismissed for non-joinder.

As pled, the Complaint creates a severe risk of prejudice to Partner Re, PRIL and Amtrak if the action proceeds without PRIL.  The basis for Amtrak's alleged right to recovery, as pled by Amtrak, is Partner Re's alleged breach of Policy No. NRPC-N11NA08246, a contract of insurance issued by PRIL, to which Partner Re is not a party.  Mondell Decl., Ex. 3 at ¶ 51. *See also* Bollier Decl., Ex. A (reflecting the Facultative Reinsurance Contract UMR# B0507N11NA08246 between Partner Re and PRIL); Partner Re's Answer and Additional/Affirmative Defenses, ECF No. 68, ¶ 54 (denying that Partner Re sold a policy to Amtrak).  The contract to which Partner Re is a party—the contract of facultative reinsurance between Partner Re and PRIL—does not provide a cut-through for Amtrak to bring any direct action against Partner Re.

**B.     Partner Re is Entitled to Relief**

Recognizing that "courts have generally been reluctant to grant motions to dismiss pursuant to Rule 12(b)(7) on the grounds of nonjoinder" where joinder is feasible, *Ware v. City of Buffalo*, No. 98 Civ. 0147(CM), 2001 WL 1806851 at *4 (W.D.N.Y. June 26, 2001), Partner Re seeks, in the first instance, an order of this Court joining PRIL pursuant to Rule 19 to the extent joinder is feasible.  The key threshold question is whether this Court would have personal jurisdiction over PRIL, a circumstance best known to Amtrak.

8

Should the Court determine joining PRIL is not feasible, Partner Re recognizes that dismissal of the entire suit, although permissible under Fed. R. Civ. P. 12(b)(7), would be an extreme remedy to this particular pleading defect.  Instead, the Court should order Amtrak to re-plead to dismiss its claims against Partner Re, on the basis that PRIL is a necessary and indispensable party to the claims against Partner Re.  Fed. R. Civ. P. 19(b)(2)(B); *Jota v. Texaco Inc.*, 157 F.3d 153, 162 (2d Cir. 1998) (explaining that options available to "prevent the ill effects of nonjoinder" include an order to amend the pleading) (quoting 7 Charles A. Wright *et al.*, *Federal Practice and Procedure* § 1609, at 132-33 (2d ed. 1986)).  Here, Amtrak would obviate the need to join non-party PRIL by dismissing from this suit any claims against Partner Re.

## CONCLUSION

For the reasons set forth above, Partner Re respectfully requests that the Court either (i) compel the joinder of PRIL as a plaintiff to this suit; or (ii) require Amtrak to re-plead to dismiss any claims against Partner Re, and grant such other relief as the Court deems just and proper.


Dated: New York, New York
      December 15, 2014

                   ROPES & GRAY LLP

                   By: /s/ Catherine A. Mondell
                   Catherine A. Mondell
                   (catherine.mondell@ropesgray.com)
                   800 Boylston Street
                   Boston, MA  02199
                   Telephone: (617) 951-7000

                   Evan P. Lestelle
                   (evan.lestelle@ropesgray.com)
                   1211 Avenue of the Americas
                   New York, NY 10036
                   Telephone: (212) 596-9000

                   *Attorneys for Defendant Partner*
                   *Reinsurance Europe plc*

9