UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>                            Plaintiff,<br><br>vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY;<br>ASPEN SPECIALTY INSURANCE COMPANY;<br>COMMONWEALTH INSURANCE COMPANY;<br>FEDERAL INSURANCE COMPANY;<br>LEXINGTON INSURANCE COMPANY;<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY;<br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241, 507/N11NA08242, 507/N11NA08244, 507/N11NA08244, 507/N11NA08245 and GEP 2944;<br>MAIDEN SPECIALTY INSURANCE COMPANY;<br>MAXUM INDEMNITY COMPANY;<br>NAVIGATORS INSURANCE COMPANY;<br>PARTNER REINSURANCE EUROPE plc;<br>RSUI INDEMNITY COMPANY;<br>STEADFAST INSURANCE COMPANY;<br>TORUS SPECIALTY INSURANCE COMPANY; and<br>WESTPORT INSURANCE CORPORATION,<br><br>                            Defendants. | Civ. Action No.:14-cv-7510 (JSR) |

**LOCAL RULE 56.1 STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE FLOOD SUBLIMIT**

1

dcdocs-89462.1

Pursuant to Rule 56.1(a) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff, National Passenger Railroad Corporation ("Amtrak") sets forth the following statement of undisputed material facts in support of its Motion for Partial Summary Judgment Regarding the Occurrence Endorsement. There is no genuine issue to be tried regarding the following material facts:

1. Amtrak is a government-owned entity created under the auspices of the Rail Passenger Services Act of 1970. *See* Annual Report Fiscal Year 2012, copy attached as Ex. 1 to the Affidavit of Rhonda D. Orin (the "Orin Aff."), at p. 5. Congress created Amtrak in 1970 to take over, and independently operate, the nation's intercity rail passenger services. *Id.*

2. For the policy period at issue in this Action, Amtrak purchased a tower of "all-risk" property insurance policies that insured Amtrak's critically important and valuable property. *See* Orin Aff. Ex. 2.[1]

3. Copies of the insurance policies at issue in this Action (the "Policies") are attached to the Orin Aff. as Exs. 3-26.

4. Each of the Policies provides broad coverage for "all risk of direct physical loss of or damage to property described herein . . . except as hereinafter excluded." *See. E.g.,* Orin Aff Exs. 3-26, at ¶9.

5. Together with other insurance polices that are not at issue in this Action because they call for arbitration of coverage disputes, the Policies provide a total of

---

[1] A one-page coverage chart is offered for the Court's convenience, as it provides a succinct depiction of all the Amtrak policies. But if Defendants object on grounds that the chart presents factual issues, the graphic can be disregarded.

$675,000,000 in coverage on a "per occurrence" basis – meaning that Amtrak can collect up to $675,000,000 for each occurrence, as defined in the Policies. *See* Orin Aff. Exs. 2, 3-26.

6. Each policy is comprised of a standard form that is modified through a variety of endorsements. *See* Orin Aff Exs. 3-26.

7. None of the policies contain an exclusion for flood in either in the terms and conditions or an endorsement. *Id.*

8. To the contrary, each policy makes clear that "flood" is covered by establishing a sublimit for it. *See, e.g.,* Orin Aff. Ex. 20, at ¶3. That sublimit states as follows:

> *With respect to the perils of flood* and earthquake, this Company shall not be liable, per occurrence and in any one policy year, for more than its proportion of $125,000,000, which shall apply separately to each peril as referred to in Section 13.

*See* Orin Aff. Ex. 20, at ¶3.B (emphasis supplied).

9. The Policies' flood sublimit provisions expressly applies "with respect to the peril[ ] of flood" and goes on to state:

> Even if the peril of flood or earthquake is the predominant cause of loss or damage, *any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits* or aggregates specified in this Clause B;

*See id.* (emphasis supplied).

10. This carve-out for ensuing loss or damage repeats throughout the Policies, such as in the section excluding coverage for:

- "errors in processing or manufacture of the Insured's product *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

3

- "ordinary wear and tear, or gradual deterioration *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

- "normal settling or normal shrinkage of walls, floors, or ceilings *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

- "electrical injury or disturbance to electrical appliances, devices, or wiring caused by electrical currents artificially generated *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

- "mechanical breakdown *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*"; and

- "explosion, rupture, or bursting of steam boilers, steam pipes, steam turbines, or steam engines owned or operated by the Insured *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*."

*See id.* at ¶ 10.C-H (emphasis supplied).

11. Each of the policies sets forth one of the following three definitions of "flood":

| 1) The "Narrow Flood Definition" | |
|---|---|
| "a *rising and overflowing of a body of water* onto normally dry land" | *See* Orin Aff. Exs. 3-19, at ¶13.A (emphasis supplied).[2] |

---

[2] Arch Specialty Policy No. ESP0047205-00 (Orin Aff. Ex. 3); Aspen Specialty Insurance Company Policy Nos. PXA4VP611 and PX5705611 (Orin Aff. Exs. 4-5); Commonwealth Insurance Company. Policy No. US9434 (Orin Aff. Ex. 6); Federal Insurance Company Policy No. 6684888 (Orin Aff. Ex. 7); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08244 (Lloyd's), 507/N11NA08244 (Companies), 507/N11NA08245 and GEP 2944 (Orin Aff. Exs. 8-11); Maiden Specialty Insurance Company Policy No. S1LPY0151600S (Orin Aff. Ex. 12); Maxum Indemnity Company Policy No. MSP 6014096-02 (Orin Aff. Ex. 13); Navigators Insurance Company Policy No. NC10L1M016908-01 (Orin Aff. Ex. 14); Partner Reinsurance Europe plc Policy No. NRPC-N11NA08246 (Orin Aff. Ex. 15); RSUI Indemnity Company Policy Nos. NHT374082 and NHT374083 (Orin Aff. Exs. 16-17);;; Steadfast Insurance Company Policy No. IM 9805201-00 (Orin Aff. Ex. 18);; Torus Insurance Company Policy No. 41794A111APR (Orin Aff. Ex. 19).

| | |
|---|---|
| 2) The "Expanded Flood Definition" | |
| "a temporary condition of partial or complete inundation of normally dry land from *(1) the overflow of inland or tidal waters outside the normal watercourse or natural boundaries*; (2) the overflow, release, rising, back-up, runoff or surge of surface water; or (3) The unusual or rapid accumulation or runoff of surface water from any sour.[3] A Tsunami shall not be considered Flood as defined above." | *See* Orin Aff. Exs. 20-25, at Endorsement 13 (emphasis supplied).[4] |
| 3) The "Broad Flood Definition" | |
| "Flood; surface water, flood waters, waves, tide or tidal waters, sea surge, tsunami, the release of water, *the rising, overflowing or breaking of defenses of natural or manmade bodies of water* or wind driven water; regardless of any other cause or vent[5] contributing concurrently or in any other sequence of loss." | *See* Orin Aff. Ex. 26, at Endorsement 13 (emphasis supplied).[6] |

12. In addition to the Expanded Flood Definition, the Lexington policies also add a definition of "Named Storm" by the same endorsement. Under that endorsement, "Named Storm" is defined as "[a] storm that has been declared by the National Weather Service to be a Hurricane, Typhoon, Tropical Cyclone, Tropical Storm or Tropical Depression." *See* Orin Aff. Exs. 20-21, at Endorsement 13.

---

[3]  This is the exact wording that appears in the endorsement.

[4]  Lexington Policy Nos. 084144000 and 084144282 (Orin Aff. Exs. 20-21); Liberty Mutual Insurance Company Policy No. YS2-L9L-447676-011 (Orin Aff. Ex. 22); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241 and 507/N11NA08242 (Orin Aff. Exs. 23-25).

[5]  This is the exact wording that appears in the endorsement.

[6]  Westport Insurance Corporation Policy No. 31-3-74264 (Orin Aff. Ex. 26).

13. Neither one of Lexington's policies, however, contains a Named Storm sublimit. *See* Orin Aff. Exs. 20-21.

14. All of the Policies contain an express provision called "Policy Authors" which states:

> Regardless of who may have drafted or prepared this policy, or any portions thereof, the provisions contained herein shall be deemed to have been authored by this [Insurance] Company.

*See* Orin Aff. Exs. 3-26, at ¶39. Some of the Policies deleted this provision by endorsement.[7]

Dated: December 18, 2014

By: /s/
Rhonda D. Orin, Esq. (RO-0359)
rorin@andersonkill.com
Daniel J. Healy, Esq. (DH-7396)
dhealy@andersonkill.com
Marshall Gilinsky, Esq. (MG-8398)
mgilinsky@andersonkill.com
**ANDERSON KILL, L.L.P.**
1717 Pennsylvania Avenue, N.W.
Washington, DC 20006
Telephone: 202-416-6500

Finley T. Harckham, Esq. (FH-8219)
fharckham@andersonkill.com
**ANDERSON KILL, P.C.**
1251 Avenue of the Americas
New York, NY 10020
Telephone: 212-278-1000

*Attorneys for Plaintiff*

---

[7] *See* Lexington Policy Nos. 084144000 and 084144282 (Orin Aff. Exs. 20-21); Liberty Mutual Insurance Company Policy No. YS2-L9L-447676-011 (Orin Aff. Ex. 22); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241 and 507/N11NA08242 (Orin Aff. Exs. 23-25) and Westport Policy No. 31-3-74264 (Orin Aff. Ex. 26).