# Exhibit 2

# Bierut, Elizabeth

| **From:** | Traill, Alexander <Alexander.Traill@blmlaw.com> |
| --- | --- |
| **Sent:** | Monday, December 29, 2014 3:47 PM |
| **To:** | Mondell, Catherine A.; 'rorin@andersonkill.com'; 'Dhealy@andersonkill.com'; 'MGilinsky@andersonkill.com'; 'CSt.Jeanos@willkie.com'; 'LCortes@willkie.com'; Higham, Christian |
| **Cc:** | 'BKaliner@moundcotton.com'; 'christopher.finazzo@finazzolaw.com'; 'church@bvlaw.net'; 'CSuriano@moundcotton.com'; 'DManzo@moundcotton.com'; 'jeremiah.oleary@finazzolaw.com'; 'KHanley@moundcotton.com'; Lestelle, Evan P.; 'RPlessner@moundcotton.com'; 'victory@bvlaw.net'; Wilhelm, Kathryn; 'WWilson@moundcotton.com' |
| **Subject:** | Re: Amtrak v. Arch et al - request for discovery from non-party Price Forbes |

Cathy,

Thank you for your email. As far as Price Forbes is concerned your understanding on all counts is absolutely correct.

With regards to Rhonda's most recent email, apart from finding the necessity for formal letters rogatory a little hard to follow given previous communications had and received, I would only make the observation that Price Forbes is willing to provide voluntary disclosure to any party in the litigation regardless of which party first makes such a request to them.

Regards

Alex

---

**From**: Mondell, Catherine A. [mailto:Catherine.Mondell@ropesgray.com]
**Sent**: Monday, December 29, 2014 07:04 PM
**To**: rorin@andersonkill.com <rorin@andersonkill.com>; Healy, Dan (Dhealy@andersonkill.com) <Dhealy@andersonkill.com>; MGilinsky@andersonkill.com <MGilinsky@andersonkill.com>; 'StJeanos, Christopher' <CSt.Jeanos@willkie.com>; Cortes, Lynnette <LCortes@willkie.com>; Higham, Christian; Traill, Alexander
**Cc**: 'Bruce Kaliner' <BKaliner@moundcotton.com>; 'christopher.finazzo@finazzolaw.com' <christopher.finazzo@finazzolaw.com>; 'church@bvlaw.net' <church@bvlaw.net>; 'Costantino Suriano' <CSuriano@moundcotton.com>; 'Deanna Manzo' <DManzo@moundcotton.com>; 'jeremiah.oleary@finazzolaw.com' <jeremiah.oleary@finazzolaw.com>; 'Kate Hanley' <KHanley@moundcotton.com>; Lestelle, Evan P. <Evan.Lestelle@ropesgray.com>; 'Renee Plessner' <RPlessner@moundcotton.com>; 'victory@bvlaw.net' <victory@bvlaw.net>; Wilhelm, Kathryn <Kathryn.Wilhelm@ropesgray.com>; 'William Wilson' <WWilson@moundcotton.com>
**Subject**: Amtrak v. Arch et al - request for discovery from non-party Price Forbes

Dear All,

We understand based on discussions with Price Forbes' outside counsel that non-party Price Forbes is prepared to provide documents and witnesses in the case National Railroad Passenger Corporation (Amtrak) v. Arch Specialty Ins. et al (SDNY Docket #14-CV-7510), as if letters rogatory had been issued, but without the need for that formal process. At this stage, Price Forbes has not yet provided any such discovery to Insurers (or, to the best knowledge of Insurer-counsel, anyone else).

1

We further understand that, as respects the Amtrak 2011-12 placement and Amtrak's Sandy claim, Price Forbes views its client as Marsh and that Marsh, in turn, views its client as Amtrak. Accordingly, and to ensure that all are on the same page, and that any procedural issues are timely addressed, counsel for Price Forbes, Amtrak and Marsh are all included here.

Based on the latest e-mails from counsel for Amtrak and counsel for Marsh, we understand that neither Amtrak nor Marsh will seek to block Price Forbes from producing documents to all parties in the NY litigation without the need for issuance of letters rogatory. The parties to the litigation can, of course, reserve whatever arguments they may wish to make about the admissibility or non-admissibility of documents and testimony at trial, but the procedure (*i.e.*, the fact that Price Forbes is responding without insisting on issuance of letters rogatory) will not be cited as a basis for objection or exclusion of documents or testimony.

If we have misunderstood, and any of Amtrak or Marsh or Price Forbes require letters rogatory to be issued by the NY court to obtain discovery from Price Forbes, please let us know by noon Eastern / 5 PM London on the 30th, together with a brief statement of the basis for your position, so that we may move forward with obtaining issuance of letters rogatory. For ease of reference, below is a summary of the documents and testimony sought, as previously shared with Amtrak's counsel (November 25th) and with counsel for Price Forbes (December 3rd).

Regards,
Cathy

**Documents Sought from Price Forbes:**
1. Copies of all documents or communications, including e-mails with attachments, from July 1, 2011 through June 1, 2014, concerning: A. the marketing, negotiation, advice, placement, underwriting, changes/endorsement of the Amtrak policies/slips for the 2011-12 year of account and B. the terms, conditions, limitations of liability and coverages for Amtrak's CAT-90 Sandy claim. This request includes documents and communications to/from and/or between Marsh, Price Forbes, Amtrak, London Insurers/Reinsurers and any third-parties.

2. Copies of all broking files for the placement of the December 1, 2011-December 1, 2012 Amtrak manuscript policies/slips subscribed to by the Lloyds Syndicate members or other companies (Insurer/Reinsurers). This request includes any communications to the extent not provided in response to #1 above, as well as engineering and loss prevention surveys, condition assessments, inspections and reports of Amtrak facilities.

3. To the extent not already provided by Price Forbes, documents or communications concerning the evaluation and/or consideration of the terms, exclusions, limits of liability, sub-limits of liability (by peril, coverage or otherwise), coverages, deductibles and the scope of coverage provided by the 2011-12 Amtrak manuscript policy (or Slip) and any endorsements.

**Deposition Testimony Sought from Price Forbes:**

1. The underwriting and/or placement of Amtrak's 2011-12 Policies.

2. What communications and negotiations did the Price Forbes brokers have with, and what advices did these brokers provide to or receive from, the individuals at Amtrak, Marsh and Insurers/Reinsurers concerning the terms, conditions, limitations of liability and coverages of the Amtrak Policies.

3. For the 2011-2012 Amtrak Policies, what communications, if any, did the Price Forbes brokers have with, and what advices did these brokers provide to or receive from the individuals at Amtrak, Marsh and the London Insurers/Reinsurers concerning coverage for loss, damage and/or claims for loss or damage sustained by Amtrak in connection with its CAT-90 Sandy loss.

4. The drafting history and meaning of Limits of Liability in the Amtrak 2011-12 manuscript policy form, including, but

not limited to the phrases, "per occurrence and in any one policy year," program limits, program limits of insurance and program limits of liability.

5.  The drafting history and meaning of Paragraph (1) of Section 8.G. entitled Consequential Loss in the Amtrak 2011-12 manuscript policy form.

6. The drafting history and meaning of Paragraph D. of Section 10 entitled Perils Excluded in the Amtrak 2011-12 manuscript policy form

7.  The drafting history and meaning of Section 13 entitled Earthquake and Flood in the Amtrak 2011-12 manuscript policy form, including, but not limited to the definition of the term Flood and any endorsements altering this Section 13.

8. The drafting history and meaning of the language in certain policies/slips placed by Price Forbes stating "All Risks of Direct Physical Loss or Damage Excluding Flood, Earthquake, Terrorism, Boiler Explosion and Machinery Breakdown."

9. The drafting history and meaning of Endorsement No. 1 in the Amtrak 2011-12 manuscript policy form.

10.  The drafting history and meaning of Endorsement No. 9 in the Amtrak 2011-12 manuscript policy form for the definition of the term Occurrence.

**Catherine A. Mondell**
**ROPES & GRAY LLP**
T +1 617 951 7928 | F +1 617 235 0540
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
catherine.mondell@ropesgray.com
www.ropesgray.com

This message (including attachments) is privileged and confidential. If you are not the intended recipient, please delete it without further distribution and reply to the sender that you have received the message in error.

*BLM is a trading name of Berrymans Lace Mawer LLP, a limited liability partnership registered in England under number OC340981, authorised and regulated by the Solicitors Regulation Authority and the Law Society of Scotland. The registered office is at King's House, 42 King Street West, Manchester M3 2NU where a list of members is available for inspection. In Ireland, Berrymans Lace Mawer is affiliated to Berrymans Lace Mawer LLP and the partners are either members or employees of Berrymans Lace Mawer LLP. Partners of Berrymans Lace Mawer LLP are members or employees of Berrymans Lace Mawer LLP and the use of the term "partner" should not be construed as indicating that the individuals so designated have entered into partnership (within the meaning of the Partnership Act 1890) with all or any of the individuals so designated or with any individuals and Berrymans Lace Mawer LLP. Berrymans Lace Mawer LLP is certified to Information Security Standard ISO 27001 (BSI certificate IS589484), Quality Assurance Standard ISO 9001 (SGS certificate GB 13/90471) and Lexcel, the Law Society's Practice Management Standard. The information in this email and in any attachments is confidential, subject to legal professional privilege or other privilege and intended solely for the attention and use of the named addressee(s). If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are not authorised to and must not disclose, copy, distribute, or retain this message or any part of it. If you have received this message in error please contact us at once so that we may take the appropriate action and avoid troubling you further. This footnote also confirms that this email message has been swept for the presence of known computer viruses. Please visit our website www.blmlaw.com.*