UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

NATIONAL RAILROAD PASSENGER
CORPORATION,

               Plaintiff,

        v.

ARCH SPECIALTY INSURANCE COMPANY;
ASPEN SPECIALTY INSURANCE COMPANY;
COMMONWEALTH INSURANCE COMPANY;
FEDERAL INSURANCE COMPANY; LEXINGTON
INSURANCE COMPANY; LIBERTY MUTUAL FIRE
INSURANCE COMPANY; CERTAIN
UNDERWRITERS AT LLOYD'S OF LONDON and
CERTAIN LONDON MARKET COMPANIES
Subscribing to Policy Nos. 507/N11NA08240,
507/N11NA08241, 507/N11NA08242,
507/N11NA08244, 507/N11NA08244,
507/N11NA08245 and GEP 2944; MAIDEN
SPECIALTY INSURANCE COMPANY; MAXUM
INDEMNITY COMPANY; NAVIGATORS
INSURANCE COMPANY; PARTNER
REINSURANCE EUROPE plc; RSUI INDEMNITY
COMPANY; STEADFAST INSURANCE COMPANY;
TORUS SPECIALTY INSURANCE COMPANY; and
WESTPORT INSURANCE CORPORATION,

               Defendants.

     14 Civ. 7510 (JSR)

------------------------------------------------------------------------x

**INSURERS' LOCAL RULE 56.1 COUNTERSTATEMENT OF FACTS IN
OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>REGARDING THE FLOOD SUBLIMIT</u>**

Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Courts for

the Southern and Eastern Districts of New York, Defendants Arch Specialty Insurance Company

("Arch"), Aspen Specialty Insurance Company ("Aspen"), Commonwealth Insurance Company

("Commonwealth"), Federal Insurance Company ("Federal"), Lexington Insurance Company

("Lexington"), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Certain Underwriters at Lloyd's of London, and Certain London Market Companies Subscribing to Policy Nos. 507/N11NA08240 ("Lloyd's '240 Policy"), 507/N11NA08241 ("Lloyd's '241 Policy"), 507/N11NA08242 ("Lloyd's '242 Policy"), 507/N11NA08244 ("Lloyd's '244 Policy"), 507/N11NA08244 ("London Companies '244 Policy"), 507/N11NA08245 ("Inter Hannover") and GEP 2944 ("GEP"), Maiden Specialty Insurance Company ("Maiden Specialty"), Maxum Indemnity Company ("Maxum"), Navigators Insurance Company ("Navigators"), Partner Reinsurance Europe plc ("Partner Re"), RSUI Indemnity Company ("RSUI"), Steadfast Insurance Company ("Steadfast"), Torus Specialty Company ("Torus"), and Westport Insurance Corporation ("Westport") (together, "Insurers") submit this Counterstatement of Facts in opposition to Plaintiff National Railroad Passenger Corporation's ("Amtrak") Local Rule 56.1 Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment Regarding the Flood Sublimit [ECF No. 101].

## INSURERS' RESPONSE TO AMTRAK'S LOCAL CIVIL RULE 56.1 STATEMENT

**Statement Paragraph No. 1:**  Amtrak is a government-owned entity created under the auspices of the Rail Passenger Services Act of 1970.  *See* Annual Report Fiscal Year 2012, copy attached as Ex. 1 to the Affidavit of Rhonda D. Orin (the "Orin Aff."), at p. 5.  Congress created Amtrak in 1970 to take over, and independently operate, the nation's intercity rail passenger services.  *Id.*

**Insurers' Response to Paragraph No. 1:**  The Insurers do not dispute the allegations recited in Paragraph No. 1, but object to the extent Amtrak purports to rely on Orin Aff. Ex. 1 for anything other than the propositions recited in Paragraph No. 1.

**Statement Paragraph No. 2:**  For the policy period at issue in this Action, Amtrak purchased a tower of "all-risk" property insurance policies that insured Amtrak's critically important and valuable property.  *See* Orin Aff. Ex. 2.

**Insurers' Response to No. 2:**  Insurers do not dispute that Amtrak purchased a set of property insurance policies for the 2011-12 policy year, and that such policies insured Amtrak property, subject to the full terms, conditions, limitations, exclusions, and endorsements of those policies. Insurers dispute, however, the characterization of Amtrak's property as "critically important and valuable," because neither Exhibit 2 to the Affidavit of Rhonda D. Orin ("Orin Affidavit" or "Orin Aff.") nor any other evidence submitted by Amtrak establishes the importance or value of its property.  *See, e.g.*, *Travelers Indem. Co. of Illinois v. Hunter Fan Co., Inc.*, No. 99 CIV. 4863, 2001 WL 1035146 at *3 (S.D.N.Y. Sept. 10, 2001) ("Rule 56.1(c) cannot be read to mandate that district courts deem as admitted supposed 'facts' which have not been supported by admissible evidence, and this Court declines to do so in this case.").

**Statement Paragraph No. 3:**  Copies of the insurance policies at issue in this Action (the "Policies") are attached to the Orin Aff. as Exs. 3-26.

**Insurers' Response to Paragraph No. 3:**  Insurers do not dispute, for purposes of this motion, that Amtrak has accurately summarized the flood definitions in the Policies in its memorandum of law in support of its motion.  Insurers dispute this statement in that the Orin Affidavit (i) mis-numbers the attached exhibits (ii) in many instances provides incomplete copies of the policy documents; and (iii) persists in describing as the "Partner Re Policy" a document that is a draft policy to which Partner Re is not a party.  Insurers respond as to each submitted policy as follows:

- **Exhibit 3** – alleged to be Arch Policy No. ESP0047205 – undisputed solely for purposes of this motion; the copy provided varies from the copy in Arch's file in ways that are immaterial to this motion.
- **Exhibit 4** – alleged to be Aspen Policy No. PXA4VP611 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Aspen's file in ways that are immaterial to this motion.

- **Exhibit 5** – alleged to be Aspen Policy No. PX5705611 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Aspen's file in ways that are immaterial to this motion.

- **Exhibit 6** – alleged to be Commonwealth Policy No. US9434 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Commonwealth's file in ways that are immaterial to this motion.

- **Exhibit 7** – alleged to be Federal Policy No. 6684888 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Federal's file in ways that are immaterial to this motion.

- **Exhibit 8** – alleged to be Lloyd's '244 Policy.  Insurers deny that Exhibit 8 to the Orin Affidavit constitutes a true and correct copy of Lloyd's '244 Policy – on its face, Exhibit 8 to the Orin Affidavit [ECF Nos. 105-25 through 105-31] states that it is Policy No. 084144000, issued by Lexington.  Moreover, the document listed as Exhibit 10 on PACER [ECF No. 105-33] is also mis-labeled as Exhibit 8 and, for the avoidance of doubt, Insurers also deny that Exhibit 10 (mis-labeled as a second Exhibit 8) represents a true and correct copy of Lloyd's '244 Policy; on its face, that document represents Policy No. YS2-L9L-447676-011 as issued by Liberty Mutual.  Responding further, solely for purposes of this motion, Insurers do not dispute that Exhibit 12 to Amtrak's Amended Complaint [ECF No. 65-29] is Lloyd's '244 Policy, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 9** – alleged to be London Companies '244 Policy.  Insurers deny that Exhibit 9 to the Orin Affidavit constitutes a true and correct copy of London Companies '244 Policy – on its face, Exhibit 9 to the Orin Affidavit [ECF No. 105-32] states that it is Policy No. 084144282 as issued by Lexington.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 13 to Amtrak's Amended Complaint [ECF No. 65-30] is London Companies '244 Policy, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 10** – alleged to be Policy No. 507/N11NA08245 as subscribed to by Inter Hannover.  As a preliminary matter, the document listed as Exhibit 10 [ECF No. 105-33] (as available on PACER) is labeled as Exhibit 8.  Insurers deny that such document constitutes a true and correct copy of Inter Hannover Policy – on its face, the document listed as Exhibit 10 to the Orin Affidavit but mis-labeled as Exhibit 8 states that it is Policy No. YS2-L9L-447676-011 as issued by Liberty Mutual.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 14 to Amtrak's Amended Complaint [ECF No. 65-31] is Inter Hannover Policy No. 507/N11NA08245, though that copy varies from the copy in Inter Hannover's file in ways that are immaterial to this motion.

- **Exhibit 11** – alleged to be GEP Policy No. 2944 as subscribed to by Certain Underwriters at Lloyd's and Certain London Market Companies.  Insurers deny that Exhibit 11 to the Orin Affidavit constitutes a true and correct copy of GEP Policy No. 2944 – on its face, Exhibit 11 to the Orin Affidavit [ECF No. 105-34] states that it is Lloyd's Policy '240.  Responding further, solely for purposes of this motion, Insurers do not dispute that Exhibit 15 to Amtrak's Amended Complaint [ECF No. 65-32] is GEP

Policy No. 2944, though that copy varies from the copy in the file of the relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 12** – alleged to be Maiden Specialty Policy No. S1LPY0151600S.  Insurers deny that Exhibit 12 to the Orin Affidavit constitutes a true and correct copy of Maiden Specialty Policy No. S1LPY0151600S – on its face, Exhibit 12 to the Orin Affidavit [ECF No. 105-35] states that it is Lloyd's Policy '241.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 16 to Amtrak's Amended Complaint [ECF No. 65-33] is Maiden Specialty Policy No. S1LPY0151600S, though that copy varies from the copy in Maiden's file in ways that are immaterial to this motion.

- **Exhibit 13** – alleged to be Maxum Policy No. MSP 6014096-02.  Insurers deny that Exhibit 13 to the Orin Affidavit constitutes a true and correct copy of Maxum Policy No. MSP 6014096-02 – on its face, Exhibit 13 to the Orin Affidavit [ECF No. 105-36] states that it is Lloyd's Policy '242.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 17 to Amtrak's Amended Complaint [ECF No. 65-34] is Maxum Policy No. MSP 6014096-02, though that copy varies from the copy in Maxum's file in ways that are immaterial to this motion.

- **Exhibit 14** – alleged to be Navigators Policy No. "NC10L1M016908-01" (*sic*).  Insurers deny that Exhibit 14 to the Orin Affidavit constitutes a true and correct copy of Navigators Policy No. NC10ILM016908-01 – on its face, Exhibit 14 to the Orin Affidavit [ECF No. 105-37] states that it is Lloyd's Policy '244.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 18 to Amtrak's Amended Complaint [ECF No. 65-35 through 65-40] is Navigators Policy No. NC10ILM016908-01, though that copy varies from the copy in Navigators' file in ways that are immaterial to this motion.

- **Exhibit 15** – alleged to be Partner Re Policy No. NPRC-N11NA08246.  Insurers deny that Exhibit 15 to the Orin Affidavit constitutes a true and correct copy of Partner Re's Policy No. NPRC-N11NA08246 – on its face, Exhibit 15 to the Orin Affidavit [ECF No. 105-38] states that it is London Companies Policy '244.  As detailed more fully in Partner Re's motion to dismiss and accompanying briefs, Partner Re underwrote a reinsurance contract in favor of Passenger Railroad Insurance Limited, and has no contract with Amtrak.  Responding further, Insurers refer the Court to Mondell Decl. at ¶ 5 attaching Declaration of Partner Re underwriter, Daniel Bollier as it was submitted with Partner Re's Motion for Joinder and/or to Dismiss pursuant to Fed. R. Civ. P. 12(B)(7) & 19. Exhibits A - D of the Bollier Declaration comprise a copy of the Partner Re reinsurance contract and endorsements.

- **Exhibit 16** – alleged to be RSUI Policy No. NHT374082.  Insurers deny that Exhibit 16 to the Orin Affidavit constitutes a true and correct copy of RSUI Policy No. NHT374082 – on its face, Exhibit 16 to the Orin Affidavit [ECF No. 105-39] states that it is Policy No. 507/N11NA08245 as subscribed to by Inter Hannover.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 20 to Amtrak's Amended Complaint [ECF No. 65-42] is RSUI Policy No. NHT374082, though that copy varies from the copy in RSUI's file in ways that are immaterial to this motion.

- **Exhibit 17** – alleged to be RSUI Policy No. NHT374083.  Insurers deny that Exhibit 17 to the Orin Affidavit constitutes a true and correct copy of RSUI Policy No. NHT374083 – on its face, Exhibit 17 to the Orin Affidavit [ECF No. 105-40] states that it is GEP Policy No. 2944.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 21 to Amtrak's Amended Complaint [ECF No. 65-43] is RSUI Indemnity Policy No. NHT374083, though that copy varies from the copy in RSUI's file in ways that are immaterial to this motion.

- **Exhibit 18** – alleged to be Steadfast Policy No. IM 9805201-00.  Insurers deny that Exhibit 18 to the Orin Affidavit constitutes a true and correct copy of Steadfast Policy No. IM 9805201-00 – on its face, Exhibit 18 to the Orin Affidavit [ECF No. 105-41] states that it is Policy No. S1LPY0151600S as issued by Maiden Specialty.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 22 to Amtrak's Amended Complaint [ECF No. 65-44] is Steadfast Policy No. IM 9805201-00.

- **Exhibit 19** – alleged to be Torus Policy No. 41794A111APR.  Insurers deny that Exhibit 19 to the Orin Affidavit constitutes a true and correct copy of Policy No. 41794A111APR as issued by Torus – on its face, Exhibit 19 to the Orin Affidavit [ECF No. 105-42] states that it is Policy No. MSP 6014096-02 as issued by Maxum.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 23 to Amtrak's Amended Complaint [ECF No. 65-45] is Torus Policy No. 41794A111APR, though that copy varies from the copy in Torus' file in ways that are immaterial to this motion.

- **Exhibit 20** – alleged to be Lexington Policy No. 084144000.  Insurers deny that Exhibit 20 to the Orin Affidavit constitutes a true and correct copy of Lexington Policy No. 084144000 – on its face, Exhibit 20 to the Orin Affidavit [ECF No. 105-43 through 105-48] states that it is Policy No. NC10ILM016908-01 as issued by Navigators.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 6 to Amtrak's Amended Complaint [ECF No. 65-17 through 65-23] is Lexington Policy No. 084144000, though that copy varies from the copy in Lexington's file in ways that are immaterial to this motion.

- **Exhibit 21** – alleged to be Lexington Policy No. 084144282.  Insurers deny that Exhibit 21 to the Orin Affidavit constitutes a true and correct copy of Policy No. 084144282 as issued by Lexington – on its face, Exhibit 21 to the Orin Affidavit [ECF No. 105-49] states that it is Policy No. NRPC-N11NA08246 as issued by Passenger Railroad Insurance, Limited.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 7 to Amtrak's Amended Complaint [ECF No. 65-24] is Lexington Policy No. 084144282, though that copy varies from the copy in Lexington's file in ways that are immaterial to this motion.

- **Exhibit 22** – alleged to be Liberty Mutual Policy No. YS2-L9L-447676-011.  Insurers deny that Exhibit 22 to the Orin Affidavit constitutes a true and correct copy of Liberty Mutual Fire Insurance Company Policy No. YS2-L9L-447676-011 – on its face, Exhibit 22 to the Orin Affidavit [ECF No. 105-50] states that it is Policy No. NHT374082 as issued by RSUI Indemnity Company.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 8 to Amtrak's Amended Complaint [ECF No. 65-25] is Liberty Mutual Policy No. YS2-L9L-447676-011, though that copy varies from the copy in Liberty Mutual's file in ways that are immaterial to this motion.

- **Exhibit 23** – alleged to be Lloyd's Policy '240.  Insurers deny that Exhibit 23 to the Orin Affidavit constitutes a true and correct copy of Lloyd's Policy '240 – on its face, Exhibit 23 to the Orin Affidavit [ECF No. 105-51] states that it is Policy No. NHT374083 as issued by RSUI.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 9 to Amtrak's Amended Complaint [ECF No. 65-26] is Lloyd's Policy '240, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 24** – alleged to be Lloyd's Policy '241.  Insurers deny that Exhibit 24 to the Orin Affidavit constitutes a true and correct copy of Lloyd's Policy '241 – on its face, Exhibit 24 to the Orin Affidavit [ECF No. 105-52] states that it is Policy No. IM 9805201-00 as issued by Steadfast Insurance Company.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 10 to Amtrak's Amended Complaint [ECF No. 65-27] is Lloyd's Policy '241, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 25** – alleged to be Lloyd's Policy '242.  Insurers deny that Exhibit 25 to the Orin Affidavit constitutes a true and correct copy of Lloyd's Policy '242 – on its face, Exhibit 25 to the Orin Affidavit [ECF No. 105-53] states that it is Policy No. 41794A111APR as issued by Torus.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 11 to Amtrak's Amended Complaint [ECF No. 65-28] is Lloyd's Policy '242, though that copy varies from the copy in the files of those underwriters in ways that are immaterial to this motion.

- **Exhibit 26** – alleged to be Westport Policy No. 31-3-74264 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Westport's file in ways that are immaterial to this motion.

**Statement Paragraph No. 4:**  Each of the Policies provides broad coverage for "all risk of direct physical loss of or damage to property described herein . . . except as hereinafter excluded." *See* Orin Aff. Exs. 3-26, at ¶9.

**Insurers' Response to Paragraph No. 4:**  Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3.  Insurers dispute that this excerpted language appears in each policy and incorporate Insurers' Response to Paragraph No. 7 below, reciting those policies with an insuring provision that excludes flood.

**Statement Paragraph No. 5:**  Together with other insurance policies that are not at issue in this Action because they call for arbitration of coverage disputes, the Policies provide a total of $675,000,000 in coverage on a "per occurrence" basis – meaning that Amtrak can collect up to $675,000,000 for each occurrence, as defined in the Policies. *See* Orin Aff. Exs. 2, 3-26.

**Insurers' Response to Paragraph No. 5:**  Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3.  Insurers do not dispute Amtrak's property policies provide a total of $675,000,000 in per-occurrence limits, subject to the full terms, conditions, limitations, exclusions, and endorsements, of those policies, which include (i) flood exclusions in the policies identified in Insurers' Response to Paragraph No. 7 below which is incorporated  in this response; (ii) $125,000,000 Limits of Liability (per occurrence and in any one policy year) for flood that appears in ¶3.B of the Manuscript Wording[1] and which Insurers do not dispute solely for purposes of this motion is incorporated in each of the primary policies, subject to each policy's full terms, conditions, limitations, exclusions, and endorsements; and (iii) $125,000,000 Program Limits of Insurance (per occurrence and in any one policy year) for flood that appears in ¶4.D of the Manuscript Wording (*see, e.g.*, Ex. 6 to Orin Aff.) and which Insurers do not dispute solely for purposes of this motion is incorporated in each of the excess policies, subject to each policy's full terms, conditions, limitations, exclusions and endorsements.

**Statement Paragraph No. 6:**  Each policy is comprised of a standard form that is modified through a variety of endorsements.  *See* Orin Aff Exs. 3-26.

**Insurers' Response to Paragraph No. 6:**  Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3 and Insurers' Counterstatement Paragraph No. 15.  Insurers dispute that each policy is comprised of a "standard form," though Insurers do not dispute that Amtrak and its broker-representatives prepared a Manuscript Wording that was included with the Underwriting Submission that they sent to each of the Insurers in the fall of 2011.  Solely for purposes of this motion, Insurers do not dispute that the Manuscript Wording was incorporated in each of the

---

[1] "Manuscript Wording" refers to the wording included with the Underwriting Submission sent to each of the Insurers in the fall of 2011.  *See* Mondell Decl. Ex. B.

policies at issue, subject to the terms, conditions, limitations and endorsements of each of those policies, as added by each insurer through its respective policy documentation.  *See* Mondell Decl., Ex. B ("Manuscript Wording").

**Statement Paragraph No. 7:**  None of the policies contain an exclusion for flood in either the terms and conditions or an endorsement.  *Id.*

**Insurers' Response to Paragraph No. 7:**  Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3.  Insurers dispute that Amtrak's Paragraph No. 7 on the grounds that it fails to recognize flood exclusions in certain policies in the excess layers of insurance.  Responding further, Insurers state:

- Aspen Policy No. PX5705611 provides: "Perils Covered: All Risk of Direct Physical Loss or Damage Excluding Flood and Earthquake".  *See* Am. Compl., Ex. 3 at 4.

- Lloyd's Policy '242 provides that the "TYPE" of covered risk is "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown."  *See* Am. Compl., Ex. 11 at 3.

- Lloyd's Policy '244 provides that the "TYPE" of covered risk is "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown."  *See* Am. Compl., Ex. 12 at 3.

- London Companies Policy '244 provides that the "TYPE" of covered risk is "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown."  *See* Am. Compl., Ex. 13 at 2.

- Inter Hannover Policy No. '245 provides that the "TYPE" of covered risk is: "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown."  *See* Am. Compl., Ex. 14 at 3.

- Partner Re Reinsurance Contract No. B0507N11NA08246 provides that the type of risk covered is "Facultative reinsurance covering all risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown."  *See* Mondell Decl., Ex. D.

Each of the foregoing policies (together, the "Flood Exclusion Policies") explicitly states that flood is excluded.  There is no "ensuing loss" exception to these flood exclusions.

**Statement Paragraph No. 8:**  To the contrary, each policy makes clear that "flood" is covered by establishing a sublimit for it.  *See, e.g.*, Orin Aff. Ex. 20, at ¶3.  That sublimit states as follows:

> *With respect to the perils of flood* and earthquake, this Company shall not be liable, per occurrence and in any one policy year, for more than its proportion of $125,000,000, which shall apply separately to each peril as referred to in Section 13.

*See* Orin Aff. Ex. 20, at ¶3.B (emphasis supplied).

**Insurers' Response to Paragraph No. 8:**  Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3 – including but not limited to as respects Exhibit 20 to the Orin Affidavit – and Insurers' Response to Paragraph No. 7.  Insurers do not dispute that the excerpted language appears in the Manuscript Wording and, solely for purposes of this motion, do not dispute that the Manuscript Wording is incorporated in each of the Insurers' policies, subject to the full terms, conditions, limitations, exclusions, and endorsements of those policies.  Insurers deny that the existence of the program's $125,000,000 flood limit of liability "makes clear that 'flood' is covered by establishing a sublimit for it."  Responding further, Insurers state that the program's flood limit of liability does not override the Flood Exclusion Policies' specific terms and conditions, including the explicit flood exclusion in those policies as set out in Insurers' Response to Paragraph No. 7.

**Statement Paragraph No. 9:**  The Policies' flood sublimit provisions expressly applies [*sic*] "with respect to the peril[ ] of flood" and goes on to state: Even if the peril of flood or earthquake is the predominant cause of loss or damage, *any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits* or aggregates specified in this Clause B[.]" *See id.* (emphasis supplied).

**Insurers' Response to Paragraph No. 9:**  Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3 – including as respects Exhibit 20 to the Orin Affidavit – and Insurers' Responses to Paragraph Nos. 7 and 8.  Insurers do not dispute that the excerpted language

appears in the Manuscript Wording and, solely for purposes of this motion, do not dispute that the Manuscript Wording is incorporated in each of the Policies, subject to those Policies' full terms, conditions, limitations, exclusions, and endorsements.

**Statement Paragraph No. 10:**   This carve-out for ensuing loss or damage repeats throughout the Policies, such as in the section excluding coverage for:

- "errors in processing or manufacture of the Insured's product *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

- "ordinary wear and tear, or gradual deterioration *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

- "normal settling or normal shrinkage of walls, floors, or ceilings *unless loss or damage not otherwise excluded and then this policy shall cover for such ensuing loss or damage*";

- "electrical injury or disturbance to electrical appliances, devices, or wiring caused by electrical currents artificially generated *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*";

- "mechanical breakdown *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*"; and

- "explosion, rupture, or bursting of steam boilers, steam pipes, steam turbines, or steam engines owned or operated by the Insured *unless loss or damage not otherwise excluded ensues and then this policy shall cover for such ensuing loss or damage*."

*See id.* at ¶ 10.C-H (emphasis supplied).

**Insurers' Response to Paragraph No. 10:**   Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3, including but not limited to as respects Exhibit 20 to the Orin Affidavit.   Insurers do not dispute that the excerpted language appears in the Manuscript Wording without the emphasis supplied in Paragraph No. 10, and solely for purposes of this motion do not dispute that the Manuscript Wording is incorporated in each of the Policies, subject to those Policies' full terms, conditions, limitations, exclusions, and endorsements.

**Statement Paragraph No. 11:**   Each of the policies sets forth one of the following three definitions of "flood":

1. The "Narrow Flood Definition" – "a *rising and overflowing of a body of water* onto normally dry land." *See* Orin Aff. Exs. 3-19, at ¶13.A (emphasis supplied).[2]

2. The "Expanded Flood Definition" – "a temporary condition of partial or complete inundation of normally dry land from *(1) the overflow of inland or tidal waters outside the normal watercourse or natural boundaries*; (2) the overflow, release, rising, back-up, runoff or surge of surface water; or (3) The unusual or rapid accumulation or runoff of surface water from any sour.[3] A Tsunami shall not be considered Flood as defined above." *See* Orin Aff. Exs. 20-25, at Endorsement 13 (emphasis supplied).[4]

3. The "Broad Flood Definition" – "Flood; surface water, flood waters, waves, tide or tidal waters, sea surge, tsunami, the release of water, *the rising, overflowing or breaking of defenses of natural or manmade bodies of water* or wind driven water; regardless of any other cause or vent[5] contributing concurrently or in any other sequence of loss." *See* Orin Aff. Ex. 26, at Endorsement 13 (emphasis supplied).[6]

**Insurers' Response to Paragraph No. 11:** Insurers reaffirm and incorporate Insurers' Response

to Paragraph No. 3.

Insurers do not dispute that the excerpted language in sub-paragraph 1, without the label

"Narrow Flood Definition" supplied by Amtrak in sub-paragraph 1, appears in the Manuscript

---

[2] Arch Specialty Policy No. ESP0047205-00 (Orin Aff. Ex. 3); Aspen Specialty Insurance Company Policy Nos. PXA4VP611 and PX5705611 (Orin Aff. Exs. 4-5); Commonwealth Insurance Company. Policy No. US9434 (Orin Aff. Ex. 6); Federal Insurance Company Policy No. 6684888 (Orin Aff. Ex. 7); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08244 (Lloyd's), 507/N11NA08244 (Companies), 507/N11NA08245 and GEP 2944 (Orin Aff. Exs. 8-11); Maiden Specialty Insurance Company Policy No. S1LPY0151600S (Orin Aff. Ex. 12); Maxum Indemnity Company Policy No. MSP 6014096-02 (Orin Aff. Ex. 13); Navigators Insurance Company Policy No. NC10L1M016908-01 (Orin Aff. Ex. 14); Partner Reinsurance Europe plc Policy No. NRPCN11NA08246 (Orin Aff. Ex. 15); RSUI Indemnity Company Policy Nos. NHT374082 and NHT374083 (Orin Aff. Exs. 16-17); Steadfast Insurance Company Policy No. IM 9805201-00 (Orin Aff. Ex. 18); Torus Insurance Company Policy No. 41794A111APR (Orin Aff. Ex. 19).

[3] This is the exact wording that appears in the endorsement.

[4] Lexington Policy Nos. 084144000 and 084144282 (Orin Aff. Exs. 20-21); Liberty Mutual Insurance Company Policy No. YS2-L9L-447676-011 (Orin Aff. Ex. 22); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241 and 507/N11NA08242 (Orin Aff. Exs. 23-25).

[5] This is the exact wording that appears in the endorsement.

[6] Westport Insurance Corporation Policy No. 31-3-74264 (Orin Aff. Ex. 26).

Form and is incorporated in the following policies as part of ¶13 "EARTHQUAKE AND FLOOD" and is subject to each policy's full terms, conditions, limitations, exclusions, and endorsements:

- Arch Policy No. ESP0047205-00
- Aspen Policy Nos. PXA4VP611 and PX5705611
- Commonwealth Policy No. US9434
- Federal Policy No. 6684888
- Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/N11NA08244 (Lloyd's), 507/N11NA08244 (Companies), 507/N11NA08245 and GEP 2944
- Maiden Specialty Policy No. S1LPY0151600S
- Maxum Policy No. MSP 6014096-02
- Navigators Policy No. NC10L1M016908-01
- Partner Re Reinsurance Contract No. B0507N11NA08246
- RSUI Policy Nos. NHT374082 and NHT374083
- Steadfast Policy No. IM 9805201-00
- Torus Policy No. 41794A111APR

Insurers do not dispute that the excerpted language in sub-paragraph 2 is a substantially accurate recitation (though mis-punctuated in sub-paragraph 2 to include a semi-colon and period that do not appear in the original, and the original does not include the label supplied by Amtrak in sub-paragraph 2, "Expanded Flood Definition") of language that appears in Lexington Policy Nos. 084144000 and 084144282 (in Endorsement No. 13) and certain policies that incorporate the Lexington wording, namely: Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241 and 507/N11NA08242.   The excerpted language in sub-paragraph 2 is part of ¶13 "EARTHQUAKE AND FLOOD" in those policies and is subject to each policy's full terms, conditions, limitations, exclusions, and endorsements.

Insurers do not dispute that the excerpted language in sub-paragraph 3 is a substantially accurate recitation (though mis-punctuated in sub-paragraph 3 to include a semi-colon and omit two commas, and the original does not include the label supplied by Amtrak in sub-paragraph 3, "Broad Flood Definition") of language incorporated in Westport Insurance Corporation's Policy No. 31-3-74264 as part of ¶13 "EARTHQUAKE AND FLOOD" and is subject to that policy's full terms, conditions, limitations, exclusions, and endorsements.

**Statement Paragraph No. 12:**   In addition to the Expanded Flood Definition, the Lexington policies also add a definition of "Named Storm" by the same endorsement.   Under that endorsement, "Named Storm" is defined as "[a] storm that has been declared by the National Weather Service to be a Hurricane, Typhoon, Tropical Cyclone, Tropical Storm or Tropical Depression."   *See* Orin Aff. Exs. 20-21, at Endorsement 13.

**Insurers' Response to Paragraph No. 12:**   Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3, including as respects Exhibits 20 and 21 to the Orin Affidavit. Responding further, Insurers do not dispute that the Lexington policies each incorporate an Endorsement No. 13 which is accurately quoted in part in Paragraph No. 12, and which is subject to those policies' full terms, conditions, limitations, exclusions, and endorsements, including the full provisions of Endorsement No. 13.

**Statement Paragraph No. 13:**   Neither one of Lexington's policies, however, contains a Named Storm sublimit.   *See* Orin Aff. Exs. 20-21.

**Insurers' Response to Paragraph No. 13:**   Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3, including but not limited to as respects Exhibits 20 and 21 to the Orin Affidavit.   Responding further, Insurers do not dispute that the Lexington policies do not contain a Named Storm sublimit.

**Statement Paragraph No. 14:**  All of the Policies contain an express provision called "Policy Authors" which states:

> Regardless of who may have drafted or prepared this policy, or any portions thereof, the provisions contained herein shall be deemed to have been authored by this [Insurance] Company.

*See* Orin Aff. Exs. 3-26, at ¶ 38.  Some of the Policies deleted this provision by endorsement.[7]

**Insurers' Response to Paragraph No. 14:** Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3.   Insurers do not dispute that this language appears in the Manuscript Wording, and was incorporated in certain of the policies and deleted from others as specified in Amtrak's caveat in footnote 6 to Paragraph No. 14, citing those policies that deleted the Policy Authors provision.

### INSURERS' LOCAL CIVIL RULE 56.1 COUNTERSTATEMENT OF ADDITIONAL MATERIAL FACTS

15.     Amtrak and its broker-representatives prepared a draft insurance policy – the "Manuscript Wording" – that was included in the "Underwriting Submission" that they sent to each of the Insurers in the fall of 2011 and proposed as the basis for the policies Insurers underwrote.   *See* Mondell Decl., Exs. A ("Underwriting Submission") and B ("Manuscript Wording").   *See also* Mondell Decl., Ex. F  (deposition testimony of Amtrak's Rule 30b(6) corporate representative, Cathy Rawlings, Director of Risk Management ("Rawlings Dep.") at 55:04 – 58:12, 70:03 – 70:16.

16.     Each of Insurers' policies incorporates a provision "EARTHQUAKE AND FLOOD" that is drawn from the Manuscript Wording, which provides in relevant part:

---

[7] *See* Lexington Policy Nos. 084144000 and 084144282 (Orin Aff. Exs. 20-21); Liberty Mutual Insurance Company Policy No. YS2-L9L-447676-011 (Orin Aff. Ex. 22); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241 and 507/N11NA08242 (Orin Aff. Exs. 23-25) and Westport Policy No. 31-3-74264 (Orin Aff. Ex. 26).

Each loss by earthquake or flood shall constitute a single loss hereunder if:

      \*         \*         \*

(2) any flood occurs within a period of the continued arising or overflow of any river(s) or stream(s) or other bodies of water and the subsidence of same within their normal confines; or

(3) any flood results from any tidal wave or series of tidal waves caused by any one disturbance.

*See* Mondell Decl., Ex. B at 17, ¶ 13.A.  Each of the Policies incorporates the language excerpted above together with a definition of flood as summarized in Insurers' Response to Paragraph 3. None of the policies at issue separately define the term "storm surge."

17.    Amtrak and its broker-representatives provided to Insurers as part of the Underwriting Submission a "Target Program" chart outlining the intended structure for Amtrak's insurance program.  *See* Mondell Decl., Ex. C.  The Target Program chart states that the excess layers "exclude[] Earthquake or Flood."  *Id.*

18.    Amtrak's operative allegations regarding its insurance claim are set out in its Amended Complaint.  *See* Mondell Decl., Ex. E (Am. Compl.).

19.    Amtrak has power-washed neither the East River Tunnel nor the North River Tunnel since Sandy.  *See* Mondell Decl., Ex. F (Rawlings Dep. at 148:13 – 149:20).

20.    Amtrak now seeks in excess of $1.1 billion from Insurers, over $900 million of which is Amtrak's Saltwater Claim to replace the bench walls and the track structure in their entirety.  *See* Mondell Decl., Ex. G (December 12, 2014 letter from R. Goodman with one-page enclosure summarizing Amtrak's claim); *see also* Mondell Decl., Ex. E (Am. Compl. at ¶ 79).

21.    Despite Amtrak's arguments regarding supposed "ensuing loss," Amtrak has not pled or stated in its motion what "ensuing loss" it submits occurred, and its corporate representative could shed no further light on this issue.  *See* Mondell Decl., Ex. F (Rawlings Dep. at 260:25 – 265:18).

Dated: New York, New York
       January 8, 2015

ROPES & GRAY LLP

By:  /s/ Catherine A. Mondell
Catherine A. Mondell
(catherine.mondell@ropesgray.com)
800 Boylston Street
Boston, MA  02199
Telephone: (617) 951-7000
Evan P. Lestelle
(evan.lestelle@ropesgray.com)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000

*Attorneys for Defendants Partner Reinsurance Europe plc, Torus Specialty Insurance Company, Westport Insurance Corporation, and Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. GEP 2944, 507/N11NA08242, 507/N11NA08244, and 507/N11NA08244.*

All other signatories listed, and on whose behalf this filing is submitted, consent to its filing.

MOUND COTTON WOLLAN & GREENGRASS

By:  /s/ Costantino P. Suriano
Costantino P. Suriano
(csuriano@moundcotton.com)
Bruce R. Kaliner
(bkaliner@moundcotton.com)
One New York Plaza
New York, New York 10004
Telephone: (212) 804-4200

*Attorneys for Defendants Commonwealth Insurance Company, Lexington Insurance Company, Maiden Specialty Insurance Company, Steadfast Insurance Company, and International Insurance Company of Hannover SE.*

BRUCKMANN & VICTORY, L.L.P

By:  /s/ Arjang Victory
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170
Tel: (212) 850-8500

*Attorneys for Defendants Arch Specialty Insurance
Company, Aspen Specialty Insurance Company,
Federal Insurance Company, Certain Underwriters
at Lloyd's of London and Certain London Market
Insurance Companies subscribing to Policy Nos.
507/Nl1NA08240 and 507/N11NA08241, Maxum
Indemnity Company, Navigators Insurance
Company, and RSUI Indemnity Company.*

FINAZZO COSSOLINI O'LEARY MEOLA &
HAGER, LLC

By:     /s/  Christopher  S.  Finazzo

Christopher S. Finazzo
(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033

*Attorneys for Defendant Liberty Mutual Fire
Insurance Company.*

18