UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NATIONAL RAILROAD PASSENGER                    14 CV 7510 (JSR)
CORPORATION,

                                   Plaintiff

                    - vs. -

ARCH SPECIALTY INSURANCE COMPANY;
ASPEN SPECIALTY INSURANCE COMPANY;
COMMONWEALTH INSURANCE COMPANY;
FEDERAL INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
LIBERTY MUTUAL FIRE INSURANCE COMPANY;
CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON
and CERTAIN LONDON MARKET INSURANCE
COMPANIES subscribing to Policy Nos.
507/N11NA0820, 507/N11NA08241, 507/N11NA08242,
507/N11NA08244, 507/N11NA08244, 507/N11NA08245
and GEP2944; MAIDEN SPECIALTY INSURANCE
COMPANY; MAXUM INDEMNITY COMPANY;
NAVIGATORS INSURANCE COMPANY;
PARTNER REINSURANCE EUROPE plc;
RSUI INDEMNITY COMPANY;
STEADFAST INSURANCE COMPANY;
TORUS SPECIALTY INSURANCE COMPANY; and
WESTPORT INSURANCE CORPORATION,
                                   Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**INSURERS' LOCAL RULE 56.1 COUNTERSTATEMENT OF FACTS IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING
THE OCCURRENCE ENDORSEMENT**


        Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Courts for

the Southern and Eastern Districts of New York, Defendants Arch Specialty Insurance Company

("Arch"), Aspen Specialty Insurance Company ("Aspen"), Commonwealth Insurance Company

("Commonwealth"), Federal Insurance Company ("Federal"), Lexington Insurance Company

("Lexington"), Liberty Mutual Fire Insurance Company ("Liberty Mutual"), Certain

1

Underwriters at Lloyd's of London, and Certain London Market Companies Subscribing to Policy Nos. 507/N11NA08240 ("Lloyd's '240 Policy"), 507/N11NA08241 ("Lloyd's '241 Policy"), 507/N11NA08242 ("Lloyd's '242 Policy"), 507/N11NA08244 ("Lloyd's '244 Policy"), 507/N11NA08244 ("London Companies '244 Policy"), 507/N11NA08245 ("Inter Hannover") and GEP 2944 ("GEP"), Maiden Specialty Insurance Company ("Maiden Specialty"), Maxum Indemnity Company ("Maxum"), Navigators Insurance Company ("Navigators"), Partner Reinsurance Europe plc ("Partner Re"), RSUI Indemnity Company ("RSUI"), Steadfast Insurance Company ("Steadfast"), Torus Specialty Company ("Torus"), and Westport Insurance Corporation ("Westport") (together, "Insurers") submit this Counterstatement of Facts in opposition to Plaintiff National Railroad Passenger Corporation's ("Amtrak") Local Rule 56.1 Statement of Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment Regarding the Occurrence Endorsement.

## INSURERS' RESPONSE TO AMTRAK'S LOCAL CIVIL RULE 56.1 STATEMENT

**Statement Paragraph No. 1:**  Amtrak is a government-owned entity created under the auspices of the Rail Passenger Services Act of 1970.  *See* Annual Report Fiscal Year 2012, copy attached as Ex. 1 to the Affidavit of Rhonda D. Orin (the "Orin Aff."), at p. 5. Congress created Amtrak in 1970 to take over, and independently operate, the nation's intercity rail passenger services.  *Id.*

**Insurers' Response to Paragraph No. 1:** The Insurers do not dispute the allegations recited in Paragraph No. 1, but object to the extent Amtrak purports to rely on Orin Aff. Ex. 1 for anything other than the propositions recited in Paragraph No. 1.

**Statement Paragraph No. 2:**  For the policy period at issue in this Action, Amtrak purchased a tower of "all-risk" property insurance policies that insured Amtrak's critically important and valuable property.  *See* Orin Aff. Ex. 2.

**Insurers' Response to No. 2:**  Insurers do not dispute that Amtrak purchased a set of property insurance policies for the 2011-12 policy year, and that such policies insured Amtrak property, subject to the full terms, conditions, limitations, exclusions, and endorsements of those policies.

Insurers dispute, however, the characterization of Amtrak's property as "critically important and valuable," because neither Exhibit 2 to the Affidavit of Rhonda D. Orin ("Orin Affidavit" or "Orin Aff.") nor any other evidence submitted by Amtrak establishes the importance or value of its property. *See, e.g., Travelers Indem. Co. of Illinois v. Hunter Fan Co., Inc.*, No. 99 CIV. 4863, 2001 WL 1035146 at *3 (S.D.N.Y. Sept. 10, 2001) ("Rule 56.1(c) cannot be read to mandate that district courts deem as admitted supposed 'facts' which have not been supported by admissible evidence, and this Court declines to do so in this case.").

**Statement Paragraph No. 3:**  Copies of the insurance policies at issue in this Action (the "Policies") are attached to the Orin Aff. as Exs. 3-26.

**Insurers' Response to Paragraph No. 3:**  Insurers do not dispute, for purposes of this motion, that Amtrak has accurately quoted from Endorsement No. 9 to the Policies in its memorandum of law in support of its motion. Insurers dispute this Paragraph in that the Orin Affidavit (i) mis-numbers the attached exhibits; (ii) in many instances provides incomplete copies of the policy documents; and (iii) persists in describing as the "Partner Re Policy" a document that is a draft policy to which Partner Re is not a party.  Insurers respond as to each submitted policy as follows:

- **Exhibit 3** – alleged to be Arch Policy No. ESP0047205 – undisputed solely for purposes of this motion; the copy provided varies from the copy in Arch's file in ways that are immaterial to this motion.

- **Exhibit 4** – alleged to be Aspen Policy No. PXA4VP611 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Aspen's file in ways that are immaterial to this motion.

- **Exhibit 5** – alleged to be Aspen Policy No. PX5705611 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Aspen's file in ways that are immaterial to this motion.

- **Exhibit 6** – alleged to be Commonwealth Policy No. US9434 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Commonwealth's file in ways that are immaterial to this motion.

- **Exhibit 7** – alleged to be Federal Policy No. 6684888 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Federal's file in ways that are immaterial to this motion.

- **Exhibit 8** – alleged to be Lloyd's '244 Policy.  Insurers deny that Exhibit 8 to the Orin Affidavit constitutes a true and correct copy of Lloyd's '244 Policy – on its face, Exhibit 8 to the Orin Affidavit [ECF Nos. 105-25 through 105-31] states that it is Policy No. 084144000, issued by Lexington.  Moreover, the document listed as Exhibit 10 on PACER [ECF No. 105-33] is also mis-labeled as Exhibit 8 and, for the avoidance of doubt, Insurers also deny that Exhibit 10 (mis-labeled as a second Exhibit 8) represents a true and correct copy of Lloyd's '244 Policy; on its face, that document represents Policy No. YS2-L9L-447676-011 as issued by Liberty Mutual.  Responding further, solely for purposes of this motion, Insurers do not dispute that Exhibit 12 to Amtrak's Amended Complaint [ECF No. 65-29] is Lloyd's '244 Policy, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 9** – alleged to be London Companies '244 Policy.  Insurers deny that Exhibit 9 to the Orin Affidavit constitutes a true and correct copy of London Companies '244 Policy – on its face, Exhibit 9 to the Orin Affidavit [ECF No. 105-32] states that it is Policy No. 084144282 as issued by Lexington.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 13 to Amtrak's Amended Complaint [ECF No. 65-30] is London Companies '244 Policy, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 10** – alleged to be Policy No. 507/N11NA08245 as subscribed to by Inter Hannover.  As a preliminary matter, the document listed as Exhibit 10 [ECF No. 105-33] (as available on PACER) is labeled as Exhibit 8.  Insurers deny that such document constitutes a true and correct copy of Inter Hannover Policy – on its face, the document listed as Exhibit 10 to the Orin Affidavit but mis-labeled as Exhibit 8 states that it is Policy No. YS2-L9L-447676-011 as issued by Liberty Mutual.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 14 to Amtrak's Amended Complaint [ECF No. 65-31] is Inter Hannover Policy No. 507/N11NA08245, though that copy varies from the copy in Inter Hannover's file in ways that are immaterial to this motion.

- **Exhibit 11** – alleged to be GEP Policy No. 2944 as subscribed to by Certain Underwriters at Lloyd's and Certain London Market Companies.  Insurers deny that Exhibit 11 to the Orin Affidavit constitutes a true and correct copy of GEP Policy No. 2944 – on its face, Exhibit 11 to the Orin Affidavit [ECF No. 105-34] states that it is Lloyd's Policy '240.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 15 to Amtrak's Amended Complaint [ECF No. 65-32] is GEP Policy No. 2944, though that copy varies from the copy in the file of the relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 12** – alleged to be Maiden Specialty Policy No. S1LPY0151600S.  Insurers deny that Exhibit 12 to the Orin Affidavit constitutes a true and correct copy of Maiden

4

Specialty Policy No. S1LPY0151600S – on its face, Exhibit 12 to the Orin Affidavit [ECF No. 105-35] states that it is Lloyd's Policy '241. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 16 to Amtrak's Amended Complaint [ECF No. 65-33] is Maiden Specialty Policy No. S1LPY0151600S, though that copy varies from the copy in Maiden's file in ways that are immaterial to this motion.

- **Exhibit 13** – alleged to be Maxum Policy No. MSP 6014096-02. Insurers deny that Exhibit 13 to the Orin Affidavit constitutes a true and correct copy of Maxum Policy No. MSP 6014096-02 – on its face, Exhibit 13 to the Orin Affidavit [ECF No. 105-36] states that it is Lloyd's Policy '242. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 17 to Amtrak's Amended Complaint [ECF No. 65-34] is Maxum Policy No. MSP 6014096-02, though that copy varies from the copy in Maxum's file in ways that are immaterial to this motion.

- **Exhibit 14** – alleged to be Navigators Policy No. "NC10L1M016908-01" (*sic*). Insurers deny that Exhibit 14 to the Orin Affidavit constitutes a true and correct copy of Navigators Policy No. NC10ILM016908-01 – on its face, Exhibit 14 to the Orin Affidavit [ECF No. 105-37] states that it is Lloyd's Policy '244. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 18 to Amtrak's Amended Complaint [ECF No. 65-35 through 65-40] is Navigators Policy No. NC10ILM016908-01, though that copy varies from the copy in Navigators' file in ways that are immaterial to this motion.

- **Exhibit 15** – alleged to be Partner Re Policy No. NPRC-N11NA08246. Insurers deny that Exhibit 15 to the Orin Affidavit constitutes a true and correct copy of Partner Re's Policy No. NPRC-N11NA08246 – on its face, Exhibit 15 to the Orin Affidavit [ECF No. 105-38] states that it is London Companies Policy '244. As detailed more fully in Partner Re's motion to dismiss and accompanying briefs, Partner Re underwrote a reinsurance contract in favor of Passenger Railroad Insurance Limited, and has no contract with Amtrak. Responding further, Insurers refer the Court to Mondell Decl. at ¶ 5 attaching Declaration of Partner Re underwriter, Daniel Bollier as it was submitted with Partner Re's Motion for Joinder and/or to Dismiss pursuant to Fed. R. Civ. P. 12(B)(7) & 19. Exhibits A - D of the Bollier Declaration comprise a copy of the Partner Re reinsurance contract and endorsements.

- **Exhibit 16** – alleged to be RSUI Policy No. NHT374082. Insurers deny that Exhibit 16 to the Orin Affidavit constitutes a true and correct copy of RSUI Policy No. NHT374082 – on its face, Exhibit 16 to the Orin Affidavit [ECF No. 105-39] states that it is Policy No. 507/N11NA08245 as subscribed to by Inter Hannover. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 20 to Amtrak's Amended Complaint [ECF No. 65-42] is RSUI Policy No. NHT374082, though that copy varies from the copy in RSUI's file in ways that are immaterial to this motion.

- **Exhibit 17** – alleged to be RSUI Policy No. NHT374083. Insurers deny that Exhibit 17 to the Orin Affidavit constitutes a true and correct copy of RSUI Policy No. NHT374083

– on its face, Exhibit 17 to the Orin Affidavit [ECF No. 105-40] states that it is GEP Policy No. 2944.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 21 to Amtrak's Amended Complaint [ECF No. 65-43] is RSUI Indemnity Policy No. NHT374083, though that copy varies from the copy in RSUI's file in ways that are immaterial to this motion.

- **Exhibit 18** – alleged to be Steadfast Policy No. IM 9805201-00.  Insurers deny that Exhibit 18 to the Orin Affidavit constitutes a true and correct copy of Steadfast Policy No. IM 9805201-00 – on its face, Exhibit 18 to the Orin Affidavit [ECF No. 105-41] states that it is Policy No. S1LPY0151600S as issued by Maiden Specialty.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 22 to Amtrak's Amended Complaint [ECF No. 65-44] is Steadfast Policy No. IM 9805201-00.

- **Exhibit 19** – alleged to be Torus Policy No. 41794A111APR.  Insurers deny that Exhibit 19 to the Orin Affidavit constitutes a true and correct copy of Policy No. 41794A111APR as issued by Torus – on its face, Exhibit 19 to the Orin Affidavit [ECF No. 105-42] states that it is Policy No. MSP 6014096-02 as issued by Maxum.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 23 to Amtrak's Amended Complaint [ECF No. 65-45] is Torus Policy No. 41794A111APR, though that copy varies from the copy in Torus' file in ways that are immaterial to this motion.

- **Exhibit 20** – alleged to be Lexington Policy No. 084144000.  Insurers deny that Exhibit 20 to the Orin Affidavit constitutes a true and correct copy of Lexington Policy No. 084144000 – on its face, Exhibit 20 to the Orin Affidavit [ECF No. 105-43 through 105-48] states that it is Policy No. NC10ILM016908-01 as issued by Navigators.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 6 to Amtrak's Amended Complaint [ECF No. 65-17 through 65-23] is Lexington Policy No. 084144000, though that copy varies from the copy in Lexington's file in ways that are immaterial to this motion.

- **Exhibit 21** – alleged to be Lexington Policy No. 084144282.  Insurers deny that Exhibit 21 to the Orin Affidavit constitutes a true and correct copy of Policy No. 084144282 as issued by Lexington – on its face, Exhibit 21 to the Orin Affidavit [ECF No. 105-49] states that it is Policy No. NRPC-N11NA08246 as issued by Passenger Railroad Insurance, Limited.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 7 to Amtrak's Amended Complaint [ECF No. 65-24] is Lexington Policy No. 084144282, though that copy varies from the copy in Lexington's file in ways that are immaterial to this motion.

- **Exhibit 22** – alleged to be Liberty Mutual Policy No. YS2-L9L-447676-011.  Insurers deny that Exhibit 22 to the Orin Affidavit constitutes a true and correct copy of Liberty Mutual Fire Insurance Company Policy No. YS2-L9L-447676-011 – on its face, Exhibit 22 to the Orin Affidavit [ECF No. 105-50] states that it is Policy No. NHT374082 as issued by RSUI Indemnity Company.  Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 8 to Amtrak's Amended Complaint [ECF No.

65-25] is Liberty Mutual Policy No. YS2-L9L-447676-011, though that copy varies from the copy in Liberty Mutual's file in ways that are immaterial to this motion.

- **Exhibit 23** - alleged to be Lloyd's Policy '240. Insurers deny that Exhibit 23 to the Orin Affidavit constitutes a true and correct copy of Lloyd's Policy '240 – on its face, Exhibit 23 to the Orin Affidavit [ECF No. 105-51] states that it is Policy No. NHT374083 as issued by RSUI. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 9 to Amtrak's Amended Complaint [ECF No. 65-26] is Lloyd's Policy '240, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 24** – alleged to be Lloyd's Policy '241. Insurers deny that Exhibit 24 to the Orin Affidavit constitutes a true and correct copy of Lloyd's Policy '241 – on its face, Exhibit 24 to the Orin Affidavit [ECF No. 105-52] states that it is Policy No. IM 9805201-00 as issued by Steadfast Insurance Company. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 10 to Amtrak's Amended Complaint [ECF No. 65-27] is Lloyd's Policy '241, though that copy varies from the copy in the files of relevant underwriters in ways that are immaterial to this motion.

- **Exhibit 25** – alleged to be Lloyd's Policy '242. Insurers deny that Exhibit 25 to the Orin Affidavit constitutes a true and correct copy of Lloyd's Policy '242 – on its face, Exhibit 25 to the Orin Affidavit [ECF No. 105-53] states that it is Policy No. 41794A111APR as issued by Torus. Responding further, solely for the purposes of this motion, Insurers do not dispute that Exhibit 11 to Amtrak's Amended Complaint [ECF No. 65-28] is Lloyd's Policy '242, though that copy varies from the copy in the files of those underwriters in ways that are immaterial to this motion.

- **Exhibit 26** – alleged to be Westport Policy No. 31-3-74264 – undisputed solely for purposes of this motion, though the copy provided varies from the copy in Westport's file in ways that are immaterial to this motion.

**Statement Paragraph No. 4:** Each of the Policies provides broad coverage for "all risk of direct physical loss of or damage to property described herein . . . except as hereinafter excluded." *See* Orin Aff. Exs. 3-26, at ¶9.

**Insurers' Response to Paragraph No. 4:** Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3. Insurers dispute that this excerpted language appears in each policy and further state:

- Aspen Policy No. PX5705611 provides: "Perils Covered: All Risk of Direct Physical Loss or Damage Excluding Flood and Earthquake." *See* Am. Compl., Ex. 3 at 4.

- Lloyd's Policy '242 provides that the "TYPE" of covered risk is "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown." *See* Am. Compl., Ex. 11 at 3.

- Lloyd's Policy '244 provides that the "TYPE" of covered risk is "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown." *See* Am. Compl., Ex. 12 at 3.

- London Companies Policy '244 provides that the "TYPE" of covered risk is "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown." *See* Am. Compl., Ex. 13 at 2.

- Inter Hannover Policy No. '245 provides that the "TYPE" of covered risk is: "All risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown." *See* Am. Compl., Ex. 14 at 3.

- Partner Re Reinsurance Contract No. B0507N11NA08246 provides that the type of risk covered is "Facultative reinsurance covering all risks of direct physical loss or damage excluding flood, earthquake, terrorism, boiler explosion and machinery breakdown." *See* Mondell Decl. Ex. D.

Each of the foregoing policies (together, the "Flood Exclusion Policies") explicitly states that flood is excluded.

**Statement Paragraph No. 5:** Together with other insurance policies that are not at issue in this Action because they call for arbitration of coverage disputes, the Policies provide a total of $675,000,000 in coverage on a "per occurrence" basis – meaning that Amtrak can collect up to $675,000,000 for each occurrence, as defined in the Policies. *See* Orin Aff. Exs. 2, 3-26.

**Insurers' Response to Paragraph No. 5:** Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3. Insurers do not dispute Amtrak's property policies provide a total of $675,000,000 in per-occurrence limits, subject to the full terms, conditions, limitations, exclusions, and endorsements of those policies, which include (i) flood exclusions in the policies identified in Insurers' Response to Paragraph No. 4 above which is incorporated in this response; (ii) $125,000,000 Limits of Liability (per occurrence and in any one policy year) for flood that

appears in ¶3.B of the Manuscript Wording[1] and which Insurers do not dispute solely for

purposes of this motion is incorporated in each of the primary policies, subject to each policy's

full terms, conditions, limitations, exclusions, and endorsements; and (iii) $125,000,000 Program

Limits of Insurance (per occurrence and in any one policy year) for flood that appears in ¶4.D of

the manuscript wording (*see, e.g.,* Ex. 6 to Orin Aff.) and which Insurers do not dispute solely

for purposes of this motion is incorporated in each of the excess policies, subject to each policy's

full terms, conditions, limitations, exclusions and endorsements.

**Statement Paragraph No. 6:**  Each of the Policies contains an endorsement that defines
"occurrence" as follows:

> Any insured loss or several insured losses arising directly from one common
> cause, event or catastrophe and during the period of this insurance.  If such loss or
> several losses are attributable to several causes in an unbroken chain of causation,
> the cause which triggered the chain of causation is understood to be the common
> cause, event or catastrophe.  All such loss or losses shall be added up and the
> result shall be treated as one occurrence irrespective of the period of time or area
> within which such losses occur.  In case of uncertainty over scientific issues, the
> parties agree to seek expert advice from a neutral and recognized organization.

See Orin Aff. Exs. 3-26, at Endorsement No. 9 (emphasis supplied).

**Insurers' Response to Statement Paragraph No. 6:** Insurers reaffirm and incorporate Insurers'

Response to Paragraph No. 3.  Insurers do not dispute that the excerpted language appears in the

Manuscript Wording and, solely for purposes of this motion, do not dispute that the Manuscript

Wording is incorporated in each of the Insurers' policies, subject to the full terms, conditions,

limitations, exclusions, and endorsements of those policies.

**Statement Paragraph No. 7:** The Occurrence Endorsement serves the purpose of identifying
what types of losses are to be grouped together, or aggregated, under a single set of policy limits.
For example, the policy limits of Policy No. 084144000 sold by Lexington Insurance Company
("Lexington") are 28% of $125,000,000. *See* Orin Aff. Ex. 20, at ¶¶1-2.  The Lexington policy
then provides:

---

[1] "Manuscript Wording" refers to the wording included with the Underwriting Submission sent to each of the
Insurers in the fall of 2011. *See* Mondell Decl. Ex. B.

> This Company shall not be liable for more than its proportion [28%] of
> $125,000,000 in any one occurrence …

*See id.* at ¶ 3.  Thus, for each "occurrence," as defined in the policy, Lexington is obligated to
pay up to 28% of $125,000,000.

**Insurers' Response to Paragraph No. 7:** Insurers reaffirm and incorporate Insurers' Response
to Paragraph No. 3.  Insurers dispute Amtrak's characterization of Endorsement No. 9 in
Paragraph No. 7 as anything other than a definition of the term "occurrence," and Amtrak has set
forth no evidence of the "purpose" of the Occurrence Endorsement other than the plain language
of the Occurrence Endorsement itself.

**Statement Paragraph No. 8:** The Polices' definition of "occurrence" includes only losses that
arise "directly" from one common cause, event or catastrophe.  *See* Orin Aff. Exs. 3-26 at
Endorsement No. 9.

**Insurers' Response to Paragraph No. 8:** Insurers reaffirm and incorporate Insurers' Response
to Paragraph No. 3.  Insurers do not dispute that the excerpted language appears in the
Manuscript Wording and, solely for purposes of this motion, do not dispute that the Manuscript
Wording is incorporated in each of the Insurers' policies, subject to the full terms, conditions,
limitations, exclusions, and endorsements of those policies.  Insurers dispute Paragraph 8 to the
extent Amtrak suggests that the second and third sentences of the Occurrence Endorsement –
which allow for losses "attributable to several causes in an unbroken chain of causation" to be
treated as one occurrence, with "the cause which triggered the chain . . .  understood to be the
common cause, event or catastrophe" – should be read out of the Occurrence Endorsement.  *See*
Orin Aff. Exs. 3-7, 26, Am. Compl. Exs. 6-18, 20-23 at Endorsement No. 9; *see also* Mondell
Decl. ¶ 5 Ex. D.

**Statement Paragraph No. 9:** In contrast to the use of the lone word "directly" in the Occurrence
Endorsement, other parts of the Policies use the phrase "directly or indirectly."  For example:

· Paragraph 10.I excludes coverage for nuclear radiation or radioactive contamination, "whether such loss be *direct or indirect, proximate or remote*;"

· Endorsement No.1 excludes "Loss of, damage to or loss of use of property *directly or indirectly* resulting from sub-surface operations of the insured . . .";

· Endorsement No. 2 excludes "damage or Consequential Loss *directly or indirectly* caused by, consisting of, or arising from the failure of any computer, data processing equipment, media microchip, operating system microprocessors (computer chip), integrated circuit or similar device, or any computer software, whether the property of the Insured or not, and whether occurring before, during or after the year 2000 . . . .  Such Damage or Consequential Loss described in A, B, or C above, is excluded regardless of any other cause that contributed concurrently or in any other sequence:"

· Endorsement No. 3 excludes "Damage or Consequential Loss *directly or indirectly* caused by, consisting of, or arising from: 1. Any functioning or malfunctioning or the internet or similar facility . . . ";

· Endorsement No. 7 excludes "loss, damage, cost or expense of whatsoever nature *directly or indirectly* caused by, consisting of, or in connection with the actual or threatened malicious use of pathogenic or poisonous biological or chemical materials regardless of any other cause or event contributing concurrently or in any other sequence thereto"; and

· Endorsement No. 12 excludes "loss, damage, cost or expense of whatsoever nature *directly or indirectly* caused by, consisting of, or in connection with any act of terrorism regardless of any other cause or event contributing concurrently or in any other sequence to the loss."

*See, e.g.*, Orin Aff. Ex. 20, at Endorsement Nos. 1, 2, 3, 7, 12 and ¶ 10.I (emphasis supplied).

**Insurers' Response to Paragraph No. 9:** Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3 and 8.  Insurers do not dispute that the excerpted language appears in the Manuscript Wording (unemphasized) and, solely for purposes of this motion, do not dispute that the Manuscript Wording is incorporated in each of the Insurers' policies, subject to the full terms, conditions, limitations, exclusions, and endorsements of those policies.  Insurers dispute that the statements in Paragraph 9 have any bearing on this Motion.

**Statement Paragraph No. 10:** Other subsections of the Policies use the term "directly" by itself, just like the Occurrence Endorsement. For example:

> · Business interruption coverage for interruption of research and development activities is limited to "the actual loss sustained of the continuing fixed charges and expenses, including Ordinary Payroll, *directly* attributable to such research and development activities"; and
>
> · Rental value coverage is limited to "loss sustained by the Insured resulting *directly* form loss, damage, or destruction covered herein during the term of this policy to real and personal property as described in Clause 7.A but not exceeding the reduction in rental value charges and expenses which do not necessarily continue."

*See, e.g.*, Orin Aff. Ex. 20, at ¶¶ 7.B(3), 7.D(1) (emphasis supplied).

**Insurers' Response to Paragraph No. 10:** Insurers reaffirm and incorporate Insurers' Response to Paragraph Nos. 3 and 8. Insurers do not dispute that the excerpted language appears in the Manuscript Wording (unemphasized) and, solely for purposes of this motion, do not dispute that the Manuscript Wording is incorporated in each of the Insurers' policies, subject to the full terms, conditions, limitations, exclusions, and endorsements of those policies. Insurers dispute that the statements in Paragraph 10 have any bearing on the Motion.

**Statement Paragraph No. 11:** Each of the Policies contains a flood sublimit that applies only to losses that arise specifically "with respect to the peril [ ] of flood." That sublimit, however, does not encompass losses that ensure therefrom:

> Even if the peril of flood or earthquake is the predominant cause of loss or damage, *any ensuing loss or damage not otherwise excluded herein shall not be subject to any sublimits* or aggregates specified in this Clause B;

*See* Orin Aff. Exs. 3-26, at ¶ 3.B (emphasis supplied).

**Insurers' Response to Paragraph No. 11:** Insurers reaffirm and incorporate Insurers' Response to Paragraph Nos. 3 and 8. Insurers do not dispute that the excerpted language appears in the Manuscript Wording (unemphasized) and, solely for purposes of this motion, do not dispute that the Manuscript Wording is incorporated in each of the Insurers' policies, subject to the full

terms, conditions, limitations, exclusions, and endorsements of those policies.  Insurers dispute that the statements in Paragraph 11 have any bearing on this Motion.

**Statement Paragraph No. 12:** All of the Policies contain an express provision called "Policy Authors" which states:

> Regardless of who may have drafted or prepared this policy, or any portions thereof, the provisions contained herein shall be deemed to have been authored by this [Insurance] Company.

*See* Orin Aff. Exs. 3-26, at ¶ 38.  Some of the Policies deleted this provision by endorsement.[2]

**Insurers' Response to Paragraph No. 12:** Insurers reaffirm and incorporate Insurers' Response to Paragraph No. 3.  Insurers do not dispute that this language appears in the Manuscript Wording, and was incorporated in certain of the policies and deleted from others as specified in Amtrak's caveat in footnote 1 to Paragraph No. 12, citing those policies that deleted the Policy Authors provision.

## INSURERS' LOCAL CIVIL RULE 56.1 COUNTERSTATEMENT OF ADDITIONAL MATERIAL FACTS

13.     Amtrak and its broker-representatives prepared a draft insurance policy – the "Manuscript Wording" – that was included in the "Underwriting Submission" that they sent to each of the Insurers in the fall of 2011 and proposed as the basis for the policies Insurers underwrote.  *See* Mondell Decl. Exs. A ("Underwriting Submission") and B ("Manuscript Wording").  *See also* Mondell Decl. Ex. F  (deposition testimony of Amtrak's Rule 30b(6) corporate representative, Cathy Rawlings, Director of Risk Management ("Rawlings Dep.") at 55:04 – 58:12, 70:03 – 70:16.

---

[2] *See* Lexington Policy Nos. 084144000 and 084144282 (Orin Aff. Exs. 20-21); Liberty Mutual Insurance Company Policy No. YS2-L9L-447676-011 (Orin Aff. Ex. 22); Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies (Lloyd's) subscribing to Policy Nos. 507/N11NA08240, 507/N11NA08241 and 507/N11NA08242 (Orin Aff. Exs. 23-25) and Westport Policy No. 31-3-74264 (Orin Aff. Ex. 26).

14.     Amtrak and its broker-representatives provided to Insurers as part of the Underwriting Submission a "Target Program" chart outlining the intended structure for Amtrak's insurance program.  *See* Mondell Decl. Ex. C.  The Target Program chart states that the excess layers "exclude[] Earthquake or Flood."  *Id.*

15.     Amtrak's operative allegations regarding its insurance claim are set out in its Amended Complaint.  *See* Mondell Decl. Ex. E (Am. Compl.).

16.     Amtrak has power-washed neither the East River Tunnel nor the North River Tunnel since Sandy.  *See* Mondell Decl. Ex. F (Rawlings Dep. at 148:13 – 149:20).

17.     Amtrak has not pled or stated in its motion the basis for its positions that its claimed loss constitutes three occurrences and its corporate representative could shed no further light on this issue.  *See* Mondell Decl. Ex. F (Rawlings Dep. at 133:20-135:6, 158:4-159:13; 230:5-231:13).

DATED:  New York, New York
        January 8, 2015

                        MOUND COTTON WOLLAN & GREENGRASS

                        By:   /s/ Costantino P. Suriano
                        Costantino P. Suriano
                        (csuriano@moundcotton.com)
                        Bruce R. Kaliner
                        (bkaliner@moundcotton.com)
                        One New York Plaza
                        New York, New York 10004
                        Telephone: (212) 804-4200

                        *Attorneys for Defendants Commonwealth Insurance Company, Lexington Insurance Company, Maiden Specialty Insurance Company, Steadfast Insurance Company, and International Insurance Company of Hannover SE.*

                        All other signatories listed, and on whose behalf this filing is submitted, consent to its filing

ROPES & GRAY LLP

By:   /s/ Catherine A. Mondell
Catherine A. Mondell
(catherine.mondell@ropesgray.com)
800 Boylston Street
Boston, MA  02199
Telephone: (617) 951-7000


Evan P. Lestelle
(evan.lestelle@ropesgray.com)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000

*Attorneys for Defendants Partner Reinsurance Europe plc, Torus Specialty Insurance Company, Westport Insurance Corporation, and Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. GEP 2944, 507/N11NA08242, 507/N11NA08244, and 507/N11NA08244.*

BRUCKMANN & VICTORY, L.L.P

By:   /s/ Arjang Victory
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170
Tel: (212) 850-8500

*Attorneys for Defendants Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Federal Insurance Company, Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/Nl1NA08240 and 507/N11NA08241, Maxum Indemnity Company, Navigators Insurance Company, and RSUI Indemnity Company.*

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC

By:   /s/ Christopher S. Finazzo
Christopher S. Finazzo

(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033

*Attorneys for Defendant Liberty Mutual Fire Insurance Company.*