UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

NATIONAL RAILROAD PASSENGER CORPORATION,

                       Plaintiff

    - vs. -

ARCH SPECIALTY INSURANCE COMPANY
ASPEN SPECIALTY INSURANCE COMPANY;
COMMONWEALTH INSURANCE COMPANY;
FEDERAL INSURANCE COMPANY;
LEXINGTON INSURANCE COMPANY;
LIBERTY MUTUAL FIRE INSURANCE COMPANY;
CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON and CERTAIN LONDON MARKET INSURANCE COMPANIES subscribing to Policy Nos. 507/N11NA0820, 507/N11NA08241, 507/N11NA08242, 507/N11NA08244, 507/N11NA08244, 507/N11NA08245 and GEP2944; MAIDEN SPECIALTY INSURANCE COMPANY; MAXUM INDEMNITY COMPANY; NAVIGATORS INSURANCE COMPANY; PARTNER REINSURANCE EUROPE plc; RSUI INDEMNITY COMPANY; STEADFAST INSURANCE COMPANY; TORUS SPECIALTY INSURANCE COMPANY; and WESTPORT INSURANCE CORPORATION,

                       Defendants.

------------------------------------X

14-CV-7510 (JSR)

**DECLARATION OF COSTANTINO P. SURIANO IN SUPPORT OF REQUEST FOR COURT TO DENY OR, ALTERNATIVELY, DEFER RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON <u>THE OCCURRENCE ENDORSEMENT</u>**

      COSTANTINO P. SURIANO, an attorney admitted to practice in the Southern District of New York, declares the following under penalty of perjury:

      1. I am a member of the law firm Mound Cotton Wollan & Greengrass, counsel for Defendants Commonwealth Insurance Company, Lexington Insurance Company, Maiden Specialty Insurance Company, Steadfast Insurance Company, and International Insurance Company of Hannover SE, several of the Defendants in this action (collectively, along with the other Defendants, "Insurers"). I am familiar with the proceedings in this matter and submit this

declaration in support of Insurers' request that, if the Court does not deny Plaintiff's Motion for Partial Summary Judgment on the Occurrence Endorsement, pursuant to Fed. R. Civ. P. 56(d), it defer ruling on Plaintiff's motion until discovery is complete on February 9, 2015. Insurers also request that, if the Court defers ruling on Amtrak's motion, the Court permit Insurers to supplement their Opposition to Amtrak's motion with any documents, deposition testimony, or other information obtained during discovery, and to file a cross-motion for summary judgment based upon that discovery declaring that the entirety of Amtrak's purported loss constitutes a single "occurrence" under the Occurrence Endorsement.

2. On September 17, 2014, the plaintiff, National Passenger Railroad Corporation ("Amtrak"), commenced this breach of contract and declaratory judgment action arising out of property damage to various locations owned by Amtrak.

3. Amtrak requested that service be waived on October 7, 2014 and Insurers executed the waiver on October 24, 2014.

4. On December 5, 2014, Insurers filed their respective answers to the Complaint and Rule 12 motion.

5. On December 5, 2014, Amtrak served its Amended Complaint. Amtrak alleges in its Amended Complaint that it is entitled to recover over $1.1 billion for damages allegedly caused on or around October 29, 2012 under policies of insurance severally issued by each of the Insurers (the "Policies") (as well as other carriers that have not been named as defendants).

6. A key coverage issue in this case is whether Amtrak's loss consists of a single or multiple occurrences.

7. On December 18, 2014, Amtrak filed a motion for partial summary judgment on the Occurrence Endorsement, a provision within the Policies, even though no depositions had been taken and the parties had exchanged only some documents at that time.

8. On December 19, 2014, Insurers served their Answers to the Amended Complaint.

9. The parties have actively pursued discovery, which is still in the early stages. For example, though the parties and non-parties have collectively produced thousands of pages of documents, significant portions of that total production was produced this week.

10. Insurers started the deposition of one of Amtrak's Rule 30(b)(6) witnesses on December 30, 2014, and will be taking two additional depositions this week. The parties collectively have noticed approximately thirty-five depositions to be completed prior to the end of fact and expert discovery on February 9, 2015, and will be scheduling additional non-party and expert depositions.

11. In its motion for partial summary judgment on the Occurrence Endorsement, Amtrak refers to "occurrence" provisions contained in other policies not in dispute in this action. Despite that use of extrinsic evidence, Amtrak does not introduce any evidence regarding the formation or intent of the parties to the Policies at issue here.

12. When Insurers questioned Amtrak's corporate representative, Cathy Rawlings, Director of Amtrak's Risk Management Department, regarding Amtrak's underwriting intent, she was unable to address those issues and generally deferred to Amtrak's broker, Marsh. *See* Mondell Decl. Ex. F (Rawlings Dep. at pp. 70:3-71:13, 104:7-105:17, 175:22-176:25).

13. If the Court determines that the wording of the Occurrence Endorsement is ambiguous, Amtrak's U.S. broker, Marsh, and London broker, Price Forbes, have documentation

3

and evidence in their files that Insurers expect would inform the Court in its determination and would demonstrate the parties' dealings and intent at the time of contracting regarding the meaning of the Occurrence Endorsement, as well as other policy provisions, and it is respectfully submitted, that such evidence is necessary to Insurers' Opposition to the extent the Court finds an ambiguity.

14. To obtain this evidence, Insurers have sought documents and depositions from Amtrak's U.S. and London brokers, who were retained by or for Amtrak, to negotiate with Insurers the terms and conditions of the Policies. Insurers have received thousands of pages of documents to date from Amtrak's U.S. broker (Marsh), which has advised that it still intends to produce additional documents, and deposition dates have been requested from Marsh. Amtrak's London broker (Price Forbes) just this evening produced thousands of documents and indicated a willingness to provide additional documents and submit to depositions voluntarily in the future. Amtrak has insisted that Insurers obtain Letters Rogatory [Docket #128].

15. Additionally, given that the Occurrence Endorsement must be applied to the facts of Amtrak's claim, such as yet undeveloped facts regarding the claim will be important for the Court to have before it. Amtrak's corporate representative deponent was unable to fully address those issues and deferred to others. *See* Mondell Decl. Ex. F (Rawlings Dep. at 133:20-135:6, 158:4-159:13; 230:5-231:13).

16. Insurers have engaged an expert to attempt to conduct certain testing of the tunnels, which form the basis of two of the separate occurrences claimed by Amtrak. On January 5, 2015, Insurers served a Notice of Entering Onto Land for Inspection and Other Purposes Pursuant to FRCP 34(a)(2).

17. Given the timing of the briefing schedule, Insurers have not had the opportunity to conduct the necessary discovery discussed above.

18. Accordingly, Insurers respectfully submit that the Court should deny Amtrak's motion on the basis of its pleadings and the Policies. Alternatively, the Court should defer ruling on Amtrak's motion for partial summary judgment on the Occurrence Endorsement until such time that Insurers receive the requested documentation and deposition testimony from Amtrak's U.S. and London brokers and the parties have completed their document productions and the fact and expert depositions regarding the facts specific to Amtrak's claim.

19. Insurers also request that this Court allow Insurers to supplement their Opposition to Amtrak's motion with any documents, deposition testimony, or other information obtained during discovery, and to file a cross-motion for summary judgment on the Occurrence Endorsement, if warranted, on the basis of that discovery.

Dated: New York, New York
       January 8, 2015

                                                                               /s/ Costantino P. Suriano
                                                                                Costantino P. Suriano