UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>       Plaintiff,<br><br>  vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY;<br>ASPEN SPECIALTY INSURANCE COMPANY;<br>COMMONWEALTH INSURANCE COMPANY;<br>FEDERAL INSURANCE COMPANY;<br>LEXINGTON INSURANCE COMPANY;<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY;<br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON<br>and CERTAIN LONDON MARKET INSURANCE<br>COMPANIES subscribing to Policy Nos.<br>507/N11NA08240, 507/N11NA08241, 507/N11NA08242,<br>507/N11NA08244, 507/N11NA08244, 507/N11NA08245<br>and GEP 2944;<br>MAIDEN SPECIALTY INSURANCE COMPANY;<br>MAXUM INDEMNITY COMPANY;<br>NAVIGATORS INSURANCE COMPANY;<br>PARTNER REINSURANCE EUROPE plc;<br>RSUI INDEMNITY COMPANY;<br>SCOR GLOBAL P&C SE;<br>STEADFAST INSURANCE COMPANY;<br>TORUS SPECIALTY INSURANCE COMPANY; and<br>WESTPORT INSURANCE CORPORATION,<br><br>       Defendants. | Civ. Action No.:14-cv-7510 (JSR) |

**PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSE TO INSURERS' LOCAL RULE 56.1 COUNTERSTATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE OCCURRENCE ENDORSEMENT**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff National Railroad Passenger Corporation ("Amtrak") responds to the Defendants' Counterstatement of Additional Material Facts in opposition to Amtrak's Local Rule 56.1 Statement of

nydocs1-1043446.1

Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment Regarding the Occurrence Endorsement.

**Counterstatement No. 13:** Amtrak and its broker-representatives prepared a draft insurance policy – the "Manuscript Wording" – that was included in the "Underwriting Submission" that they sent to each of the Insurers in the fall of 2011 and proposed as the basis for the policies Insurers underwrote.  See Mondell Decl., Exs. A ("Underwriting Submission") and B ("Manuscript Wording").  See also Mondell Decl., Ex. F (deposition testimony of Amtrak's Rule 30b(6) corporate representative, Cathy Rawlings, Director Risk Management ("Rawlings Dep.") at 55:04 – 58:12, 70:03 – 70:16.

**Response To Counterstatement 13:**:

Amtrak disputes that the statements in Paragraph 13 have any bearing on the Motion.  Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion.  Subject to that objection, Amtrak disputes the characterization of the attachments to the Mondell Declaration as an "Underwriting Submission" and as "Manuscript Wording," and also disputes the reference to a "draft insurance policy."  The documents speak for themselves.

**Counterstatement No. 14:** Amtrak and its broker-representative provided to Insurers as part of the Underwriting Submission a "Target Program" chart outlining the intended structure of Amtrak's insurance program.  See Mondell Decl., Ex. C.  The Target Program chart states that the excess layers "exclude[] Earthquake and Flood." Id.

**Response To Counterstatement 14:**

Amtrak disputes that the statements in Paragraph 14 have any bearing on the Motion.  Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion.  Subject to that objection, Amtrak disputes the reference to the "Underwriting Submission" and further disputes the characterization of the "Target Program," including the statement as to the excess layers.  The documents speak for themselves.

2

**Counterstatement No. 15:** Amtrak's operative allegations regarding its insurance claim are set out in its Amended Complaint.  *See* Mondell Decl. Ex. E.  (Am. Compl.).

**Response To Counterstatement 15:**

   Amtrak does not dispute that it filed an Amended Complaint in this action, which document speaks for itself.

**Counterstatement No. 16:** Amtrak has power-washed neither the East River Tunnel nor the North River Tunnel since Sandy.  *See* Mondell Decl. Ex. F. (Rawlings Dep. at 148:13-149:20).

**Response To Counterstatement 16:**

   Amtrak disputes that the statements in Paragraph 16 have any bearing on the Motion.  Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion.  Subject to that objection, Amtrak disputes the characterization as to the power-washing on grounds that it misrepresents the testimony and is incomplete.

**Counterstatement No. 17:** Amtrak has not pled or stated in its motion the basis for its positions that its claimed loss constitutes three occurrences and its corporate representative could shed no further light on this issue.  *See* Mondell Decl., Ex. F (Rawlings Dep. at 133:20-135:6, 158:4-159:13; 230:5-231:13).

**Response To Counterstatement 17:**

   Amtrak disputes that the statements in Paragraph 17 have any bearing on the Motion.  Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion.  Subject to that objection, Amtrak does not dispute that this Motion is not a pleading.  Amtrak disputes that its corporate representative could shed no further light on this issue.  Amtrak relies on her testimony, as attached to the Mondell Declaration.

DATED:  January 15, 2015

**ANDERSON KILL P.C.**

By:  /s/_____
Rhonda D. Orin, Esq.
rorin@andersonkill.com
Daniel J. Healy, Esq.
dhealy@andersonkill.com
Marshall Gilinsky, Esq.
mgilinsky@andersonkill.com
**ANDERSON KILL, L.L.P.**
1717 Pennsylvania Avenue, N.W.
Washington, DC  20006
Telephone:  202-416-6500

Finley T. Harckham, Esq.
fharckham@andersonkill.com
Peter A. Halprin, Esq.
phalprin@andersonkill.com
**ANDERSON KILL, P.C.**
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

*Attorneys for Plaintiff*