UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>                                Plaintiff,<br><br>vs.<br><br>ARCH SPECIALTY INSURANCE COMPANY;<br>ASPEN SPECIALTY INSURANCE COMPANY;<br>COMMONWEALTH INSURANCE COMPANY;<br>FEDERAL INSURANCE COMPANY;<br>LEXINGTON INSURANCE COMPANY;<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY;<br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON<br>and CERTAIN LONDON MARKET INSURANCE<br>COMPANIES subscribing to Policy Nos.<br>507/N11NA08240, 507/N11NA08241, 507/N11NA08242,<br>507/N11NA08244, 507/N11NA08244, 507/N11NA08245<br>and GEP 2944;<br>MAIDEN SPECIALTY INSURANCE COMPANY;<br>MAXUM INDEMNITY COMPANY;<br>NAVIGATORS INSURANCE COMPANY;<br>PARTNER REINSURANCE EUROPE plc;<br>RSUI INDEMNITY COMPANY;<br>SCOR GLOBAL P&C SE;<br>STEADFAST INSURANCE COMPANY;<br>TORUS SPECIALTY INSURANCE COMPANY; and<br>WESTPORT INSURANCE CORPORATION,<br><br>                                Defendants. | Civ. Action No.:14-cv-7510<br>(JSR) |

**PLAINTIFF NATIONAL RAILROAD PASSENGER CORPORATION'S RESPONSE TO INSURER'S LOCAL RULE 56.1 COUNTERSTATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING THE FLOOD SUBLIMIT**

Pursuant to Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Plaintiff National Railroad Passenger Corporation ("Amtrak") responds to the Defendants' Counterstatement of Additional Material Facts in opposition to Amtrak's Local Rule 56.1 Statement of

nydocs1-1043435.1

Undisputed Facts in Support of Plaintiff's Motion for Partial Summary Judgment Regarding the Flood Sublimit.

**Counterstatement No. 15:** Amtrak and its broker-representatives prepared a draft insurance policy – the "Manuscript Wording" – that was included in the "Underwriting Submission" that they sent to each of the Insurers in the fall of 2011 and proposed as the basis for the policies Insurers underwrote.  See Mondell Decl., Exs. A ("Underwriting Submission") and B ("Manuscript Wording").  See also Mondell Decl., Ex. F (deposition testimony of Amtrak's Rule 30b(6) corporate representative, Cathy Rawlings, Director Risk Management ("Rawlings Dep.") at 55:04 – 58:12, 70:03 – 70:16.

**Response To Counterstatement 15:**:

Amtrak disputes that the statements in Paragraph 15 have any bearing on the Motion.  Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion.  Subject to that objection, Amtrak disputes the characterization of the attachments to the Mondell Declaration as an "Underwriting Submission" and as "Manuscript Wording," and also disputes the reference to a "draft insurance policy."  The documents speak for themselves.

**Counterstatement No. 16:** Each of Insurers' policies incorporates a provision "EARTHQUAKE AND FLOOD" that is drawn from the Manuscript Wording, which provides in relevant part:

> Each Loss by earthquake or flood shall constitute a single loss hereunder if:
>
> \*          \*          \*
>
> (2) any flood occurs within a period of the continued arising or overflow of any river(s) or stream(s) or other bodies of water and the subsidence of same within their normal confines; or
>
> (3) any flood results from any tidal wave or series of tidal waves caused by any one disturbance.

See Mondell Decl., Ex. B at 17, ¶ 13.A. Each of the Policies incorporates the language excerpted above together with a definition of flood as summarized in Insurers' Response to Paragraph 3.  None of the policies at issue separately define the term "storm surge."

**Response To Counterstatement 16:**

Amtrak disputes that the reference to Manuscript Wording is accurate or has any bearing on the Motion. Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion. Amtrak disputes that the quotation above is a correct quotation of the insurance policies at issue. The insurance policies are attached to the Motion papers and they speak for themselves.

**Counterstatement No. 17:** Amtrak and its broker-representatives provided to Insurers as part of the Underwriting Submission a "Target Program" chart outlining the intended structure for Amtrak's insurance program. *See* Mondell Decl. Ex. C. The Target Program chart states that the excess layers "exclude[] Earthquake or Flood." *Id.*

**Response To Counterstatement 17:**

Amtrak disputes that the statements in Paragraph 17 have any bearing on the Motion. Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion. Subject to that objection, Amtrak disputes the reference to the "Underwriting Submission" and further disputes the characterization of the "Target Program," including the statement as to the excess layers. The documents speak for themselves.

**Counterstatement No. 18:** Amtrak's operative allegations regarding its insurance claim are set out in its Amended Complaint. *See* Mondell Dec., Ex. E (Am. Compl.).

**Response To Counterstatement 18:**

Amtrak does not dispute that it filed an Amended Complaint in this action, which document speaks for itself.

**Counterstatement No. 19:** Amtrak has power-washed neither the East River Tunnel nor the North River Tunnel since Sandy. *See* Mondell Decl. Ex. F. (Rawlings Dep. at 148:13-149:20).

**Response To Counterstatement 19:**

Amtrak disputes that the statements in Paragraph 19 have any bearing on the Motion. Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion. Subject to that objection, Amtrak disputes the characterization as to the power-washing on grounds that it misrepresents the testimony and is incomplete.

**Counterstatement No. 20:** Amtrak now seeks in excess of $1.1 billion from Insurers, over $900 million of which is Amtrak's Saltwater Claim to replace the bench walls and the track structure in their entirety. *See* Mondell Decl., Ex. G (December 12, 2014 letter from R. Goodman with one-page enclosure summarizing Amtrak's claim); *see also* Mondell Decl., Ex. E (Am. Compl. at ¶ 79).

**Response To Counterstatement 20:**

Amtrak disputes that the statements in Paragraph 20 have any bearing on the Motion. Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion. Subject to that objection, Amtrak disputes the characterization of its claim on grounds that it misrepresents the evidence and is incomplete.

**Counterstatement No. 21:** Despite Amtrak's arguments regarding supposed "ensuing loss," Amtrak has not pled or stated in its motion what "ensuing loss" it submits occurred, and its corporate representative could shed no further light on this issue. *See* Mondell Decl., Ex. F (Rawlings Dep. at 260:25 – 265:18).

**Response To Counterstatement 21:**

Amtrak disputes that the statements in Paragraph 21 have any bearing on the Motion. Amtrak objects to Defendants' inclusion of statements in its 56.1 Statement that are immaterial to the Motion. Subject to that objection, Amtrak does not dispute that this Motion is not a pleading. Amtrak disputes that its corporate representative

could shed no further light on this issue.  Amtrak relies on her testimony, as attached to the Mondell Declaration.

DATED:  January 15, 2015

                               **ANDERSON KILL P.C.**

By:  \_\_\_\_/s/_____
     Rhonda D. Orin, Esq.
     rorin@andersonkill.com
     Daniel J. Healy, Esq.
     dhealy@andersonkill.com
     Marshall Gilinsky, Esq.
     mgilinsky@andersonkill.com
     **ANDERSON KILL, L.L.P.**
     1717 Pennsylvania Avenue, N.W.
     Washington, DC  20006
     Telephone:  202-416-6500

     Finley T. Harckham, Esq.
     fharckham@andersonkill.com
     Peter A. Halprin, Esq.
     phalprin@andersonkill.com
     **ANDERSON KILL, P.C.**
     1251 Avenue of the Americas
     New York, NY  10020
     Telephone:  212-278-1000

     *Attorneys for Plaintiff*