```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
NATIONAL RAILROAD PASSENGER CORPORATION,         :
                                                 :
        Plaintiff,                               :
                                                 :
        -v-                                      :
                                                 :
ARCH SPECIALTY INSURANCE COMPANY;                :
ASPEN SPECIALTY INSURANCE COMPANY;               :
COMMONWEALTH INSURANCE COMPANY;                  :   14-cv-7510 (JSR)
FEDERAL INSURANCE COMPANY;                       :
LEXINGTON INSURANCE COMPANY;                     :   ORDER
LIBERTY MUTUAL FIRE INSURANCE COMPANY;           :
CERTAIN UNDERWRITERS AT LLOYD'S OF               :
LONDON and CERTAIN LONDON MARKET                 :
COMPANIES Subscribing to Policy Nos.             :
507/N11NA08240, 507/N11NA08241,                  :
507/N11NA08242,507/N11NA08244,                   :
507/N11NA08244,507/N11NA08245 and GEP 2944;      :
MAIDEN SPECIALTY INSURANCE COMPANY;              :
MAXUM INDEMNITY COMPANY;                         :
NAVIGATORS INSURANCE COMPANY;                    :
PARTNER REINSURANCE EUROPE plc;                  :
RSUI INDEMNITY COMPANY;                          :
STEADFAST INSURANCE COMPANY;                     :
TORUS SPECIALTY INSURANCE COMPANY;               :
and WESTPORT INSURANCE CORPORATION,              :
                                                 :
        Defendants.                              :
------------------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff National Railroad Passenger Corporation ("Amtrak") brings this insurance action against defendant-insurers, seeking declaratory relief and damages. Pending before the Court are (1) defendants' motion to dismiss the complaint for failure to state a claim insofar as it seeks consequential damages and attorneys' fees and costs or, in the alternative, for a more definite statement pursuant to Rule 12(e); (2) Amtrak's motion for partial summary

1

judgment regarding the meaning of the "Occurrence Endorsement"; and (3) Amtrak's motion for partial summary judgment regarding the meaning of the "Flood Sublimit." Upon consideration, the Court makes the following rulings:

First, the Court grants defendants' motion to dismiss except as it relates to Amtrak's demand for attorneys' fees and costs and consequential damages in the form of "unnecessary expenses imposed on Amtrak through the unduly protracted adjustment process." See Amtrak's Memorandum of Law in Opposition to Defendant-Insurers' Partial Motion to Dismiss at 7. With respect to Amtrak's claim for "unnecessary expenses," Amtrak must file, by no later than February 20, 2015, a more definite statement alleging the basis for this demand and how it is distinguishable from Amtrak's claim for "loss adjustment expenses" directly under the terms of the various insurance policies at issue in this case. See Amended Complaint ¶ 62.

Second, the Court denies Amtrak's motion for partial summary judgment regarding the meaning of the "Occurrence Endorsement."

Third, the Court denies Amtrak's motion for partial summary judgment regarding the meaning of the "Flood Sublimit."

A Memorandum explaining the reasons for these rulings will issue in due course.

Finally, on February 12, 2015, Amtrak moved via telephone application for leave to serve three additional expert witness reports, and the Court telephonically granted the motion subject to

certain requirements that the Court now memorializes. Amtrak may serve the reports of Francisco Robles Hernandez, Bruce Dubinsky, and Christopher Hax by no later than February 18, provided that the reports are limited to rebutting issues raised in defendants' expert reports that either (1) were not responsive to the substance of Amtrak's initial expert witness reports or (2) could not reasonably have been anticipated by Amtrak at the time it filed its initial experts' reports. After a trial date is set, but no later than two weeks prior to trial, defendants may move to strike anything in the expert reports that exceeds these parameters.

Defendants may also depose the three experts on dates of defendants' choosing, but the depositions must be taken by no later than March 9, 2015.

SO ORDERED.

Dated:  New York, NY
        February 13, 2015

_____
TED S. RAKOFF, U.S.D.J.

3