UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
NATIONAL RAILROAD PASSENGER            :
CORPORATION,                           :
                                       :
                           Plaintiff,  :
                                       :
                v.                     :
                                       :
ARCH SPECIALTY INSURANCE COMPANY;      :   14-cv-7510 (JSR)
ASPEN SPECIALTY INSURANCE COMPANY;     :
COMMONWEALTH INSURANCE COMPANY;        :
FEDERAL INSURANCE COMPANY; LEXINGTON   :
INSURANCE COMPANY; LIBERTY MUTUAL FIRE :
INSURANCE COMPANY; CERTAIN             :
UNDERWRITERS AT LLOYD'S OF LONDON and  :
CERTAIN LONDON MARKET COMPANIES        :
Subscribing to Policy Nos. 507/N11NA08240, :
507/N11NA08241, 507/N11NA08242,        :
507/N11NA08244, 507/N11NA08244,        :
507/N11NA08245 and GEP 2944; MAIDEN    :
SPECIALTY INSURANCE COMPANY; MAXUM     :
INDEMNITY COMPANY; NAVIGATORS          :
INSURANCE COMPANY; PARTNER             :
REINSURANCE EUROPE plc; RSUI INDEMNITY :
COMPANY; STEADFAST INSURANCE           :
COMPANY; TORUS SPECIALTY INSURANCE     :
COMPANY; and WESTPORT INSURANCE        :
CORPORATION,                           :
                           Defendants. :
                                       :
                                       :
------------------------------------------------------------------ x

**PARTNER RE'S RESPONSE TO PLAINTIFF'S
RULE 56.1 COUNTERSTATEMENT OF ADDITIONAL FACTS**

Pursuant to Rule 56.1(b) of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, Defendant Partner Reinsurance Europe plc ("Partner Re") submits this Response to the Local Civil Rule 56.1 Counterstatement of Additional Material Facts [ECF No. 174], which Plaintiff National Railroad Passenger Corporation ("Amtrak") submitted in opposition to Partner Re's Motion for Summary Judgment.

# PARTNER RE'S RESPONSE TO AMTRAK'S LOCAL CIVIL RULE 56.1 COUNTERSTATEMENT OF ADDITIONAL MATERIAL FACTS

**Counterstatement Paragraph No. 26**

PRIL sold an insurance policy, Policy No. 1-20003-00(2011), to Amtrak (the "PRIL Policy"). *See* Affidavit of Cathy Rawlings in Opposition to Partner Re's Motion for Joinder and/or To Dismiss ("Rawlings Aff."), Ex. 1.

**Partner Re's Response to Paragraph No. 26**

PRIL has not yet appeared for deposition in this matter and, therefore, Partner Re has no basis to respond to Paragraph 26, which concerns a transaction between parties other than Partner Re.

**Counterstatement Paragraph No. 27**

PRIL, however, acted as a "fronting" insurance company for Partner Re. Under this fronting arrangement, it was Partner Re, not PRIL, which provided the actual insurance. Partner Re underwrote the risk and determined the premium necessary to accept the risk. *See* Gilinsky Decl., Ex. 1, at pp. 24-25. In addition, PRIL ceded 100% of the risk - along with 100% of the premium - to Partner Re. *See* Rawlings Aff., Ex. 1, at AMT00046024; Rawlings Aff., Ex. 2, at AMT00026325; Rawlings Aff., Ex. 3, at p. 1 ; Rawlings Aff., Ex. 4.

**Partner Re's Response to Paragraph No. 27**

Partner Re disputes the first two sentences of Paragraph 27, for which Amtrak offers no record support, on the basis that Partner Re did not request PRIL to act as a "fronting" insurance company for it; instead, Partner Re provided reinsurance to PRIL, and it was that reinsurance risk that Partner Re underwrote and priced, as the cited testimony demonstrates. Bollier Decl. ¶¶ 7, 12; Ex D (Reinsurance Contract) and I (PRIL Policy Wording). *See* Gilinsky Decl. Ex. 1, at 24:15-18 ("Q. I think you said earlier that Partner Re set the premium for the *reinsurance* that it was selling. A. Yep.") (emphasis added); *id.* at 24:9-14 ("Q. You testified you're not sure that the amount of premiums charged by PRIL matched dollar for dollar the enhancement of premiums that were received by Partner Re? A. Yes, that's something I don't know and I don't need to know.") Partner Re has no knowledge of the premium charged by PRIL. *Id.*

2

**Counterstatement Paragraph No. 28**

Partner Re sold PRIL a reinsurance policy, confirmed via a binder approved and executed by Partner Re on November 28, 2011 and designated under "Unique Market Reference" number B0507N11NA08246 (the "Partner Re Binder").  *See* Rawlings Aff., Ex. 2.  The "Policy Number" (N11NA08246) and "Unique Market Reference" number (B0507N11NA08246) included on the Partner Re Binder match the numbering sequence used by other London Market syndicates and Companies that sold coverage to Amtrak for policy year 2011-2012.  *See id.* *compare* Am. Compl. Exs. 9-14.

**Partner Re's Response to Paragraph No. 28**

Partner Re does not dispute that the contract it executed is the document that is within Rawlings Aff., Ex. 2 at AMT00026325-26343 (the pages AMT00026325-37 are prepared by the broker for Amtrak and PRIL, Price Forbes, as indicated by the header on AMT00026325 and the footers on AMT00026326-27), and that the Unique Market Reference Numbers beginning with B0507 are assigned by Price Forbes, in connection with insurance and reinsurance policies it obtained from insurers in London and Europe.  *Compare* Rawlings Aff., Ex 2 *with* Bollier Decl., Ex. D (each including a copy of the Partner Re Reinsurance Contract).  *See also* Rawlings Aff., Ex. 2 at AMT00026333; Bollier Decl. Ex. D at PAR00000004 ("This document details the Contract Terms entered into by the Insurer(s) and constitutes the Contract Documentation."). Mondell Decl. ¶ 12, Ex. K (Reinsurance Contract as kept in Amtrak's files *with metadata*, which is printed in the footer to the document, identifying it as "PartnerRe Policy 500 x125.pdf").

**Counterstatement Paragraph No. 29**

The Partner Re Binder states that "reinsurers agree to pay their share of any loss hereon simultaneously with insurers participating in the original insurance." Rawlings Aff., Ex. 2, at AMT26332.

**Partner Re's Response to Paragraph No. 29**

Partner Re does not dispute that the portion of Rawlings Aff., Ex. 2 that includes Partner Re's Reinsurance Contract contains the quoted language, which reinforces that Partner Re is a reinsurer, not an insurer participating in the original insurance, and that its payments will

3

nonetheless be made simultaneously with those of the insurers participating in the original insurance.

**Counterstatement Paragraph No. 30**

On December 6, 2011, Partner Re approved and executed policy number NRPC-N11NA08246 (the "Reinsurance Policy"). *See* Rawlings Aff., Ex. 3. The policy number of the Reinsurance Policy corresponds to the policy number and "unique market reference" in the Partner Re Binder, and is in sequence with the other policies that Amtrak purchased from the London insurance market. *See* Rawlings Aff., Exs. 2 and 3 compare Am. Compl. Exs. 9-14.

**Partner Re's Response to Paragraph No. 30**

Partner Re does not dispute that it "Noted and Agreed" the document that is Rawlings Aff., Ex. 3, which was presented to it by Price Forbes, but disputes only the labels and conclusions Amtrak's counsel applies to that exchange, which are without basis in the record and are contradicted by the sworn statement of the Partner Re underwriter who stamped the document "Noted and Agreed." Bollier Decl. ¶ 14, Ex. I at PAR00000115. *See also* Bollier Decl. ¶ 13 ("[I]t is common for a broker to request that Partner Re review and sign off on the original policy form to be issued by a direct insurer for whom Partner Re is providing facultative reinsurance."). *See also* Rawlings Aff. Ex. 3 (indicating that it is a draft copy of the policy to be issued by PRIL, not a Partner Re contract, "INSURER: Passenger Railroad Insurance, Limited"; providing a blank for the "Authorized Signature" of "PASSENGER RAILROAD INSURANCE LIMITED", and referencing PRIL again at the conclusion of the policy on page 35: "Attached to and forming part of Passenger Railroad Insurance, Limited Policy No NRPC-N11NA08246").

**Counterstatement Paragraph No. 31**

The Reinsurance Policy is comprised of 47 sequentially numbered pages, each of which bears the signature of Partner Re's underwriter in the lower right hand corner. *See* Rawlings Aff., Ex. 3. Page two of the Reinsurance Policy is comprised of two standard forms commonly used in the London market - NMA 5062 and NMA2419 - neither of which is found in the PRIL Policy. *See id.*

**Partner Re's Response to Paragraph No. 31**

Partner Re does not dispute that the document attached as Exhibit 3 to the Rawlings Affidavit is 47 pages in length and was initialed by Partner Re's underwriter at the request of Price Forbes.  *See* Bollier Decl., Ex. H (email from Price Forbes requesting that Partner Re review the PRIL Policy Wording).  That document does not include form NMA 5062, but does include the "standard forms" LMA5062, the Lines Clause, and NMA2419, the Fraudulent Claim Clause.  Partner Re does not deny that LMA5062 and NMA2419 are forms commonly used in the London market, and do not appear in what Amtrak has submitted with the Rawlings Affidavit as the PRIL Policy.

**Counterstatement Paragraph No. 32**

The Reinsurance Policy defines "The Insured" to be "National Railroad Passenger Corporation (Amtrak)" and provides that "Loss, if any, shall be adjusted with and payable to National Railroad Passenger Corporation." *See* Rawlings Aff., Ex. 3, at p. 3; *See* Rawlings Aff. at ¶ 5.

**Partner Re's Response to Paragraph No. 32**

Partner Re does not dispute that the document that is attached to the Rawlings Affidavit as Exhibit 3 contains the quoted language (though on p. 7, not p. 3).  Partner Re disputes only the misleading labels that Amtrak uses in its Counterstatement.

**Counterstatement Paragraph No. 33**

The PRIL Policy expressly mentions the separate Reinsurance Policy issued by Partner Re on the Declarations Page on the PRIL Policy states that the coverage thereunder is "as more fully described in follow form Partner Reinsurance Europe plc policy NRPC-N11NA08246." Rawlings Aff., Ex. 1, at AMT00046024.

**Partner Re's Response to Paragraph No. 33**

Partner Re does not dispute that the quoted language appears in the document that Amtrak has submitted with the Rawlings Affidavit as the PRIL Policy.

**Counterstatement Paragraph No. 34**

All of the policies in Amtrak's property insurance program included a provision stating that the insurance companies would use Ratcliff Property Adjusting ("Ratcliff") to adjust all claims made by Amtrak under the policies. *See* Amended Compl., Exs. 3-26. After Amtrak provided notice to Defendants of the insurance claim at issue, the insurance companies appointed Ratcliff to act on their behalf in the adjustment of Amtrak's claim. *See* Rawlings Aff. at ¶ 10. Soon thereafter, the insurance companies decided that Ratcliff's role would be taken over by York Specialized Loss Adjusting ("York") and Amtrak agreed to York's substitution for Ratcliff. *See id*. at ¶ 11. In that role, York was responsible for investigating the loss on behalf of the insurance companies, compiling the necessary information and documentation, and reporting its findings and analysis to the insurance companies. *See id.* at ¶ 12. In carrying out those responsibilities, York reported directly to Partner Re and specifically did not report to PRIL. *See* Rawlings Aff., Exs. 7-8.

**Partner Re's Response to Paragraph No. 34**

Partner Re does not dispute that York provided information to it and that York did not report to PRIL, as PRIL declined to respond to correspondence and defaulted on its obligations to investigate and adjust the loss. *See, e.g.*, Mondell Decl., Ex. H (6/26/14 Letter from Robert Steller at York to John Vanwart at Marsh). Partner Re disputes that Amended Complaint Ex. 19 is the Partner Re Reinsurance Contract. *See* Response to Paragraphs 28, 29 and 30, above.

Dated: New York, New York
March 13, 2015

ROPES & GRAY LLP

By: /s/ Catherine A. Mondell
Catherine A. Mondell
(catherine.mondell@ropesgray.com)
800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000

Evan P. Lestelle
(evan.lestelle@ropesgray.com)
Elizabeth Bierut
(elizabeth.bierut@ropesgray.com)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000

*Attorneys for Defendant Partner Reinsurance Europe plc*