**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x

NATIONAL RAILROAD PASSENGER : 
CORPORATION, :
                         Plaintiff, :
                 v. :
ARCH SPECIALTY INSURANCE COMPANY; :   14 Civ. 7510 (JSR)
ASPEN SPECIALTY INSURANCE COMPANY; :
COMMONWEALTH INSURANCE COMPANY; :
FEDERAL INSURANCE COMPANY; LEXINGTON :
INSURANCE COMPANY; LIBERTY MUTUAL :
FIRE INSURANCE COMPANY; CERTAIN :
UNDERWRITERS AT LLOYD'S OF LONDON and :
CERTAIN LONDON MARKET COMPANIES :   **DECLARATION OF**
Subscribing to Policy Nos. 507/N11NA08240, :   **TIMOTHY G. CHURCH**
507/N11NA08241, 507/N11NA08242, :
507/N11NA08244, 507/N11NA08245 and GEP 2944; :
MAIDEN SPECIALTY INSURANCE COMPANY; :
MAXUM INDEMNITY COMPANY; :
NAVIGATORS INSURANCE COMPANY; :
PARTNER REINSURANCE EUROPE plc; RSUI :
INDEMNITY COMPANY; STEADFAST :
INSURANCE COMPANY; TORUS SPECIALTY :
INSURANCE COMPANY; and WESTPORT :
INSURANCE CORPORATION, :
                        Defendants. :
 :
 :

---------------------------------------------------------------- x

     Timothy G. Church, Esq., an attorney admitted to practice in the Southern District of New York, declares the following under penalty of perjury:

     1.    I am a member of the firm Bruckmann & Victory, LLP, attorneys for Certain Underwriters at Lloyd's of London and Certain London Market Companies Subscribing to Policy Nos. 507/N11NA08240 and 507/N11NA08241, Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Federal Insurance Company, Maxum Indemnity Company,

Navigators Insurance Company, and RSUI Indemnity Company, who are certain of the defendants in this matter (collectively, along with the other Defendants, "Insurers").  I have personal knowledge of the facts presented in this Declaration, which is submitted in support of Insurers' *Daubert* Motion to Preclude the Testimony of HNTB.

***Support Schedules for HNTB's Appendix B***

2. On September 18, 2014, one day after Amtrak filed the current lawsuit against Insurers, Amtrak submitted an engineering report authored by HNTB titled "Structural Assessment of the Amtrak Under River Tunnels in NYC Inundated by Super Storm Sandy."  *See* Declaration of Catherine A. Mondell dated April 17, 2015 ("Mondell Decl."), Ex. A-3 (the "HNTB Report").

3. The HNTB Report provides a cost estimate for HNTB's recommended remedial measures totaling $689 million.  The HNTB Report states that "[d]etailed estimates are presented in Appendix B."  HNTB Report at 53.

4. The Appendix B spreadsheet, on its face, shows various mathematical breakdowns between (i) HTNB's overall estimates for certain components of the work – e.g., benchwall reconstruction, and (ii) unit costs derived by dividing the overall estimates by, e.g., linear feet or man-hours.  *See* Mondell Decl., Ex. A-5 ("Appendix B").  However, the detail of the overall estimates appears to be contained in a separate file or files.  For example, Appendix B shows a figure of $30,661,221 in benchwall reconstruction; the native version of the spreadsheet shows in that cell a reference to a separate file path:

='H:\Users\dchamplin\AppData\Local\Microsoft\Windows\Temporary Internet Files\Content.Outlook\NIZGK95R\[AMTRAK TUNNEL BENCHWALL RECONSTRUCTION(24.7)(PORTAL).xlsx]DETAILED ESTIMATE'!L19.  *Id.*

5.      Since neither HNTB nor Amtrak had identified the separate supporting file or files associated with Appendix B with sufficient clarity, on March 19, 2015, I emailed Peter Halprin, counsel for Amtrak, and requested the "HNTB support schedules behind items in Appendix B of its report." A true and correct copy of this email is attached as Exhibit 1.

6.      On March 25, Mr. Halprin replied that the requested documents would be produced in Amtrak production number 27: "In response to Mr. Church's March 19, 2015 email, we have produced the requested HNTB materials, previously produced in this case, in native (excel) format in AMT_27." A true and correct copy of Mr. Halprin's email is attached as Exhibit 2.

7.      Production "AMT_27" included a single native Excel spreadsheet, produced at AMT00258619 (the "AMT_27 Document"). The AMT_27 Spreadsheet is a single native document comprised of multiple individual tabs, and it provides access to hidden tabs and cost summaries, links, and formulas that could not be viewed in non-native versions of that spreadsheet's component tabs or data, to the extent such materials were previously produced. A true and correct copy of AMT00258619 as it initially appears with multiple tabs and cells hidden is attached as Exhibit 3. A true and correct copy of AMT00258619 as it appears after tabs and cells have been "unhidden" is attached as Exhibit 4. As this document incorporates multiple different "scenarios," as well as hidden tabs, links and formulas that do not readily correspond with materials previously produced, it remains unclear whether Amtrak has produced the full set of information constituting the "HNTB support schedules behind items in Appendix B of its report," as requested.

*HNTB Proposal*

8.      At his deposition on February 5, 2015, Nasri Munfah, Senior Vice President and Chairman of Tunnel Services for HNTB, testified that HNTB was preparing a proposal to

provide engineering services to Amtrak in connection with the repair or replacement of components in Amtrak's tunnels allegedly damaged by Sandy (the "HNTB Proposal"). Mr. Munfah stated that the proposal was due in March 2015. At that time, Christopher S. Finazzo, counsel for Insurers, requested that Amtrak produce the HNTB Proposal immediately upon completion. A true and correct copy of the transcript excerpts showing this exchange is attached as Exhibit 5.

9. At his deposition on March 19, 2015, Raymond Sandiford, vice president in charge of HNTB's geotechnical engineering practice, testified that HNTB had submitted the HNTB Proposal to Amtrak on Monday, March 16, 2015. At that time, Mr. Finazzo reiterated Insurers' request that the HNTB Proposal be produced. Daniel Healy, counsel for Amtrak, responded that the HNTB Proposal had been produced but he was unable to identify when it had been produced. A true and correct copy of excerpts of the transcript showing this exchange is attached as Exhibit 6.

10. On March 20, 2015, at another deposition, Mr. Finazzo informed Thomas J. Powell, counsel for Amtrak, that Insurers had been unable to locate the HNTB Proposal. At that time, Mr. Finazzo requested that Amtrak produce the HNTB Proposal if it had not already done so, or, if the document had been produced, that Amtrak identify the Bates number range at which the HNTB Proposal may be located. A true and correct copy of the transcript excerpt showing this exchange is attached as Exhibit 7.

11. On March 30, 2015, Mr. Finazzo emailed Mr. Healy, reiterating that Insurers had been unable to locate the HNTB Proposal among the documents produced by Amtrak. Mr. Finazzo again requested that Amtrak identify the Bates number range at which the HNTB Proposal may be located. Attached as Exhibit 8 is a true and accurate copy of such email.

12. As of the date of this Declaration, Insurers have been unable to locate the HNTB Proposal among documents produced by Amtrak and Amtrak has not identified a Bates number range at which such HNTB Proposal may be located.

Dated: April 17, 2015

                                                                                       /s/ Timothy G. Church
                                                                                         Timothy G. Church