UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORPORATION,<br>                          Plaintiff,<br><br>v.<br><br>ARCH SPECIALTY INSURANCE COMPANY;<br>ASPEN SPECIALTY INSURANCE COMPANY;<br>COMMONWEALTH INSURANCE COMPANY;<br>FEDERAL INSURANCE COMPANY;<br>LEXINGTON INSURANCE COMPANY;<br>LIBERTY MUTUAL FIRE INSURANCE COMPANY;<br>CERTAIN UNDERWRITERS AT LLOYD'S OF LONDON<br>and CERTAIN LONDON MARKET INSURANCE<br>COMPANIES subscribing to Policy Nos.<br>507/N11NA08240, 507/N11NA08241, 507/N11NA08242,<br>507/N11NA08244, 507/N11NA08244, 507/N11NA08245<br>and GEP 2944;<br>MAIDEN SPECIALTY INSURANCE COMPANY;<br>MAXUM INDEMNITY COMPANY;<br>NAVIGATORS INSURANCE COMPANY;<br>PARTNER REINSURANCE EUROPE plc;<br>RSUI INDEMNITY COMPANY;<br>SCOR GLOBAL P&C SE;<br>STEADFAST INSURANCE COMPANY;<br>TORUS SPECIALTY INSURANCE COMPANY; and<br>WESTPORT INSURANCE CORPORATION,<br><br>                          Defendants. | Civ. Action No.:14-cv-7510 (JSR) |

---

**SUPPLEMENT TO MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLARIFICATION ON THE SCOPE OF TRIAL**

---

dcdocs-90292.1

In response to a question posed by this Court during oral argument on June 19, the Plaintiff National Passenger Railroad Corporation ("Amtrak"), submits this supplement to its Memorandum of Law in support of its Motion for Clarification on the Scope of Trial.

The question was why Amtrak did not submit a proof of loss on its own initiative, rather than waiting for Defendants to propose and draft proofs of loss for Amtrak to sign. The answer is that doing so would contravene the Proof of Loss provision of the policies:

> The Insured, *at the request of the Company,* will render a signed and sworn proof of loss to the Company or its appointed representative stating: the place, time, cause of the loss, damage, or expense; the interest of the Insured and of all others; the value of the property involved in the loss; and the amount of loss, damage, or expense.

*See e.g.*, Lexington Policy No 084144000 at ¶ 23, attached as Ex. 3 to Declaration of Marshall N. Gilinsky, dated June 3, 2015 (emphasis supplied). This provision establishes a procedure for Defendants to determine when a proof of loss will be rendered.

The attached letters verify the statements by counsel that the parties complied strictly with this Proof of Loss requirement. *See e.g.*, Letters from Defendants' Adjuster Robert Steller conveying draft Proofs of Loss to Amtrak Adjuster Randolph Goodman on 10/14/13 [AMT00027795-98]; 10/25/13 [AMT00028329-32]; and 2/26/14 [AMT00028841-45].

The case specifically referenced by counsel was *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005). The Second Circuit held:

> The flaw in St. Paul's argument is that *no appraisal can occur until the legal parameters for valuating Duane Reade's losses have been set.* It is well established that the scope of coverage provided by an insurance policy is a purely legal issue that cannot be determined by an appraisal, which is limited to factual disputes over the amount of loss for which an insurer is liable.

The Second Circuit held that "it was the lawsuit that had to precede the appraisal, not the other way around." *See id.* at 391.

Dated: June 23, 2015

By: /s/
Rhonda D. Orin, Esq. (RO-0359)
rorin@andersonkill.com
Daniel J. Healy, Esq. (DH-7396)
dhealy@andersonkill.com
Marshall Gilinsky, Esq. (MG-8398)
mgilinsky@andersonkill.com
ANDERSON KILL, L.L.P.
1717 Pennsylvania Avenue, N.W.
Washington, DC  20006
Telephone:  202-416-6500

Finley T. Harckham, Esq. (FH-8219)
fharckham@andersonkill.com
Peter A. Halprin, Esq. (PH-2514)
phalprin@andersonkill.com
ANDERSON KILL, P.C.
1251 Avenue of the Americas
New York, NY  10020
Telephone:  212-278-1000

Attorneys for Plaintiff

| | |
|---|---|
| **From:** | Steller, Robert [Robert.Steller@yorkrsg.com] |
| **Sent:** | Friday, October 04, 2013 4:53 PM |
| **To:** | Balderston, Philip A; Rawlings, Cathy H |
| **Cc:** | Randy Goodman |
| **Subject:** | Amtrak Cat 90 Claim |
| **Attachments:** | Letter to Amtrak 10-4-2013.pdf; Partial POL Amtrak 10-3-2013.pdf; 201301004 Amtrak Doc Request.pdf; Schedule of Insurers.xlsx |

All:

Please see attached.

Thanks,

Bob Steller
Executive General Adjuster/VP
SLA

630.554.7458 office
630.982.1515 fax
630.272.7724 cell
Robert.Steller@yorkrsg.com email

York Risk Services Group
PO Box 151
Yorkville, IL 60560



No representative of the Specialized Loss Adjusting Division of York Risk Services Group, Inc. ("York"), or any consultant retained on behalf of the insurer(s) working with "York", has any authority either to bind the insurer(s) to coverage, or to interpret, waive, or alter any of the terms, conditions, or limitations of the policy. The insurer (s) reserves the right to make all decisions concerning coverage. For the avoidance of doubt, nothing that York communicates to you with respect to this matter constitutes any decision of any kind with respect to any coverage of any kind or an interpretation, waiver or alteration of any policy term, condition or limitation of any insurance policy.

1

CONFIDENTIAL



Robert G. Steller
Executive General Adjuster
Vice President
PO Box 151
Yorkville IL, 60560
Tel: 630.272.7724
Fax: 630.982.1515
Robert.Steller @yorkrsg.com
www.yorkrsg.com

October 4, 2013

Philip A. Balderston
Cathy Rawlings
Risk Management
National Passenger Railroad Corporation

Via Email

Insured:     National Railroad Passenger Corp (Amtrak)
Policy Term: December 1, 2011- December 1, 2012
Date of Loss: October 29, 2012 Cat 90
York File:    SLA-3603

Phil and Cathy,

Insurers listed on Schedule A ("Insurers") have authorized this letter in response to AMTRAK's request for a $25,000,000 partial claim payment. This letter advises that the primary layer Insurers agree to make an unallocated $10,000,000 partial/interim payment of loss under a full and continuing reservation of rights, upon receipt of an executed Interim Proof of Loss using the form attached here.

Insurers take this opportunity to request that AMTRAK respond to the attached Requests for Information relating to the property damage claim. These Requests for Information indicate when AMTRAK has not provided complete responses to prior requests, and also contain new requests. You will note that the adjustment team requests the lease agreement at the Linden Warehouse, all track use/operating agreements with other railroads for lines and tunnels affected by Sandy which form part of AMTRAK's claim, and AMTRAK's communications with the Department of Transportation regarding the grant.

Insurers understand that AMTRAK and the adjustment team are meeting on October 28-29, 2013 in Philadelphia to review the business interruption claim. Insurers request AMTRAK's responses to these Requests for Information in advance of that meeting. Insurers also request that AMTRAK seek a mutually

A Division of York Risk Services Group, Inc.

CONFIDENTIAL

AMT00027796

convenient date with the adjustment team to inspect ERT—Line 1, the First Avenue Ventilation—North, and Spuyten Duyvil Bridge before this meeting. The Insurers will consider a further partial/interim payment of loss following receipt of the requested information, additional inspections, and the October meeting with the adjustment team.

Insurers continue to investigate the claim subject to a full reservation of rights under the policies, at law and otherwise. Without waiving any such points, this letter incorporates by reference all specific reservations made by Insurers in the June 28, 2013, August 12, 2013, and September 13, 2013 letters, and all prior letters or communications authorized by Insurers. Those insurers on layers of insurance excess of $125 million and deductibles have only recently received a set of summary figures totaling approximately $504 million together with the indication that AMTRAK intends in the future to present a claim to their layers of insurance. Accordingly, those insurers join in the reservations of rights expressed here and the requests for information, and will write separately to address the issues specific to their upper excess layer participation.

    The only authorized communication concerning coverage in this matter are those set forth in writing signed by Insurers or in a letter stating that Insurers have authorized the coverage communication, and all coverage determinations are reserved exclusively to the Insurers.

Sincerely,


Robert Steller
Executive General Adjuster

A Division of York Risk Services Group, Inc.

CONFIDENTIAL

AMT00027797

| PRIMARY POLICY NUMBERS<br>YS2-L9L-447676-011<br>NC10ILM016908-01<br>084144000<br>668-4888<br>N11NA08240<br>N11NA08241<br>P002766/009 | SWORN STATEMENT<br>IN | AMOUNT OF AMTRAK'S PRIMARY AND EXCESS POLICIES<br>$675,000.00 |
|---|---|---|
| AGENT<br>Marsh | PARTIAL PROOF OF LOSS<br>TO | POLICIES ISSUED<br>December 1, 2011 |
| AGENCY AT<br>New York, NY | National Railroad Passenger Corporation (AMTRAK) | POLICIES EXPIRED<br>December 1, 2012 |

To the insurers of **National Railroad Passenger Corporation (AMTRAK)**

At time of loss, by the above indicated policies of insurance, you insured National Railroad Passenger Corporation (AMTRAK) against loss to property according to the terms and conditions of said policies and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** Cat 90, Sandy occurred on October 29, 2012.

2. **Occupancy:** The building/structure described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: National Railroad Passenger Corporation (AMTRAK)

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was: National Railroad Passenger Corporation (AMTRAK). No other person or persons had any interest therein or encumbrance thereon, except: None noted.

4. **Changes:** Since the said policies were issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: None noted.

5. **Total Insurance:** The total amount of insurance upon the property described by AMTRAK's policies was, at the time of the loss, $675,000,000.00, besides which there was no other policy or other contract of insurance, written or oral, valid or invalid.

6. **The Actual Cash Value** of said property at the time of the loss was        $ NA
7. **The Whole Loss and Damage** was        $ TBD
8. **The Amount Claimed** under the above numbered policy is        $ TBD
9. **Total unallocated advance to be provided under this partial proof of loss**        $10,000,000.00 (a)
    (a) Based on $20,000,000.00 gross (unallocated), or 10,000,000.00 net after applicable deductible of $10,000,000.00

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policies, or render them void; no articles are mentioned herein or in annexed schedules but such as were destroyed or the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

All amounts paid are on an unallocated basis and are without prejudice and shall not constitute a waiver of any rights. In the event that final adjustment of the claim shows that this or other payments have resulted in an overpayment of amounts due under the Policies, the Insured will refund promptly any amounts overpaid.

The furnishing of this blank or the preparation of partial proofs by a representative of the above insurance companies is not a waiver of any of their rights.

State of_____            _____
County of_____             National Railroad Passenger Corporation (AMTRAK)
Subscribed and sworn to before me this_____ day of _____ 20_____
                                         _____Notary Public

CONFIDENTIAL                                                                                            AMT00027798

| | |
|---|---|
| **From:** | Steller, Robert [Robert.Steller@yorkrsg.com] |
| **Sent:** | Friday, October 25, 2013 2:15 PM |
| **To:** | Randy Goodman; Rawlings, Cathy H; Balderston, Philip A; Zachary Forrest |
| **Subject:** | Amtrak Cat 90 Letter response |
| **Attachments:** | Amtrak letter 10-25-2013.pdf |

All,

Please see attached letter.

Best regards,

Bob Steller
Executive General Adjuster/VP
SLA

630.554.7458 office
630.982.1515 fax
630.272.7724 cell
Robert.Steller@yorkrsg.com email

York Risk Services Group
PO Box 151
Yorkville, IL 60560


YORK

No representative of the Specialized Loss Adjusting Division of York Risk Services Group, Inc. ("York"), or any consultant retained on behalf of the insurer(s) working with "York", has any authority either to bind the insurer(s) to coverage, or to interpret, waive, or alter any of the terms, conditions, or limitations of the policy. The insurer (s) reserves the right to make all decisions concerning coverage. For the avoidance of doubt, nothing that York communicates to you with respect to this matter constitutes any decision of any kind with respect to any coverage of any kind or an interpretation, waiver or alteration of any policy term, condition or limitation of any insurance policy.

CONFIDENTIAL

AMT00028329



Robert G. Steller
Executive General Adjuster
Vice President
PO Box 151
Yorkville IL, 60560
Tel: 630.272.7724
Fax: 630.982.1515
Robert.Steller @yorkrsg.com
www.yorkrsg.com

October 25, 2013

**<u>VIA EMAIL</u>**

Philip A. Balderston
Cathy Rawlings
Risk Management
National Passenger Railroad Corporation

Via Email

| | |
|---|---|
| Insured: | National Railroad Passenger Corp (Amtrak) |
| Policy Term: | December 1, 2011- December 1, 2012 |
| Date of Loss: | October 29, 2012 Cat 90 |
| York File: | SLA-3603 |

Mr. Balderston and Ms. Rawlings:

Insurers listed on Schedule A ("Insurers") have authorized this letter in response to Mr. Goodman's October 3, 2013 letter, and to update Amtrak concerning the status of Insurers' claim investigation. Certain other insurers may write separately to supplement this correspondence. Insurers continue to advise that all coverage determinations are reserved exclusively to Insurers and the only authorized communications concerning coverage in this matter are those from an Insurer itself, or those expressly stating that they have been authorized by one or more Insurers.

Amtrak's primary-layer Insurers agreed to make an unallocated $10,000,000 partial/interim payment of loss on October 4, 2013 under a full and continuing reservation of rights and receipt of an executed proof of loss. As previously advised, Insurers will consider a further partial/interim payment of loss as the claim investigation proceeds and information is supplied by Amtrak to show "reasonable expenses paid by [Amtrak] in repairing or replacing damaged or lost property" insured under the Policies, or to support elements of an "undisputed estimate of loss or damage between [Amtrak] and [Insurers]". This is what

A Division of York Risk Services Group, Inc.

Page 2 of 4

Amtrak's policy wording provides at Paragraph 24 "Partial/Interim Payment of Loss."

Concerning the status of the adjustment, Insurers do not agree with the characterizations in Mr. Goodman's October 3rd letter of the exchanges to date. The record of those previous exchanges speaks for itself and Insurers will not dwell on those points here. Currently, requests for information (RFIs) remain outstanding, as shown on the chart attached to Insurers' October 4, 2013 letter and as will be addressed in planned meetings between Amtrak and the adjustment team on October 28 and 29, and necessary inspections/re-inspections will be conducted in the near future as the adjustment team works diligently with Amtrak to accommodate scheduling challenges on both sides. Insurers look forward to obtaining additional information through these steps, and expect the additional information obtained will assist Insurers' consideration of another partial/interim payment of loss in accordance with all Policy provisions and at law.

Mr. Goodman's October 3, 2013 letter also takes issue with Insurers reserving rights concerning Amtrak notifying Insurers months after Sandy—on May 17, 2013,[1] June 17, 2013,[2] and August 22, 2013[3] respectively—of eight additional Amtrak locations that allegedly suffered damage. Insurers note the arguments raised on Amtrak's behalf, but do not agree with the suggestion that Insurers should have sought inspections of sites where Amtrak has not reported any damage. The concerns underlying that reservation of rights have been amplified by Amtrak's recent indication that the amount of its claim is potentially an order of magnitude larger than any previous figures provided. Accordingly, Insurers maintain their reservations concerning the May 17, 2013, June 17, 2013, and August 22, 2013 loss notifications.

As to the remaining points in the October 3rd letter, Insurers continue to fully reserve their rights (as does Amtrak) pending further presentation of Amtrak's claim and further investigation. In the meantime, Insurers continue to incorporate by reference all specific reservations made by Insurers in the June 28, 2013, August 12, 2013, September 13, 2013, and October 4, 2013 letters. Insurers have noted certain specific points in those letters to ensure they are taken into account in connection with future exchanges, and look forward to a substantive dialog with Amtrak on those points.

Those Insurers on upper excess layers join in the reservations of rights expressed here and are writing separately to address the issues specific to their upper excess layer participation.

---

[1] These locations include: First Avenue Ventilation—South Building, First Avenue Ventilation—North Building, Long Island Ventilation, Weehawken Ventilation, East River (Pump Room), and North River (Pump room).
[2] Empire Ventilation.
[3] Spuyten Duyvil Bridge.

A Division of York Risk Services Group, Inc.

CONFIDENTIAL                                                                                         AMT00028331

## EXHIBIT A - MEMBER PARTIES

| LAYER | Policy Number | Participation % |
|---|---|---|
| **Primary $50M** | | |
| AWAC Bermuda | P002766/009 | 14.0000% |
| Lloyd's of London Syndicates | N11NA08240 | 35.2500% |
| **Primary $125M** | | |
| Liberty Mutual Insurance Company | YS2-L9L-447676-011 | 4.0000% |
| Navigators | NC10ILM016908-01 | 1.0000% |
| Lexington | 084144000 | 28.0000% |
| Federal Insurance Company (Chubb) | 668-4888 | 5.0000% |
| Lloyd's of London Syndicates | N11NA08241 | 12.7500% |
| **$75M x/s $50M** | | |
| Maxum Indemnity Company | MSP6014096-02 | 5.9167% |
| Aspen Specialty Insurance Company | PXA4VP611 | 9.3333% |
| Arch Specialty Insurance Company | ESP0047206-00 | 6.6666% |
| RSUI Indemnity Company | NHT374082 | 10.0000% |
| Arch Bermuda | PRP0041483-01 | 6.5000% |
| Lancashire Insurance Company Ltd. (Bermuda) | B32504DIXB11 | 3.3333% |
| **$250M x/s $50M** | | |
| XL Bermuda | XL PRP 605355 11 | 7.5000% |
| **$175M x/s $125M** | | |
| Commonwealth Insurance Company | US9434 | 5.7143% |
| Lancashire Insurance Company Ltd. (Bermuda) | B32405DIXB11 | 7.1430% |
| Ironshore Insurance Ltd | 443139211A | 5.0000% |
| Aspen Specialty Insurance Company | PX5705611 | 2.8571% |
| Lexington Insurance Co. | 84144282 | 9.1070% |
| Torus Specialty Insurance Company | 41794A111APR | 5.7143% |
| Steadfast Insurance Company | IM9805201-00 | 2.8571% |
| Global Excess Partners | GEP2944 | 2.8571% |
| Lloyd's of London Syndicates | N11NA08242 | 22.5001% |
| **$325M x/s $300M** | | |
| Lloyd's of London Syndicates | N11NA08244 | 29.6455% |
| Sirius Insurance Company | N11NA08244 | 2.9999% |
| Houston Casualty Company | N11NA08244 | 1.5000% |
| Hannover Re | N11NA08245 | 5.0000% |
| RSUI Indemnity | NHT374083 | 5.5385% |
| Maiden Specialty Insurance Company | S1LPY0151600S | 10.7692% |
| Axis Specialty Bermuda Ltd | 2103340111UP | 6.5000% |
| ACE Bermuda Insurance Ltd | NPRC 01281P01A | 16.30% |
| **$500M x/s $125M** | | |
| Westport Insurance Corporation | 31-3-74264 | 14.2500% |
| Partner Re (Reinsurance of PRIL) | N11NA08246 | 7.5000% |
| **$50M x/s $625M** | | |
| ACE Bermuda Insurance Ltd | NPRC 01281P01B | 100.00% |

A Division of York Risk Services Group, Inc.

Page **4** of **4**

Sincerely,

Robert G. Steller
Executive General Adjuster/VP

CONFIDENTIAL

AMT00028333

| | |
|---|---|
| **From:** | Steller, Robert [Robert.Steller@yorkrsg.com] |
| **Sent:** | Wednesday, February 26, 2014 8:34 AM |
| **To:** | Balderston, Philip A; Rawlings, Cathy H |
| **Cc:** | Randy Goodman |
| **Subject:** | Amtrak Cat 90 Letter letter an Partial POL |
| **Attachments:** | Amtrak Letter 2-26-2014.pdf; 3rd Partial POL Amtrak 2-26-2014.docx |

All,

Please see attached the 3rd partial POL and letter. Once the POL is executed, please return to me for further processing.

Thanks,

Bob Steller
Executive General Adjuster/VP
SLA

630.554.7458 office
630.982.1515 fax
630.272.7724 cell
Robert.Steller@yorkrsg.com email

York Risk Services Group
PO Box 151
Yorkville, IL 60560


YORK

No representative of the Specialized Loss Adjusting Division of York Risk Services Group, Inc. ("York"), or any consultant retained on behalf of the insurer(s) working with "York", has any authority either to bind the insurer(s) to coverage, or to interpret, waive, or alter any of the terms, conditions, or limitations of the policy. The insurer (s) reserves the right to make all decisions concerning coverage. For the avoidance of doubt, nothing that York communicates to you with respect to this matter constitutes any decision of any kind with respect to any coverage of any kind or an interpretation, waiver or alteration of any policy term, condition or limitation of any insurance policy.

1



**YORK**
Specialized Loss Adjusting

Robert G. Steller
Executive General Adjuster
Vice President
PO Box 151
Yorkville IL, 60560
Tel: 630.272.7724
Fax: 630.982.1515
Robert.Steller @yorkrsg.com
www.yorkrsg.com

February 26, 2014

Philip A. Balderston
Cathy Rawlings
Risk Management
National Passenger Railroad Corporation

RE:          Sandy - CAT #90
Insured:     National Railroad Passenger Corp. / (AMTRAK)
Policy Term: December 1, 2011 – December 1, 2012
Loss Date:   October 29, 2012

Dear Mr. Balderston and Ms. Rawlings,

This letter has been expressly authorized by, and is issued on behalf of, those insurers listed on the attached Schedule A ("the Insurers"), in response to the January 21, 2014 letter from Mr. Randolph H. Goodman, providing Amtrak's second preliminary and interim claim submission and requesting a partial payment.

While the Insurers have no issue with preliminary and interim submissions, they do have a concern that well over a year after the loss new locations are being added to the claim. Specifically, Mr. Goodman's letter is the first time any reference was made to the Sunnyside Yard and no substantive information has been provided concerning that claim. Mr. Goodman also makes reference to the submission at some unspecified future date of a claim for "other damage or losses that [Amtrak has] not yet identified." Please be advised that the Insurers reserve all rights in connection with the late submission of the Sunnyside Yard claim and any as of yet underdetermined future claim for loss or damage that has not yet been identified.

The Insurers agree that it makes sense to hold regularly scheduled meetings to discuss and review the claim, including the second preliminary and interim submission. We note that there currently is a meeting scheduled in Philadelphia for March 4, 2014, and inspections scheduled for March 12-13, 2014. We received some claim information on January 29, 2014 and are in the process of

A Division of York Risk Services Group, Inc.

CONFIDENTIAL                                                                      AMT00028842

Sincerely,

Robert Steller
Executive General Adjuster

A Division of York Risk Services Group, Inc.

CONFIDENTIAL

AMT00028844

| PRIMARY POLICY NUMBERS<br>YS2-L9L-447676-011<br>NC10ILM016908-01<br>084144000<br>668-4888<br>N11NA08240<br>N11NA08241<br>P002766/009 | SWORN STATEMENT IN | AMOUNT OF AMTRAK'S PRIMARY AND EXCESS POLICIES<br>$675,000.00 |
|---|---|---|
| AGENT<br>Marsh | 2nd PARTIAL PROOF OF LOSS<br>TO | POLICIES ISSUED<br>December 1, 2011 |
| AGENCY AT<br>New York, NY | National Railroad Passenger Corporation (AMTRAK) | POLICIES EXPIRED<br>December 1, 2012 |

To the insurers of **National Railroad Passenger Corporation (AMTRAK)**

At time of loss, by the above indicated policies of insurance, you insured National Railroad Passenger Corporation (AMTRAK) against loss to property according to the terms and conditions of said policies and all forms, endorsements, transfers and assignments attached thereto.

1. **Time and Origin:** Physical Damage on or abour October 29, 2012.

2. **Occupancy:** The building/structure described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: National Railroad Passenger Corporation (AMTRAK)

3. **Title and Interest:** At the time of the loss the interest of your insured in the property described therein was: National Railroad Passenger Corporation (AMTRAK). No other person or persons had any interest therein or encumbrance thereon, except: None noted.

4. **Changes:** Since the said policies were issued there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described, except: None noted.

5. **Total Insurance:** The total amount of insurance upon the property described by AMTRAK's policies was, at the time of the loss, $675,000,000.00, besides which there was no other policy or other contract of insurance, written or oral, valid or invalid.

6. **The Actual Cash Value** of said property at the time of the loss was     $ NA
7. **The Whole Loss and Damage** was     $ TBD
8. **The Amount Claimed** under the above numbered policy is     $ TBD
9. **Total unallocated advance to be provided under this partial proof of loss**     $10,000,000.00 (a)
   (a) Based on $40,000,000.00 gross (unallocated), or 10,000,000.00 net after prior inerim partial payment of $20,000,000.00 and applicable deductible of $10,000,000.00

The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policies, or render them void; no articles are mentioned herein or in annexed schedules but such as were destroyed or the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof.

All amounts paid are on an unallocated basis and are without prejudice and shall not constitute a waiver of any rights. In the event that final adjustment of the claim shows that this or other payments have resulted in an overpayment of amounts due under the Policies, the Insured will refund promptly any amounts overpaid.

The furnishing of this blank or the preparation of partial proofs by a representative of the above insurance companies is not a waiver of any of their rights.

State of_____
County of_____     National Railroad Passenger Corporation (AMTRAK)
Subscribed and sworn to before me this_____ day of _____ 20_____
_____Notary Public

CONFIDENTIAL

AMT00028845