UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NATIONAL RAILROAD PASSENGER            :
CORPORATION,                                            :
                                                                       :
                                        Plaintiff,           :
                                                                       :
              v.                                                   :
                                                                       :
ARCH SPECIALTY INSURANCE COMPANY;      :    14 Civ. 7510 (JSR)
ASPEN SPECIALTY INSURANCE COMPANY;     :
COMMONWEALTH INSURANCE COMPANY;        :
FEDERAL INSURANCE COMPANY; LEXINGTON   :
INSURANCE COMPANY; LIBERTY MUTUAL FIRE :
INSURANCE COMPANY; CERTAIN             :
UNDERWRITERS AT LLOYD'S OF LONDON and  :
CERTAIN LONDON MARKET COMPANIES        :
Subscribing to Policy Nos. 507/N11NA08240, :
507/N11NA08241, 507/N11NA08242,        :
507/N11NA08244, 507/N11NA08244,        :
507/N11NA08245 and GEP 2944; MAIDEN    :
SPECIALTY INSURANCE COMPANY; MAXUM     :
INDEMNITY COMPANY; NAVIGATORS          :
INSURANCE COMPANY; PARTNER             :
REINSURANCE EUROPE plc; RSUI INDEMNITY :
COMPANY; STEADFAST INSURANCE COMPANY;  :
TORUS SPECIALTY INSURANCE COMPANY; and :
WESTPORT INSURANCE CORPORATION,        :
                                                                       :
                                        Defendants.        :
                                                                       :
                                                                       :
------------------------------------------------------------------x

**DEFENDANTS' RESPONSE TO SUPPLEMENT TO MEMORANDUM
OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR CLARIFICATION
ON THE SCOPE OF TRIAL**

In the Supplement Amtrak has filed to its Memorandum of Law in Support of Motion for Clarification on the Scope of Trial, Amtrak disingenuously maintains that the reason it "did not submit a proof of loss on its own initiative, rather than waiting for Defendants to propose and draft proofs of loss for Amtrak to sign," is "that doing so would contravene the Proof of Loss provision of the policies." In support of this assertion, Amtrak recites paragraph 23 of the Lexington policy, and emphasizes the wording stating that the Insured will render a proof of loss "at the request of the Company." Amtrak then attaches three letters from Insurers' adjuster that it claims prove that Insurers "complied strictly with this Proof of Loss requirement," and therefore so did Amtrak.

This is nonsense, both in fact and in law. First, Amtrak knows full well that the letters it attaches have nothing to do with the final proof of loss required by paragraph 23 of the Lexington policy, entitled "Proof of Loss." Rather, these letters carry out the provisions of paragraph 24 of the policy, entitled "Partial/Interim Payment of Loss." As the second, October 25, 2013 letter explains:

> Amtrak's primary-layer Insurers agreed to make an unallocated $10,000,000 partial/interim payment of loss on October 4, 2013 under a full and continuing reservation of rights and receipt of an executed proof of loss. As previously advised, Insurers will consider a further partial/interim payment of loss as the claim investigation proceeds and information is supplied by Amtrak to show "reasonable expense paid by [Amtrak] in repairing or replacing damaged or lost property" insured under the Policies, or to support elements of an "undisputed estimate of loss or damage between [Amtrak] and [Insurers]". **This is what Amtrak's policy wording provides at Paragraph 24 "Partial/Interim Payment of Loss."**

(Emphasis added.)

Paragraph 24 contains no requirement of "the request of the Company" as a prerequisite for submitting a proof of loss but instead states only that "the Company(ies) on request and upon receipt of an Interim Proof Of Loss" will make an interim payment to the Insured. The three letters merely enclosed a proof of loss form to be executed so that payment could be made, as it was. The letters in no way say or imply that Insurers must initiate the drafting of the proof of loss.

2

Second, while it is certainly true that, pursuant to the New York Insurance Law, Insurers were required to furnish Amtrak with the appropriate interim proof of loss form if Insurers regarded the filing of such a form as a prerequisite to making interim payment, nothing in paragraph 24 or in the Insurance Law prevented Amtrak from filing a so-called hostile proof of loss of its own accord without any request from Insurers. Amtrak must know – and its counsel certainly does – that this is often the practice undertaken by sophisticated public adjusters in order to start the time running for payment.

As the Illinois Court of Appeals observed in *Trinity Bible Baptist Church v. Fed Kemper Ins. Co.*, 219 Ill. App. 156, 160, 578 N.E.2d 1375, 1377 (1991):

> The question is not whether a proof of loss was requested but whether it was filed in the form required. If it was filed the tolling occurs whether the company requested it or not.

The court added at 161: "To hold that the tolling provision does not apply where the insurance company does not specifically request a proof of loss could lead to absurd results."

It is thus apparent – as Amtrak and its public adjuster well knew – that Amtrak was free at any time to submit an interim proof of loss rather than waiting for the Insurers to demand one. Accordingly, Amtrak cannot hide behind the fiction that it was obligated by the policy or by law to stand by and do nothing until and unless Insurers requested that an interim proof of loss be submitted.

Dated: New York, New York
       June 25, 2015

MOUND COTTON WOLLAN & GREENGRASS, LLP

By: /s/ Costantino P. Suriano
Costantino P. Suriano
(csuriano@moundcotton.com)
Bruce R. Kaliner
(bkaliner@moundcotton.com)

3

One New York Plaza
New York, New York 10004
Telephone: (212) 804-4200

*Attorneys for Defendants Lexington Insurance Company*

.

BRUCKMANN & VICTORY, LLP

By: /s/ Arjang Victory
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170
Tel: (212) 850-8500

*Attorneys for Defendants Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Federal Insurance Company, Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/N11NA08240 and 507/N11NA08241, Maxum Indemnity Company, Navigators Insurance Company, and RSUI Indemnity Company.*

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC

By: /s/ Christopher S. Finazzo
Christopher S. Finazzo
(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033

*Attorney for Defendant Liberty Mutual Fire Insurance Company*