UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

NATIONAL RAILROAD PASSENGER                :
CORPORATION,                               :
                                           :
                          Plaintiff,       :
                                           :
            v.                             :
                                           :
ARCH SPECIALTY INSURANCE COMPANY;          :    14 Civ. 7510 (JSR)
ASPEN SPECIALTY INSURANCE COMPANY;         :
COMMONWEALTH INSURANCE COMPANY;            :
FEDERAL INSURANCE COMPANY; LEXINGTON       :
INSURANCE COMPANY; LIBERTY MUTUAL FIRE     :
INSURANCE COMPANY; CERTAIN                 :
UNDERWRITERS AT LLOYD'S OF LONDON and      :
CERTAIN LONDON MARKET COMPANIES            :
Subscribing to Policy Nos. 507/N11NA08240, :
507/N11NA08241, 507/N11NA08242,            :
507/N11NA08244, 507/N11NA08244,            :
507/N11NA08245 and GEP 2944; MAIDEN        :
SPECIALTY INSURANCE COMPANY; MAXUM         :
INDEMNITY COMPANY; NAVIGATORS              :
INSURANCE COMPANY; PARTNER                 :
REINSURANCE EUROPE plc; RSUI INDEMNITY     :
COMPANY; STEADFAST INSURANCE COMPANY;      :
TORUS SPECIALTY INSURANCE COMPANY; and     :
WESTPORT INSURANCE CORPORATION,            :
                                           :
                          Defendants.      :
                                           :
                                           :
------------------------------------------------------------------------x

**DEFENDANTS' RESPONSE TO PLAINTIFFS' SUPPLEMENT TO
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CLARIFICATION ON THE SCOPE OF TRIAL**

This memorandum is submitted on behalf of those insurers who have not been dismissed from the case pursuant to the Court's June 24, 2015 Order ("Insurers").

In the Supplement Amtrak has filed to its Memorandum of Law in Support of Motion for Clarification on the Scope of Trial, Amtrak disingenuously maintains that the reason it "did not submit a proof of loss on its own initiative, rather than waiting for Defendants to propose and draft proofs of loss for Amtrak to sign," is "that doing so would contravene the Proof of Loss provision of the policies."  In support of this assertion, Amtrak cites to Paragraph 23 of the Lexington Policy, and emphasizes the wording stating that the Insured will render a Proof of Loss "at the request of the Company."  Amtrak then attaches three letters from Insurers' adjuster that it claims prove that Insurers "complied strictly with this Proof of Loss requirement," and therefore so did Amtrak.

In making this argument, Amtrak misinterprets and conflates the several Proof of Loss provisions of the Policy in an attempt to confuse the issue and misdirect the analysis.

The letters Amtrak relies upon relate to its requests for advance/interim payments under Paragraph 24 of the Policy, entitled "Partial/Interim Payment of Loss."  As the second, October 25, 2013 letter explains:

> Amtrak's primary-layer Insurers agreed to make an unallocated $10,000,000 partial/interim payment of loss on October 4, 2013 under a full and continuing reservation of rights and receipt of an executed proof of loss.  As previously advised, Insurers will consider a further partial/interim payment of loss as the claim investigation proceeds and information is supplied by Amtrak to show "reasonable expense paid by [Amtrak] in repairing or replacing damaged or lost property" insured under the Policies, or to support elements of an "undisputed estimate of loss or damage between [Amtrak] and [Insurers]".  **This is what Amtrak's policy wording provides at Paragraph 24 "Partial/Interim Payment of Loss."**

(Emphasis added.)

1

The Partial/Interim Payment of Loss provision - Paragraph 24 - contains no requirement for any "request of the Company" as a prerequisite for submitting a Proof of Loss in support of a request for an interim payment.  Rather, it provides only that "the Company(ies) on request [of Amtrak for an interim payment] and upon receipt of an Interim Proof Of Loss" [by the Insurers] will make an interim payment to the Insured.  The three letters merely enclosed Proof of Loss forms to be executed as a condition precedent to interim payments to be made in accordance with the conditions for payment under the Policy.  All such payments were made upon submission of proper Proofs of Loss.  The Policy does not state, and the letters do not imply, that Insurers must initiate the process of submission of Proofs of Loss in response to a request for payment.  This is also consistent with Paragraph 30, which is entitled "Payment of Loss" and provides:

> All adjusted claims shall be due and payable no later than 30 days after presentation and acceptance of proofs by this Company or its appointed representative.

Paragraph 30 similarly does not make a request by Insurers a pre-condition to the obligation imposed upon Amtrak to submit Proof of Loss if it wants to be paid.

Indeed, Amtrak's argument defies logic.  If the Insurers, and only the Insurers, could initiate the process of submitting Proof of Loss in support of a request for payment, Amtrak would be powerless to trigger the Insurers' obligation to make any payments under the Policy.  Amtrak's proffered construction of the Policy would lead to the absurd result that the Insurers could avoid payment merely by never requesting a proof of loss.

If Amtrak truly thought it was entitled to the $75 million interim payment, nothing stopped it from supporting that request with a hostile Proof of Loss.  Amtrak must have known – as its sophisticated counsel and seasoned public adjusters undoubtedly did – that it always had that option if it wished to swear to the alleged bona fides of its request for a $75 million interim payment, a payment which it now concedes was not then, and is not now, due.

2

Dated: New York, New York
      June 25, 2015

MOUND COTTON WOLLAN & GREENGRASS, LLP

By:   /s/ Costantino P. Suriano
Costantino P. Suriano
(csuriano@moundcotton.com)
Bruce R. Kaliner
(bkaliner@moundcotton.com)
One New York Plaza
New York, New York 10004
Telephone: (212) 804-4200

*Lexington Insurance Company*

BRUCKMANN & VICTORY, LLP

By:   /s/ Arjang Victory
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170
Tel: (212) 850-8500

*Attorneys for Defendants Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Federal Insurance Company, Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/Nl1NA08240 and 507/N11NA08241, Maxum Indemnity Company, Navigators Insurance Company, and RSUI Indemnity Company.*

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC

By:   /s/ Christopher S. Finazzo
Christopher S. Finazzo
(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033

*Attorneys for Defendant Liberty Mutual Fire Insurance Company*

3