```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
NATIONAL RAILROAD PASSENGER CORPORATION,         :
                                                 :
        Plaintiff,                               :
                                                 :
        -v-                                      :
                                                 :
ARCH SPECIALTY INSURANCE COMPANY;                :
ASPEN SPECIALTY INSURANCE COMPANY;               :
COMMONWEALTH INSURANCE COMPANY;                  :   14-cv-7510 (JSR)
FEDERAL INSURANCE COMPANY;                       :
LEXINGTON INSURANCE COMPANY;                     :   ORDER
LIBERTY MUTUAL FIRE INSURANCE COMPANY;           :
CERTAIN UNDERWRITERS AT LLOYD'S OF               :
LONDON and CERTAIN LONDON MARKET                 :
COMPANIES Subscribing to Policy Nos.             :
507/N11NA08240, 507/N11NA08241,                  :
507/N11NA08242, 507/N11NA08244,                  :
507/N11NA08244, 507/N11NA08245 and GEP 2944;     :
MAIDEN SPECIALTY INSURANCE COMPANY;              :
MAXUM INDEMNITY COMPANY;                         :
NAVIGATORS INSURANCE COMPANY;                    :
PARTNER REINSURANCE EUROPE plc;                  :
RSUI INDEMNITY COMPANY;                          :
STEADFAST INSURANCE COMPANY;                     :
TORUS SPECIALTY INSURANCE COMPANY;               :
and WESTPORT INSURANCE CORPORATION,              :
                                                 :
        Defendants.                              :
------------------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

Pending before the Court is the motion of plaintiff National Railroad Passenger Corporation ("Amtrak") for clarification on the scope of trial. Upon consideration, the Court makes the following rulings:

First, a jury will determine the extent of covered physical damage to Amtrak's property, and the Court will subsequently enter an order declaring the nature of defendants' obligations, if any, to

pay the cost of future repairs to and/or replacements of Amtrak's property.

Second, on the present record, the Court denies defendants' request to dismiss Amtrak's claims for breach of contract and consequential damages. However, the Court will entertain oral argument on this issue at 9:30 AM on July 14, 2015, before jury selection commences.

Third, the present record does not provide an adequate basis for the Court to make a ruling regarding what method of valuation applies to Amtrak's alleged covered losses. This also will be the subject of further argument on the morning of July 14.

Finally, also pending before the Court is Amtrak's motion for reconsideration of the Court's June 24, 2015 Order dismissing from this case certain defendants who issued excess insurance policies or reinsurance. As indicated, the Court will rule on that motion by no later than July 2, 2015. Should the Court grant the motion, the dismissed parties must be prepared to participate in the trial commencing July 14, 2015, at which Amtrak, to secure declaratory relief against the previously dismissed defendants, will have to prove, inter alia, that "there [i]s a 'practical likelihood' that [these defendants'] policies [will] be reached." E.R. Squibb & Sons, Inc. v. Lloyd's & Companies, 241 F.3d 154, 177 (2d Cir. 2001).[1]

---

[1] Additionally, should the Court grant Amtrak's motion, it will rule by July 2 on defendant Partner Reinsurance Europe plc's motion for summary judgment.

2

SO ORDERED.

Dated:  New York, NY
        June 26, 2015

_____
JED S. RAKOFF, U.S.D.J.