UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
NATIONAL RAILROAD PASSENGER                   :
CORPORATION,                                  :
                                              :
                              Plaintiff,      :
            v.                                :
                                              :
ARCH SPECIALTY INSURANCE COMPANY;             :
ASPEN SPECIALTY INSURANCE COMPANY;            :    14 Civ. 7510 (JSR)
COMMONWEALTH INSURANCE COMPANY;               :
FEDERAL INSURANCE COMPANY; LEXINGTON          :
INSURANCE COMPANY; LIBERTY MUTUAL FIRE        :
INSURANCE COMPANY; CERTAIN                    :
UNDERWRITERS AT LLOYD'S OF LONDON and         :
CERTAIN LONDON MARKET COMPANIES               :
Subscribing to Policy Nos. 507/N11NA08240,    :
507/N11NA08241, 507/N11NA08242,               :
507/N11NA08244, 507/N11NA08244,               :
507/N11NA08245 and GEP 2944; MAIDEN           :
SPECIALTY INSURANCE COMPANY; MAXUM            :
INDEMNITY COMPANY; NAVIGATORS                 :
INSURANCE COMPANY; PARTNER                    :
REINSURANCE EUROPE plc; RSUI INDEMNITY        :
COMPANY; STEADFAST INSURANCE COMPANY;         :
TORUS SPECIALTY INSURANCE COMPANY; and        :
WESTPORT INSURANCE CORPORATION,               :
                                              :
                              Defendants.     :
                                              :
                                              :
------------------------------------------------------------------x

# INSURERS' MOTION *IN LIMINE* [No. 4] TO PRECLUDE EVIDENCE OF CATASTROPHE MODELING

# Table of Contents

Table of Authorities ...................................................................................................................... ii

FACTS ........................................................................................................................................... 1

    1.     The Summary Judgment Motions Concerning Flood ................................................. 1

    2.     CAT Modeling ............................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

1.     Evidence of CAT Modeling is Irrelevant under FRE 401 and 402 ..................................... 3

    a.     Calculation of Premiums Was Not Driven by CAT Modeling ................................. 4

    2.     CAT Modeling Evidence Should be Precluded under FRE 403 ............................ 5

CONCLUSION ............................................................................................................................... 6

## Table of Authorities

### Cases

*Allianz Risk Transfer AG v. Paramount Pictures Corp.*, 08-CV-10420 KBF, 2014 WL 5463359, at *1 (S.D.N.Y. Oct. 21, 2014) ................................................................................5

*Burlington Ins. Co. v. Utica First Ins. Co.*, 896 N.Y.S.2d 433, 435 (N.Y. App. Div. 2010) ..........4

*Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002) ....................................................4

*S. Rd. Assocs., LLC v. Int'l Bus. Machines Corp.*, 4 N.Y.3d 272, 278 (2005 ...............................4

*Santrayall v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) ......................................................3

*Securitron Magnalock Corp. v. Schnalbolk*, No. 89 Civ. 6731 (AGS) (NRB), 1994 WL WL 320708, at *1 (S.D.N.Y July 1, 1994) ...............................................................................5

*U.S. v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008) .....................................................................5

*U.S. v. Diaz*, 878 F.2d 608, 614 (2d Cir. 1989) .............................................................................3

*U.S. v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) .........................................................................3

### Statutes

Fed. R. Evid. 401 .............................................................................................................................3

Fed. R. Evid. 402 .............................................................................................................................3

Insurers submit this motion *in limine* to preclude Plaintiff ("Amtrak") from introducing evidence at trial in any format, including, but not limited to, documents, testimony, photographs, videos, etc., concerning Insurers' use of computer-based models for assessing the risk of catastrophe loss ("CAT modeling") during the underwriting process for the 2011-2012 Amtrak Policies (the "Policies").

Amtrak pursued discovery regarding CAT modeling and submitted that evidence in connection with its opposition to Insurers' Motion for Summary Judgment – Application of Flood and Occurrence Provisions. On June 24, 2015 the Court granted Insurers' motion.[1] In light of the Order, Insurers requested that Amtrak withdraw materials regarding CAT modeling (including documents from its exhibit list, witnesses from its witness list, and deposition designations) as they no longer have any bearing on the issues to be tried. Amtrak declined, necessitating this motion to preclude.

**FACTS**

1. **The Summary Judgment Motions Concerning Flood**

On March 9, 2015, at the close of discovery, the Insurers filed a motion for summary judgment seeking an order from the Court that the $125 million flood sublimit applied to Amtrak's Sandy claim and that the Excess Insurers with flood exclusions in their policies were not liable for Amtrak's claimed losses arising from flood.[2] *See* Insurers' Flood and Occurrence

---

[1] The Court held: "First, the Court finds that the inundation of Amtrak's property in the aftermath of Superstorm Sandy falls within the unambiguous scope of the definition of "flood" in the insurance policies at issue; that Amtrak did not suffer "ensuing loss"; and that Amtrak's losses arose from a single "occurrence" as defined by the insurance policies at issue." June 24, 2015 Order ("Order") at 2 (ECF No. 255).

[2] This issue was also the subject of an earlier partial summary judgment motion filed by Amtrak prior to the commencement of depositions. Amtrak moved for partial summary judgment on the issue of the flood sublimit on December 18, 2014, alleging that its Sandy losses were caused by storm surge, which precluded the application of the $125 million flood sublimit. Notably, (continued…)

Mot. (ECF No. 179). In opposition to the Insurers' summary judgment motion, and in order to avoid the application of the $125 million flood sublimit and flood exclusions, Amtrak asserted that its loss resulted from storm surge. *See* Amtrak's Opp. to Insurers' Flood and Occurrence Mot. ("Am. Flood Opp.") (ECF No. 219). Amtrak submitted CAT modeling evidence in connection with this argument.

This Court granted Insurers' summary judgment motion, dismissing the Excess Insurers, and determining as a matter of law that "the inundation of Amtrak's property in the aftermath of Superstorm Sandy falls within the unambiguous scope of the definition of 'flood' in the insurance policies at issue...." Order at 2.

**2.     CAT Modeling**

Certain underwriters use a CAT modeling program developed by Risk Management Solutions ("RMS") to assist with their duties, which include analyzing overall portfolio risk for the insurer. The RMS program is one of several CAT modeling programs available to the commercial market and is licensed to insurance companies for a fee.[3] *See* June 30, 2015 declaration of Costantino P. Suriano ("Suriano Decl."), Ex. A (Dep. of Daniel Ash-Noble) ("Ash-Noble Tr.") at 91:16-18 ("RMS is a third-party piece of licensed software..."); Suriano Decl., Ex. B (Dep. of Jordan Corlett ("Corlett Tr.")) at 61:10-63:5 (catastrophe modeling is a "computer program built by RMS and is utilized to review information for certain catastrophe perils").

---

Amtrak denied that any of the excess policies "contain an exclusion for flood." Amtrak's Motion for Partial Summary Judgment Regarding the Flood Sublimit (ECF No. 100). After oral argument on February 2, 2015, the Court denied Amtrak's motion, stating: "A Memorandum explaining the reasons for these rulings will issue in due course."

[3] *See* https://www.rms.com/products (RMS CAT models are developed for use by the "global insurance and reinsurance industry, for issuers and investors in risk-linked securities, for corporations, governments, and more.")

2

The RMS program (and CAT modeling programs in general) quantifies the risk of natural and manmade catastrophes, allowing insurers to analyze the probability of loss from catastrophic events across their portfolio; essentially, to predict future property loss scenarios.[4]

The underwriters testified that this sort of catastrophe modeling is only useful for an entire portfolio, such as all railroad business in the Pacific Northwest, rather than for a specific risk, such as only for Amtrak's property. Catlin's underwriter, Daniel Ash-Noble, testified that RMS program is of "**very little value on anything other than a very high level portfolio analysis. It certainly is of no value whatsoever to an individual risk ....**" Suriano Decl., Ex. A (Ash-Noble Tr.) at 124:15-21 (emphasis added); *see also* Ex A (Ash-Noble Tr.) at 91:15-22, 94:22-95:5; Suriano Decl., Ex. C (Hogan Tr.) at 99:17-100:11 (modeling at GEP is not done for individual risks, *i.e.*, Amtrak, but for the accumulation of all their business). In addition, Ash-Noble testified that "RMS is, by definition, a black box that they will not allow us to see the inner machinations of...." Suriano Decl., Ex. A (Ash-Noble Tr.) at 114:9-17.

## ARGUMENT

1. <u>Evidence of CAT Modeling is Irrelevant under FRE 401 and 402</u>

Aside from the fact that CAT modeling evidence has been rendered irrelevant by the Order, evidence of CAT modeling is irrelevant under FRE 401[5] and 402 as well,[6] and should be

---

[4] *See* https://www.rms.com/products/models-cat

[5] Under Fed. R. Evid. 401, evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." S*ee also Santrayall v. Burrell*, 993 F. Supp. 173, 177 (S.D.N.Y. 1998) (facts not of consequence to the determination of the action are irrelevant and inadmissible); *U.S. v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) (Implicit in the definition of relevance are two distinct requirements: "(1)[t]he evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action," *citing U.S. v. Diaz*, 878 F.2d 608, 614 (2d Cir. 1989).

[6] Fed. R. Evid. 402 provides that "[e]vidence which is not relevant is not admissible."

(continued...)

3

precluded from use at trial. Here, Amtrak disputed Insurers' interpretations of certain terms in the Policies – e.g., the flood definitions and the application of the $125 million flood sublimit, which have now been determined by the Court as a matter of law. In order to admit any evidence of the parties' intent, there must first be an initial determination that the policy language is ambiguous. *See Burlington Ins. Co. v. Utica First Ins. Co.*, 896 N.Y.S.2d 433, 435 (N.Y. App. Div. 2010) (finding that "[e]xtrinsic evidence may not be considered unless it is determined as a matter of law that the agreement is ambiguous"); *see also S. Rd. Assocs., LLC v. Int'l Bus. Machines Corp.*, 4 N.Y.3d 272, 278 (2005) ("extrinsic and parol [sic] evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous on its face"); *Greenfield v. Philles Records, Inc.*, 98 N.Y.2d 562, 569 (2002). Because the Court has ruled that the flood, occurrence, and ensuing loss language in the Policies is unambiguous, CAT modeling evidence is impermissible extrinsic evidence, which should not be admitted for use at trial.

    a.    **Calculation of Premiums Was Not Driven by CAT Modeling**

Generally, to the extent underwriters referred to RMS modeling at all, they placed limited, if any, reliance on the amount of premium suggested under the RMS model. Suriano Decl., Ex. A (Ash-Noble Tr.) at 124:15-21 (RMS "certainly is of no value whatsoever to an individual risk …");[7] Suriano Decl., Ex. B (Corlett Tr.) at 62:13-64:14 (underwriters may use CAT modeling as a "portion in consideration" of the premium but it is not required); *see also* Suriano Decl., Ex D, (Goodson Tr.) at 50:24-51:5 (testifying that the underwriter uses an in-

---

[7] *See also*, Suriano Decl., Ex. A (Ash-Noble Tr.) at 95:3-5 ("But I will add this, that the most useful information that we derive from RMS is on a portfolio, not on an individual risk.")

4

house model as one part of the evaluation of a risk but the output is reviewed manually and can be overridden).

There is no purpose in introducing any CAT modeling evidence at trial because: 1) the Order determined that all of Amtrak's storm surge losses fall within the Policies' unambiguous flood definitions, thereby rendering this evidence irrelevant; 2) calculation of premiums under the Policies was not driven by CAT modeling as these premiums were negotiated between Amtrak's brokers and the Insurers; and 3) CAT modeling was only one of the many factors upon which underwriters evaluated Amtrak's risk of loss. Accordingly, CAT modeling evidence is not probative of, and is irrelevant to the facts at issue and should be precluded under FRE 401 and 402.

## 2. CAT Modeling Evidence Should be Precluded under FRE 403

Federal Rule of Evidence 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Second Circuit has instructed that the "[d]istrict courts have broad discretion to balance probative value against possible prejudice" under Rule 403. *Allianz Risk Transfer AG v. Paramount Pictures Corp.*, 08-CV-10420 KBF, 2014 WL 5463359, at *1 (S.D.N.Y. Oct. 21, 2014) (citing *U.S. v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008)). The purpose of a motion *in limine* is to avoid the possibility that the mere offer of the evidence at trial will have a prejudicial impact on the jury. *Securitron Magnalock Corp. v. Schnalbolk*, No. 89 Civ. 6731 (AGS) (NRB), 1994 WL WL 320708, at *1 (S.D.N.Y July 1, 1994).

Even if the Court were to determine that CAT modeling evidence has any relevance whatsoever to Amtrak's claims, its probative value would be substantially outweighed by the

danger of unfair prejudice, confusion of the issues, misleading the jury, and undue delay. As noted by the underwriters who were asked about CAT modeling, the RMS model was of little value for anything other than a very high-level portfolio analysis, and it was not relied on to evaluate an individual insured. *See* Suriano Decl., Ex. A (Ash-Noble Tr.) at 53:18-54:3, 124:15-21; Ex. D (Goodson Tr.) at 99:17-100:11. Therefore, CAT modeling does not provide any probative value vis-à-vis Amtrak's claim or the interpretation of the Policies' flood provisions, and this evidence is irrelevant in light of the Court's Order in any event, which interpreted the Policies' flood provisions as a matter of law. .

Moreover, the introduction of any evidence pertaining to the use of CAT modeling would result in incurable prejudice to the Insurers. The jury would be incorrectly led to infer that the limitations of a third-party software program had a determinative impact on the premium or the policy wording. Underwriters testified at length that this was not the case, but rather that the premium was negotiated by Amtrak's broker and Insurers, the RMS modeling was not helpful in determining pricing, and the RMS model was not integral to analyzing the risk of loss for an individual insured.

## CONCLUSION

Accordingly, Insurers respectfully request that this Court grant their motion to preclude Amtrak from introducing at trial any documents or testimony pertaining to CAT computer modeling in view of the Order and because the evidence is irrelevant to Amtrak's Sandy claim, and unfairly prejudicial to Insurers.

Dated: New York, New York
      June 30, 2015

                            MOUND COTTON WOLLAN & GREENGRASS LLP

                            By:   /s/ Costantino P. Suriano

Costantino P. Suriano
(csuriano@moundcotton.com)

Bruce R. Kaliner
(bkaliner@moundcotton.com)

One New York Plaza
New York, New York 10004
Telephone: (212) 804-4200
*Attorneys for Defendants Commonwealth Insurance Company, Lexington Insurance Company, Maiden Specialty Insurance Company, Steadfast Insurance Company, and International Insurance Company of Hannover SE*


ROPES & GRAY LLP

By:   /s/ Catherine A. Mondell
Catherine A. Mondell
(catherine.mondell@ropesgray.com)
800 Boylston Street
Boston, MA  02199
Telephone: (617) 951-7000

Joseph G. Cleemann
(joseph.cleemann@ropesgray.com)
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000

*Attorneys for Defendants Partner Reinsurance Europe plc, Torus Specialty Insurance Company, Westport Insurance Corporation, and Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. GEP 2944, 507/N11NA08242, 507/N11NA08244, and 507/N11NA08244.*


BRUCKMANN & VICTORY, L.L.P.

By:   /s/ Arjang Victory
Arjang Victory (victory@bvlaw.net)
Timothy G. Church (church@bvlaw.net)
420 Lexington Avenue, Suite 1621
New York, NY 10170

7

Tel: (212) 850-8500
*Attorneys for Defendants Arch Specialty Insurance Company, Aspen Specialty Insurance Company, Federal Insurance Company, Certain Underwriters at Lloyd's of London and Certain London Market Insurance Companies subscribing to Policy Nos. 507/Nl1NA08240 and 507/N11NA08241, Maxum Indemnity Company, Navigators Insurance Company, and RSUI Indemnity Company.*

FINAZZO COSSOLINI O'LEARY MEOLA & HAGER, LLC

By: /s/ Christopher S. Finazzo
Christopher S. Finazzo
(christopher.finazzo@finazzolaw.com)
5 Penn Plaza, 23rd Floor
New York, NY 10001
Tel: (646) 378-2033
*Attorneys for Defendant Liberty Mutual Fire Insurance Company*

8